UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 2 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL WEST, )
"Homeless" )
P.O. Box 1935 )
St. Charles, MO 63302 )
No phone )
        Plaintiff, )
v. )  Civil Action No.
 )
ALPHONSO JACKSON, )  CASE NUMBER 1:05CV01441
Secretary of the United States Department )
Housing and Urban Development, )  JUDGE: Rosemary M. Collyer
451 7th Street S.W. )
Washington, DC 20410 )  DECK TYPE: FOIA/Privacy Act
(202) 708-1112 )
 )  DATE STAMP: 07/21/2005
        Defendant. )

## COMPLAINT

NOW COMES the plaintiff, Michael West, *pro se*, and as and for its complaint states:

1. This action is brought pursuant to the Freedom of Information Act, as amended, 5 USC § 552, referred to as "FOIA", to require public disclosure of all records specifically and previously requested, contained in the U.S. Department of Housing and Urban Development ("HUD") files.

2. This court has jurisdiction of this action pursuant to the Freedom of Information Act, as amended, 5 USC § 552(a)(4)(B); the Administrative Procedure Act, 5 USC §§ 701 *et seq.*; and the All Writs Act, 28 USC § 1651.

3. Plaintiff, Michael West, is a natural born U.S. Citizen and concerned private individual, with his principle residence within the St. Louis Metropolitan area located in the State of Missouri. And has repeatedly been subjected to "homelessness" for over one year, as a direct and proximate result of HUD's discriminatory practices under "programs and activities" against (1) persons with physical disabilities, or (2) the "homeless", or both, in violation of Executive

RECEIVED
MAY 27 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
JUN 30 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



Order 12892. See Also Complaint, Michael West v. Northeastern Community Action Corp, HUD No. 07-04-0872-8.

4. Defendant, HUD, is a federal administrative agency of the United States, created pursuant to the 42 USC § 3531 *et seq.*, with its principle offices located at 451 7th Street S.W., Washington, DC 20410. Defendant HUD and its agents constitute an "agency" within the meaning of FOIA, 5 USC § 552(e), and is conducting business within this federal judicial district. And, defendant, Alphonso Jackson, is the Secretary of that agency.

5. On or about March 8, 2005, plaintiff, and pursuant to the FOIA, 5 USC § 552(a), requested by letter that the defendants produce copies of all records and other documents:

> A. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in conducting its physical disability discrimination investigation and enforcement actions;
>
> B. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its application process and Due Process hearing procedure for Section 8 Housing actions;
>
> C. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its Due Process hearing and material evidence "discovery" procedure that provides aggrieved applicants with a reasonable opportunity to review HUD agency documents used in support of adverse agency actions related to the Section 8 Housing actions;
>
> D. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its

2

    application process and Due Process hearing procedure for Emergency Housing or Homeless actions;

    E. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD and its agents to follow in the performance of duty to maintain complete and accurate records of HUD actions; and

    F. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD and its agents to follow in the performance of duty to accurately represent or record complainants' history to prospective reviewing authorities.

A copy of this request is attached and marked as Exhibit A, and incorporated by reference.

6. By agency inaction, the defendants did not reply and denied plaintiff's request for information with respect to these enumerated materials above involving plaintiff in their possession. Additionally, no control number was assigned to this FOIA requests.

7. On or about April 16, 2005, plaintiff appealed this denial pursuant to applicable procedure, and requested that the denied documents be made available. A copy of this appeal is attached as Exhibit B, and incorporated by reference.

8. By agency inaction, the defendants did not reply and denied plaintiff's FOIA appeal and request for information with respect to these enumerated materials above involving plaintiff in their possession. Additionally, no control number was assigned to this FOIA appeal.

9. More than 20 working days have passed since defendant HUD's receipt of plaintiff's FOIA request, and defendant HUD has not notified plaintiff as to whether it will fully comply with plaintiff's request. Thus, under 5 USC § 552(a)(6)(A) and 5 USC § 552(a)(6)(C), plaintiff has exhausted all of its administrative remedies in attempting to obtain the materials requested under the FOIA.

