UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　　Case No. 05-1441 (RMC)
　　　　　　　　　　　　　　　　　)
ALPHONSO JACKSON, Secretary of the　)
Department of Housing &　　　　　　)
Urban Development ("HUD"),　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)

## PLAINTIFF'S MOTION TO DENY DEFENDANT'S
## MOTION FOR ENLARGEMENT OF TIME

COMES NOW Plaintiff Michael West, *pro se*, and moves the Court with plaintiff's motion

to deny defendant's motion for enlargement of time. In support, the following is provided.

1. The defendant has "silently" denied plaintiff's request made under FOIA, 5 USC 552 for

over five months.

2. By granting defendant's motion, it will further threaten and harm plaintiff in conjunction

with HUD's dilatory tactics and delay practices. See Complaint.

3. Such harm and prejudice unfairly imposed on the plaintiff by granting defendant's

motion will not only "add salt to an open wound" but will have the direct effect of subjecting this

plaintiff to further homelessness because of the necessary and overdue underlying procedural

guidance sought for and made under FOIA.

4. Notwithstanding, the U.S. Attorney's office surely is composed of more than one

attorney, other than "Kenneth L. Wainstein." In other words, assuming it is true that one

attorney will be out of the country, why cannot one of the other remaining enumerated attorneys

named on the defendant's motion prepare an answer for HUD? A brief review of said document

reveals that other licensed attorneys are part of this case, i.e., "R. Craig Lawrence, Stratton C. Strand, and Jane M. Lyons."

5.  In other words with respect to the immediately above, there reasonably appears to be other assistants that could prepare defendant's answer on or before September 2, 2005.

6.  The defendant's attorneys state it will prepare its response, which is "likely to be a dispositive motion." D's Motion at p. 2.

7.  In contrast to paragraph enumerated "6" immediately above, to date, the defendant has not provided any good reason for not responding to the FOIA request, the appeal, or complying with well-established federal law.  5 USC 552.

8.  As such, plaintiff raises the doctrine of collateral or agency estoppel in this cause of action.  During the mandatory administrative process and burden, the government was provided with a full and fair opportunity to comply with federal law, to raise its objections and defenses, and anything that may be relevant within the premises of the original FOIA requests and 5 USC 552.  Thus, this plaintiff firmly believes that the defendant "waived" and procedurally defaulted on any potential claims or defenses that may have been available before this instant case reached this Court.

9.  Remarkably, I further believe that the actual defendant Mr. Alphonso Jackson is a law school graduate from Washington University at St. Louis, Missouri.  As a result, he is presumed to know the law above all others that do not have legal training or law school education.

10. Upon cursory review of the defendant's motion the plaintiff could not locate any citations or substantiated authorities in support of motion for enlargement.  Therefore, defendant's proffered "dispositive" motion or answer is without merit and further appears to be based on nothing more thank self-serving speculation and innuendo.

2

11. With respect to paragraph enumerated "10" immediately above, here, the general language of the FOIA statute speaks plainly and transparently. 5 USC 552.

12. Upon review of the entire record in this case, the defendant's final agency action expired twenty days after non-action...and now the government is barred by procedural default from raising matters that were not fairly presented in the underlying administrative proceedings.

13. In comparison, the defendant remarkably attempts to fabricate false, misleading, or untrue claims by stating that the "plaintiff apparently cannot be contacted by telephone or by e-mail." D's Motion at p. 2.

14. With respect to paragraph enumerated "13" immediately, this plaintiff could not understand why the defendant would make this false or misleading material misrepresentation to this Court...until plaintiff reviewed the "stipulation by party" provision under Rule 6B of the Federal Rules of Civil Procedure ("F.R.C.P."). It appeared to plaintiff that the defendant was required to make a good faith attempt to obtain an extension by stipulation, first, and before summoning this court under this enumerated procedural rule.

15. Conversely, the plaintiff has a history of over one year communicating with the defendant and his representatives by theses conventional means of communication listed within the defendant's motion and by the defendant's attorneys.

16. Without credible reason provided by the defendant, no reasonable attempt was made by defendant for stipulation to extend time for filing answer. In light of this fact, the defendant's implicit claim to demonstrate the proffered impossibility to stipulation to enlargement is frivolous and without merit.

3

17. Upon review of the entire record, this is not a complex case, and an additional 30-day enlargement would not be necessary, as apparent in the original FOIA requests, and no exceptional circumstances justify the defendant's non-compliance with federal law.

18. As such, with respect to paragraph enumerated "17" above, this plaintiff believes it would be inequitable for this Court to grant defendant's motion in a case such as the instant case where the defendant breaks the law and then the same defendant ask the court for an exception to the rule to file its answer within statutory thirty days (or ask for something else in return).

19. Rule 6(b)(1), F.R.C.P., provides for periods of enlargement of time. In light of the specific facts presented above, an extension of time is not necessary and do not provide good cause compared to the continuing or continuous dilatory tactics or delay practices attributed solely to this defendant. Walls v. International Paper Co., 192 FRD 294 (2000 DC Kan). And now defendant's material misrepresentations.

20. For the defendant's material misrepresentation to this Court, it is requested that the Court take disciplinary action against the defendant; strike the defendant's answer; grant the plaintiff the relief sought in the complaint; and any other relief the court deems reasonable.

21. For these stated reasons and upon review of the entire record in this case, the Court should deny defendant's motion.

WHEREFORE, plaintiff requests that this Court deny defendant's motion for enlargement of time, costs incurred to prepare this motion, sanctions be taken against defendant, and any other relief fit in the premises.

Respectfully submitted this 23rd day of August 2005.

Michael West, *pro se*

4

P.O. Box 1935
St. Charles, MO 63302-1935

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing motion was placed in the U.S. mail, first class, postage prepaid, and mailed this 23rd day of August 2005 to:

Stratton C. Strand
Asst. U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530