UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-1441 (RMC) |
| | ) | |
| ALPHONSO JACKSON, Secretary of the | ) | |
| Department of Housing & | ) | |
| Urban Development ("HUD"), | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR WRITTEN
## FINDINGS OF FACTS AND CONCLUSIONS

COMES NOW Plaintiff Michael West, *pro se*, and moves this Court with a request for its

written findings of facts and conclusions pursuant to Rule 52, Fed. R. Civ. P. ("FRCP"). In

support thereof, the following is provided:

1. In May 2005, this Plaintiff filed the above-entitled and enumerated cause of action after

exhausting alleged administrative remedies in accordance with 5 U.S.C. 552.

2. The Defendant received summons on or about August 3, 2005.

3. Subsequently, on August 19th 2005, the Defendant filed defendant's motion for

enlargement of time to file responsive answer.

4. On August 23rd 2005, the Plaintiff timely filed plaintiff's motion to deny defendant's

motion for enlargement of time.

5. On August 22nd 2005, it appears that this Court entered its order granting the above stated

defendant's motion without due consideration or equal opportunity for consideration of

plaintiff's motion of Aug. 23rd above.

6. After careful review of the Court's order, the Order of August 22nd 2005 contains no ruling on the merits of the defendant's motion for enlargement of time nor does it make written findings and conclusions.

7. This same Order of Aug. 22nd above provides neither reasonable analysis nor any responsible rationale used as to how and why this Court granted said motion.

8. The Order of Aug. 22nd above was signed by the Honorable Rosemary M. Collyer, as presiding judge in this case, and filed with the clerk on the same date. The envelope bears the postmark of August 24th. The Plaintiff received the Order on August 27, 2005.

9. Plaintiff has taken extreme care to ensure that this instant motion be filed as soon as possible following receipt of the August 22nd 1005 Order, and this instant motion for findings of facts and conclusions of law was placed in the U.S. Mail via first class postage pre-paid for filing on August 27th 2005.

10. The Order of Aug. 22nd set the defendant's motion for enlargement of time and predetermined the outcome of defendant's motion without any proper consideration with respect to plaintiff's request to deny the defendant's motion. As a result, this is a violation of Plaintiff's rights to Due Process and Equal Protection of the Law as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

11. Additionally, Plaintiff believes by this Court's prejudicial omission or acts, that this Court's practice may violate Plaintiff's substantial right to adequate, effective, and meaningful Access to Courts as guaranteed by the First Amendment to the U.S. Constitution.

12. Due Process and Equal Protection requires that Plaintiff be permitted to present argument and evidence to support his Motion. Plaintiff shows this Court that the timing of these August 2005 events above deprived the Plaintiff a meaningful review and due consideration of plaintiff's

motion to deny defendant's motion for enlargement of time. Justice requires that both parties have an opportunity to submit argument and evidence in support of Motions.

13. As another result of the above, as it stands now, this Court leaves this Plaintiff clearly disadvantaged should an appeal follow and further denies this Plaintiff with a reasonable and equal opportunity as to how this Court operates so that he, and others similarly situated, can make future informed decisions.

14. Significantly, the Order of Aug. 22nd 2005 does not mention and remains silent as to the requested relief for sanctions to be taken against the Defendant for the reasons stated in Plaintiff's motion.

15. Notwithstanding, the requested Findings of Facts and Conclusions of Law will allow Plaintiff, and those similarly situated, to enjoy the primary function of Rule 52 findings by presenting a clear statement of the basis for the trial Court's judgment to an appellate court, to enable defeated party to determine appealability of case, and to spare appellate court necessity of searching record in order to supply findings of fact. Michener v United States, 177 F2d 422 (8th Cir. Minn. 1949).

WHEREFORE, Plaintiff respectfully requests and prays:

1.  that the Order of Aug.22nd 2005 be vacated, set aside, or rescinded;

2.  that the Honorable Rosemary M. Collyer review the Order of Aug. 22nd 2005 and issue written Findings of Facts and Conclusions of Law, pursuant to Rule 52, FRCP, addressing each of Plaintiff's prayers set forth within motion to deny defendant's motion for enlargement of time;

3.  that costs for preparation of this motion be taxed against Defendant; and

4.  that this Court grant Plaintiff with any other relief fit in the premises.

3

Respectfully submitted this _27th_ day of August 2005.

Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302-1935

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing motion was placed in the U.S. mail, first class, postage prepaid, and mailed this _27th_ day of August 2005 to:

Stratton C. Strand
Asst. U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530

4