UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALPHONSO JACKSON, Secretary of the )<br>Department of Housing & )<br>Urban Development ("HUD"), )<br>)<br>Defendant. ) | Case No. 05-1441 (RMC) |

## PLAINTIFF'S MOTION FOR LEAVE
## TO FILE AMENDED COMPLAINT

COMES NOW Plaintiff Michael West, *pro se*, and moves this Court to amend original complaint pursuant to Rule 15, F.R.C.P. (2005). Foman v. Davis, 371 U.S. 178, 181-82 (1962). Plaintiff amends complaint to his numbered paragraphs and states as follows:

Plaintiff has amended paragraph 6 of page 3 from the original complaint by omitting "By agency inaction" and amending it to read: "By means of official misconduct and by affirmative acts of defendant public officer's corrupt, depraved of unjustifiable practice and violation of assigned duties by malfeasance, misfeasance, or nonfeasance, ...."

Plaintiff has amended paragraph 8 of page 3 from the original complaint by omitting "By agency inaction" and amending it to read: "By means of official misconduct and by affirmative acts of defendant public officer's corrupt, depraved of unjustifiable practice and violation of assigned duties by malfeasance, misfeasance, or nonfeasance, ...."

Plaintiff has amended prayer for relief on page 4 from the original complaint to re-designate paragraph "6" to "7." Additionally, the new paragraph "6" should read "Enjoin

**defendant from raising any meritorious defenses and objections that were not properly raised in the administrative proceedings below under procedural default/estoppel."**

**Plaintiff amends nothing else.**

\*\*\*\*\*\*\*

1. This action is brought pursuant to the Freedom of Information Act, as amended, 5 USC § 552, referred to as "FOIA", to require public disclosure of all records specifically and previously requested, contained in the U.S. Department of Housing and Urban Development ("HUD") files.

2. This court has jurisdiction of this action pursuant to the Freedom of Information Act, as amended, 5 USC § 552(a)(4)(B); the Administrative Procedure Act, 5 USC §§ 701 *et seq.*; and the All Writs Act, 28 USC § 1651.

3. Plaintiff, Michael West, is a natural born U.S. Citizen and concerned private individual, with his principle residence within the St. Louis Metropolitan area located in the State of Missouri. And has repeatedly been subjected to "homelessness" for over one year, as a direct and proximate result of HUD's discriminatory practices under "programs and activities" against (1) persons with physical disabilities, or (2) the "homeless", or both, in violation of Executive Order 12892. See Also Complaint, Michael West v. Northeastern Community Action Corp, HUD No. 07-04-0872-8.

4. Defendant, HUD, is a federal administrative agency of the United States, created pursuant to the 42 USC § 3531 *et seq.*, with its principle offices located at 451 7th Street S.W., Washington, DC 20410. Defendant HUD and its agents constitute an "agency" within the meaning of FOIA, 5 USC § 552(e), and is conducting business within this federal judicial district. And, defendant, Alphonso Jackson, is the Secretary of that agency.

2

5. On or about March 8, 2005, plaintiff, and pursuant to the FOIA, 5 USC § 552(a), requested by letter that the defendants produce copies of all records and other documents:

A. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in conducting its physical disability discrimination investigation and enforcement actions;

B. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its application process and Due Process hearing procedure for Section 8 Housing actions;

C. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its Due Process hearing and material evidence "discovery" procedure that provides aggrieved applicants with a reasonable opportunity to review HUD agency documents used in support of adverse agency actions related to the Section 8 Housing actions;

D. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its application process *and* Due Process hearing procedure for Emergency Housing or Homeless actions;

E. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD and its agents to follow in the performance of duty to maintain complete and accurate records of HUD actions;

F. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD and its agents to follow in the performance of duty to accurately represent or record complainants' history to prospective reviewing authorities;

A copy of this request is attached and marked as Exhibit A, and incorporated by reference.

6. **By means of official misconduct and by affirmative acts of defendant public officer's corrupt, depraved, or unjustifiable practice and violation of assigned duties by malfeasance, misfeasance, or nonfeasance, the defendants did not reply and denied plaintiff's request for information with respect to these enumerated materials above involving plaintiff in their possession. Additionally, no control number was assigned to this FOIA requests.**

7. On or about April 16, 2005, plaintiff appealed this denial pursuant to applicable procedure, and requested that the denied documents be made available. A copy of this appeal is attached as Exhibit B, and incorporated by reference.

8. **By means of official misconduct and by affirmative acts of defendant public officer's corrupt, depraved, or unjustifiable practice and violation of assigned duties by malfeasance, misfeasance, or nonfeasance, the defendants did not reply and denied plaintiff's request for information with respect to these enumerated materials above involving plaintiff in their possession. Additionally, no control number was assigned to this FOIA appeal.**

9. More than 20 working days have passed since defendant HUD's receipt of plaintiff's FOIA request, and defendant HUD has not notified plaintiff as to whether it will fully comply with plaintiff's request. Thus, under 5 USC § 552(a)(6)(A) and 5 USC § 552(a)(6)(C), plaintiff has exhausted all of its administrative remedies in attempting to obtain the materials requested under the FOIA.

10. On information and belief, all of the information sought by plaintiff is within the provisions of the FOIA, 5 USC § 552(a)(3), and is required to be disclosed by defendants.

4

11. Defendant's failure and refusal to furnish the requested information is arbitrary and capricious, and irreparably injures plaintiff by depriving him of public information to which he is entitled access.

WHEREFORE, for all of the foregoing reasons, plaintiff requests that this court:

1. Deem the information sought by plaintiff to constitute public information within the meaning of the Freedom of Information Act, as amended, 5 USC § 552(a)(4)(B);

2. Enjoin defendant from withholding the requested information from plaintiff;

3. Expedite the proceedings in this action as provided in 5 USC § 552(a)(4)(B);

4. Award plaintiff his costs and/or reasonable attorney fess in this action, in the amount of not less than $10,000.00 (ten-thousand dollars) pursuant to 5 USC § 552(a)(4)(E);

5. Issue a written finding, pursuant to 5 USC § 552(a)(4)(F), that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrary or capriciously with respect to the withholding; and

6. **Enjoin defendant from raising any meritorious defenses and objections that were not properly raised in the administrative proceedings below under procedural default/estoppel.**

7. Grant plaintiff such other and further relief as the court deems just and proper.

Respectfully submitted this _____ day of September 28, 2005.

_____
Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302-1935

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing motion was placed in the U.S. mail, first class, postage prepaid, and mailed this ____ day of September 2005 to:

Stratton C. Strand
Asst. U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530

_____