UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,                           )
                                        )
          Plaintiff,                    )
                                        )
vs.                                     )   Case No. 05-1441 (RMC)
                                        )
ALPHONSO JACKSON, Secretary of the      )
Department of Housing &                 )
Urban Development ("HUD"),              )
                                        )
          Defendant.                    )

## PLAINTIFF'S MOTION FOR LEAVE
## TO FILE SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Michael West, *pro se*, and moves this Court to amend original complaint pursuant to Rule 15, F.R.C.P. (2005), and in light of new evidence that was not available at the time this instant FOIA action was filed. Foman v. Davis, 371 U.S. 178, 181-82 (1962). Plaintiff amends complaint to his numbered paragraphs and states as follows:

**Plaintiff has amended page 5 from the original complaint by including the following additional count, new documentary evidence, and separate continuing violations of FOIA:**

### COUNT TWO

12. On or about August 29, 2005, plaintiff, and pursuant to the FOIA, 5 USC § 552(a), requested by letter that the defendants produce copies of all records and other documents:

A. Provide any and all NECAC correspondence that stated that application was delayed because "I failed to include a copy of your Social Security Card."

B. Provide any and all NECAC correspondence that stated that application was delayed because "I failed to include ... proof of the local residency preferences."

C. Provide any and all NECAC correspondence that was directly responsive to applicant's "reasonable accommodations" requests of December 2004, etc.

D. Provide a true and complete copy of the "fraud" statute that you mention.

E. Provide any and all evidence that applicant knew that Julie Stephens was receiving Section 8 rental assistance.

F. Provide any and all evidence that applicant knew that applicant was not listed on Julie Stephens lease.

G. Provide any and all evidence that applicant knew that Julie Stephens had participated in Section 8 housing.

H. Provide any and all evidence that applicant knew that Julie Stephens had participated in Section 8 housing lease for two (2) years.

I. Provide any and all evidence that NECAC reasonable cooperated and provided the applicant with its evidence used in support of the adverse agency action taken against the applicant...in accordance with due process.

J. Additionally, upon careful review and comparison to "West First Reply to Additional Questions of Aug 2005: Fair Housing Complaint" and your reply correspondence of "Fair Housing Complaint," dated Aug. 29th 2005, you failed to provide or did not mentioned in your reply that:

K. "As part of due process, a written appeal was filed with Ms. Nelva Owens requesting any and all credible evidence in support of the adverse agency action taken against me. To

2

date, Ms. Owens has not reasonably responded to that appeal. Did Ms. Owens deny these two facts?"

A copy of this request is attached and marked as Exhibit C, and incorporated by reference.

13. On September 14, 2005, by means of official misconduct and by affirmative acts of defendant public officer's corrupt, depraved, or unjustifiable practice and violation of assigned duties by malfeasance, misfeasance, or nonfeasance, the defendants were not responsive to the FOIA request by sending a copy of a booklet entitled Fair Housing Act and denied plaintiff's request for information with respect to these enumerated materials above involving plaintiff in their possession. Additionally, a control number was assigned to this FOIA requests: 0434408.

14. On or about September 16, 2005, plaintiff appealed this denial pursuant to applicable procedure, and requested that the denied documents be made available. A copy of this appeal is attached as Exhibit D, and incorporated by reference.

15. On or about September 29, 2005, plaintiff received a response for the above referenced FOIA request, which stated that the Fair Housing Act prohibits releasing the requested information. For reasons stated below, this is outrageous government conduct. A copy of this letter is attached as Exhibit E, and incorporated by reference.

16. Exhibit E misses the mark, misstates, and misconstrues this instant continuing FOIA request.

17. Here, these requested FOIA materials were requested well-before any HUD investigation. Remarkably, these same requested materials were under the control, possession, or maintenance of HUD and its authorized representative, North East Community Action Corporation ("NECAC").