10. On information and belief, all of the information sought by plaintiff is within the provisions of the FOIA, 5 USC § 552(a)(3), and is required to be disclosed by defendants.

11. Defendant's failure and refusal to furnish the requested information is arbitrary and capricious, and irreparably injures plaintiff by depriving him of public information to which he is entitled access.

WHEREFORE, for all of the foregoing reasons, plaintiff requests that this court:

1. Deem the information sought by plaintiff to constitute public information within the meaning of the Freedom of Information Act, as amended, 5 USC § 552(a)(4)(B);

2. Enjoin defendant from withholding the requested information from plaintiff;

3. Expedite the proceedings in this action as provided in 5 USC § 552(a)(4)(B);

4. Award plaintiff his costs and/or reasonable attorney fees in this action, in the amount of not less than $10,000.00 (ten thousand dollars) pursuant to 5 USC § 552(a)(4)(E);

5. Issue a written finding, pursuant to 5 USC § 552(a)(4)(F), that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrary or capriciously with respect to the withholding; and

6. Grant plaintiff such other and further relief as the court deems just and proper.

Respectfully submitted this 24th day of May 2005.

*[signature]*

Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302-1935

4

Michael West
PO Box 1935
St. Charles, MO 63302

March 8, 2005

Ms. Anita Robinson
Director, Enforcement Support Division
U.S. Department of Housing & Urban Development
Washington, D.C. 20410-2000

      Re: Freedom of Information Act Request

Dear Ms. Robinson:

Thank you for Turner Russells' letter of January 6, 2005. First, it appears to me that this office received my request for reconsideration, in which fairly demonstrates, in part, of HUD failure to follow federal statutes, regulations, or policies (e.g., 28 CFR Part 35).

Second, in anticipation of a Federal Tort Claim Act to be filed against HUD in this matter, I respectfully request that this office provide me with its pre-printed statutory form used in said matters.

Third, this instant correspondence serves as a written request under the Freedom of Information Act (5 U.S.C. 552) in which the following is requested:

1. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in conducting its physical disability discrimination investigation and enforcement actions;
2. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its application process *and* Due Process hearing procedure for Section 8 Housing actions;
3. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its Due Process hearing and material evidence "discovery" procedure that provides aggrieved applicants with a reasonable opportunity to review HUD agency documents used in support of adverse agency actions related to the Section 8 Housing actions;
4. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its application process *and* Due Process hearing procedure for Emergency Housing or Homeless actions;
5. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD and its agents to follow in the performance of duty to maintain complete and accurate records of HUD actions;

EXHIBIT A

> 6. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD and its agents to follow in the performance of duty to accurately represent or record complainants' history to prospective reviewing authorities;

I look forward to hearing from you soon.

Sincerely,

ORIGINAL SIGNED
Michael West

Michael West
PO Box 1935
St. Charles, MO 63302

April 16, 2005

FOIA Officer
U.S. Department of Housing & Urban Development
Washington, D.C. 20410-2000

    Re: Freedom of Information Act Appeal

Dear Ms. Robinson:

This is a Freedom of Information Act appeal. On March 5, 2005 a freedom of information act was filed with HUD's Ms. Anita Robinson. No control or reference number was issued for this request. To date, I have not received HUD's cooperation in this matter.

Here, the requested materials must be released. And a specific request is made for any fees to be waived as a matter of disclosure of how this agency operates or fails to supervise, train, or control HUD representative Nelva Owens of NECAC. See Complaint filed with Secretary Alphonso Jackson dated December. 2nd, 2004.

I look forward to receiving your responsive materials within the statutory 20 day period.

Sincerely,

*ORIGINAL SIGNED*
Michael West

EXHIBIT B