3

18. Subsequently, a verified complaint was filed against defendant's agent, NECAC, for its discriminatory "sandbagging" practice with respect to petitioner's request for these non-exempt materials. See paragraph 12(K) immediately above.

19. Significantly, the defendant was aware (or should have been aware) of these facts in paragraphs "16-18" immediately above...and now attempts to unfairly and untimely assert investigation materials exemption with respect to petitioner's past and ongoing FOIA requests. See Discrimination Complaint, Michael West vs. North East Community Action Corp.

20. For these reasons, the defendant may be enjoined, as a matter of public policy, procedural default, or equitably estoppel by defendant's corrupt practices and tacit approval of an unconstitutional and discriminatory practice that unfairly allows its representative agency NECAC to withhold requested FOIA materials and information that was not originally exempted from disclosure at the outset and well-before HUD's present investigation. See paragraph "5(C)" immediately above.

21. Upon information and belief, HUD's present investigation was initiated in July 2005. Email from HUD's Franklin R. Montgomery to West, dated July 15, 2005.

22. In comparison, petitioner West had repeatedly requested these responsive materials from HUD's named representative or agent above as far back as December 2004. See paragraph "12(C)" immediately above.

23. On information and belief, all of the information sought by plaintiff is within the provisions of the FOIA, 5 USC § 552(a)(3), and is required to be disclosed by defendants.

**24. Defendant's failure and refusal to furnish the requested information is arbitrary and capricious, and irreparably injures plaintiff by depriving him of public information to which he is entitled access.**

**Plaintiff has amended prayer for relief at paragraph enumerated "4" on page 11 to read and by adding the underlined averment:**

**4.  <u>For each count</u>, award plaintiff his costs and/or reasonable attorney fees in this action, in the amount of not less than $10,000.00 (ten-thousand dollars) pursuant to 5 USC § 552(a)(4)(E);**

**Plaintiff amends nothing else.**

*******

1. This action is brought pursuant to the Freedom of Information Act, as amended, 5 USC § 552, referred to as "FOIA", to require public disclosure of all records specifically and previously requested, contained in the U.S. Department of Housing and Urban Development ("HUD") files.

2. This court has jurisdiction of this action pursuant to the Freedom of Information Act, as amended, 5 USC § 552(a)(4)(B); the Administrative Procedure Act, 5 USC §§ 701 *et seq.*; and the All Writs Act, 28 USC § 1651.

3. Plaintiff, Michael West, is a natural born U.S. Citizen and concerned private individual, with his principle residence within the St. Louis Metropolitan area located in the State of Missouri. And has repeatedly been subjected to "homelessness" for over one year, as a direct and proximate result of HUD's discriminatory practices under "programs and activities" against (1) persons with physical disabilities, or (2) the "homeless", or both, in violation of Executive Order 12892. <u>See Also</u> Complaint, <u>Michael West v. Northeastern Community Action Corp</u>, HUD No. 07-04-0872-8.

4. Defendant, HUD, is a federal administrative agency of the United States, created pursuant to the 42 USC § 3531 *et seq.*, with its principle offices located at 451 7th Street S.W., Washington, DC 20410. Defendant HUD and its agents constitute an "agency" within the meaning of FOIA, 5 USC § 552(e), and is conducting business within this federal judicial district. And, defendant, Alphonso Jackson, is the Secretary of that agency.

5. On or about March 8, 2005, plaintiff, and pursuant to the FOIA, 5 USC § 552(a), requested by letter that the defendants produce copies of all records and other documents:

A. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in conducting its physical disability discrimination investigation and enforcement actions;

B. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its application process and Due Process hearing procedure for Section 8 Housing actions;

C. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its Due Process hearing and material evidence "discovery" procedure that provides aggrieved applicants with a reasonable opportunity to review HUD agency documents used in support of adverse agency actions related to the Section 8 Housing actions;

D. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD, and its agents, to follow in the performance of duty of conducting its application process *and* Due Process hearing procedure for Emergency Housing or Homeless actions;

E. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD and its agents to follow in the performance of duty to maintain complete and accurate records of HUD actions;

F. All federal statutes, regulations, or policies specifically prescribe the course of action for HUD and its agents to follow in the performance of duty to accurately represent or record complainants' history to prospective reviewing authorities;

A copy of this request is attached and marked as Exhibit A, and incorporated by reference.

6. By means of official misconduct and by affirmative acts of defendant public officer's corrupt, depraved, or unjustifiable practice and violation of assigned duties by malfeasance, misfeasance, or nonfeasance, the defendants did not reply and denied plaintiff's request for information with respect to these enumerated materials above involving plaintiff in their possession. Additionally, no control number was assigned to this FOIA requests.

7. On or about April 16, 2005, plaintiff appealed this denial pursuant to applicable procedure, and requested that the denied documents be made available. A copy of this appeal is attached as Exhibit B, and incorporated by reference.

8. By means of official misconduct and by affirmative acts of defendant public officer's corrupt, depraved, or unjustifiable practice and violation of assigned duties by malfeasance, misfeasance, or nonfeasance, the defendants did not reply and denied plaintiff's request for information with respect to these enumerated materials above involving plaintiff in their possession. Additionally, no control number was assigned to this FOIA appeal.

9. More than 20 working days have passed since defendant HUD's receipt of plaintiff's FOIA request, and defendant HUD has not notified plaintiff as to whether it will fully comply with plaintiff's request. Thus, under 5 USC § 552(a)(6)(A) and 5 USC § 552(a)(6)(C), plaintiff

7

has exhausted all of its administrative remedies in attempting to obtain the materials requested under the FOIA.

10. On information and belief, all of the information sought by plaintiff is within the provisions of the FOIA, 5 USC § 552(a)(3), and is required to be disclosed by defendants.

11. Defendant's failure and refusal to furnish the requested information is arbitrary and capricious, and irreparably injures plaintiff by depriving him of public information to which he is entitled access.

## COUNT TWO

12. On or about August 29, 2005, plaintiff, and pursuant to the FOIA, 5 USC § 552(a), requested by letter that the defendants produce copies of all records and other documents:

A. Provide any and all NECAC correspondence that stated that application was delayed because "I failed to include a copy of your Social Security Card."

B. Provide any and all NECAC correspondence that stated that application was delayed because "I failed to include ... proof of the local residency preferences."

C. Provide any and all NECAC correspondence that was directly responsive to applicant's "reasonable accommodations" requests of December 2004, etc.

D. Provide a true and complete copy of the "fraud" statute that you mention.

E. Provide any and all evidence that applicant knew that Julie Stephens was receiving Section 8 rental assistance.

F. Provide any and all evidence that applicant knew that applicant was not listed on Julie Stephens lease.

G. Provide any and all evidence that applicant knew that Julie Stephens had participated in Section 8 housing.

8

**H.** Provide any and all evidence that applicant knew that Julie Stephens had participated in Section 8 housing lease for two (2) years.

**I.** Provide any and all evidence that NECAC reasonable cooperated and provided the applicant with its evidence used in support of the adverse agency action taken against the applicant...in accordance with due process.

**J.** Additionally, upon careful review and comparison to "West First Reply to Additional Questions of Aug 2005: Fair Housing Complaint" and your reply correspondence of "Fair Housing Complaint," dated Aug. 29th 2005, you failed to provide or did not mentioned in your reply that:

**K.** "As part of due process, a written appeal was filed with Ms. Nelva Owens requesting any and all credible evidence in support of the adverse agency action taken against me. To date, Ms. Owens has not reasonably responded to that appeal. Did Ms. Owens deny these two facts?"

A copy of this request is attached and marked as Exhibit C, and incorporated by reference.

13. On September 14, 2005, by means of official misconduct and by affirmative acts of defendant public officer's corrupt, depraved, or unjustifiable practice and violation of assigned duties by malfeasance, misfeasance, or nonfeasance, the defendants were not responsive to the FOIA request by sending a copy of a booklet entitled Fair Housing Act and denied plaintiff's request for information with respect to these enumerated materials above involving plaintiff in their possession. Additionally, a control number was assigned to this FOIA requests: 0434408.

14. On or about September 16, 2005, plaintiff appealed this denial pursuant to applicable procedure, and requested that the denied documents be made available. A copy of this appeal is attached as Exhibit D, and incorporated by reference.

15. On or about September 29, 2005, plaintiff received a response for the above referenced FOIA request, which stated that the Fair Housing Act prohibits releasing the requested information. For reasons stated below, this is outrageous government conduct. A copy of this letter is attached as Exhibit E, and incorporated by reference.

16. Exhibit E misses the mark, misstates, and misconstrues this instant continuing FOIA request.

17. Here, these requested FOIA materials were requested well-before any HUD investigation. Remarkably, these same requested materials were under the control, possession, or maintenance of HUD and its authorized representative/agent, North East Community Action Corporation ("NECAC").

18. Subsequently, a verified complaint was filed against defendant's agent, NECAC, for its discriminatory "sandbagging" practice with respect to petitioner's request for these non-exempt materials. See paragraph 12(K) immediately above.

19. Significantly, the defendant was aware (or should have been aware) of these facts in paragraphs "16-18" immediately above...and now attempts to unfairly and untimely assert investigation materials exemption with respect to petitioner's past and ongoing FOIA requests. See Discrimination Complaint, Michael West vs. North East Community Action Corp.

20. For these reasons, the defendant may be enjoined, as a matter of public policy, procedural default, or equitably estoppel by defendant's corrupt practices and tacit

10

approval of an unconstitutional and discriminatory practice that unfairly allows its representative agency NECAC to withhold these same requested FOIA materials and information that was not originally exempted from disclosure at the outset and well-before HUD's present investigation. See paragraph "5(C)" immediately above.

21. Upon information and belief, HUD's present investigation was initiated in July 2005. Email from HUD's Franklin R. Montgomery to West, dated July 15, 2005.

22. In comparison, petitioner West had repeatedly requested these responsive materials from HUD's named representative or agent above as far back as December 2004. See paragraph "12(C)" immediately above.

23. On information and belief, all of the information sought by plaintiff is within the provisions of the FOIA, 5 USC § 552(a)(3), and is required to be disclosed by defendants.

24. Defendant's failure and refusal to furnish the requested information is arbitrary and capricious, and irreparably injures plaintiff by depriving him of public information to which he is entitled access.

WHEREFORE, for all of the foregoing reasons, plaintiff requests that this court:

1. Deem the information sought by plaintiff to constitute public information within the meaning of the Freedom of Information Act, as amended, 5 USC § 552(a)(4)(B);

2. Enjoin defendant from withholding the requested information from plaintiff;

3. Expedite the proceedings in this action as provided in 5 USC § 552(a)(4)(B);

4. For each count, award plaintiff his costs and/or reasonable attorney fess in this action, in the amount of not less than $10,000.00 (ten-thousand dollars) pursuant to 5 USC § 552(a)(4)(E);

5. Issue a written finding, pursuant to 5 USC § 552(a)(4)(F), that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrary or capriciously with respect to the withholding; and

6. Enjoin defendant from raising any meritorious defenses and objections that were not properly raised in the administrative proceedings below under procedural default/estoppel.

7. Grant plaintiff such other and further relief as the court deems just and proper.

Respectfully submitted this 5th day of October 2005.

_____
Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302-1935

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing motion was placed in the U.S. mail, first class, postage prepaid, and mailed this 5th day of October 2005 to:

Stratton C. Strand
Asst. U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530

_____