# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,                                    )
                                                 )
                              Plaintiff,          )
                                                 )
              v.                                  )          Civil No. 05-1441 (RMC)
                                                 )
ALPHONSO JACKSON, Secretary                      )
of the Department of Housing and Urban           )
Development,                                      )
                                                 )
                              Defendant.          )
_____)

## DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendant, Department of Housing and Urban Development ("HUD"), by and through

counsel, respectfully moves this Court to dismiss Plaintiff's complaint pursuant to Rule12 (b)(6)

of the Federal Rules of Civil Procedure, for failure to state a claim on which relief may be

granted.  In the alternative, Defendant moves for summary judgment in its favor pursuant to Rule

56 of the Federal Rules of Civil Procedure.  A memorandum in support of this Motion, a

Statement of Material Facts To Which There is No Genuine Issue, and a proposed order are

attached hereto.

Plaintiff should take notice that any factual assertions contained in the affidavits and other

attachments in support of Defendant's motion will be accepted as true by the Court unless

Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in

Defendant's submissions.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).  Indeed, Fed. R.

Civ. P. 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify to the matters stated therein.

Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

April 26, 2006                          Respectfully submitted,

                                        _____//s//_____
                                        KENNETH L. WAINSTEIN, D.C. Bar #451058
                                        United States Attorney


                                        _____//s//_____
                                        RUDOLPH CONTRERAS D.C. Bar No. 434122
                                        Assistant United States Attorney


                                        _____//s//_____
                                        ERIC J. JANSON
                                        Special Assistant United States Attorney
                                        555 4th Street, N.W.
                                        Washington, DC 20530
                                        (202) 514-9150 (telephone)
                                        (202) 514-8780 (facsimile)


Of Counsel:
Arnette L. Georges
Trial Attorney
U.S. Department of Housing and
Urban Development
451 7th Street, SW Room 10258
Washington, DC 20410

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-1441 (RMC) |
| | ) | |
| ALPHONSO JACKSON, Secretary | ) | |
| of the Department of Housing and Urban | ) | |
| Development, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## TO WHICH THERE IS NO GENUINE ISSUE

Defendant, Department of Housing and Urban Development ("HUD"), through counsel, hereby submits this Statement of Material Facts To Which There Is No Genuine Issue pursuant to Local Rule 7.1(h).

1.  Under HUD's published regulations, FOIA requests for agency records that are located in the HUD headquarters, are required to be made in person or by mail to the FOIA Division, Office of General Counsel, Washington, DC, or by using the FOIA electronic request form on HUD's Internet website at http://www.hud.gov/ogc/foiafree.html. 24 C.F.R. § 15.103(c).

2.  FOIA requests for agency records that are located in the HUD Field Office are required to be delivered or mailed to the FOIA Liason in the appropriate HUD Field Office.  24 C.F.R. § 15.103(b).

1

3.      Appeals of denials of requests for FOIA records are required to be submitted in writing to the address specified in HUD's notice responding to the initial FOIA request.   24 C.F.R. § 15.111(a).

4.      On or about March 8, 2005, Plaintiff reportedly mailed a "Freedom of Information Act Request" to Ms. Anita Robinson, Director, Enforcement Support Division, U.S. Housing & Urban Development, Washington, DC, requesting various "federal statutes, regulations and policies" regarding HUD's Section 8 rental assistance program.  Plaintiff's Second Amended Complaint, ¶ 5; Exhibit A.

5.      On or about April 16, 2006, Plaintiff reportedly mailed a "Freedom of Information Act Appeal" to FOIA Officer, U.S. Department of Housing & Urban Development, Washington, DC, after he did not receive a response to his March 8, 2005 request to Ms. Anita Robinson.  Plaintiff's Second Amended Complaint, ¶ 7, Exhibit B.

6.      A thorough search of HUD's FOIA request databases was performed by HUD's Office of the General Counsel (FOIA Division), Office of Information Services and Communications, Office of Procurement and Administrative Law Division (the office responsible for handling FOIA appeals for the Department), and Office of Enforcement/Office of Fair Housing and Equal Opportunity, located in Washington, DC, and revealed no record of having received Plaintiff's March 8, 2005 FOIA request or his April 16, 2005 FOIA appeal.  Salamido Decl. ¶¶ 6, 9, 14, 15; Williams Decl. ¶¶ 4, 8, 9; Ackerman Decl. ¶¶ 2, 3, 6, 7; King Decl. ¶¶ 5, 7, 10, 11.

7.      On July 12, 2005, Mr. Franklin Montgomery, Equal Opportunity Specialist, HUD, St. Louis Field Office, was assigned to investigate a complaint filed by Plaintiff alleging discrimination by the North East Community Action Corporation (NECAC) under HUD's Section 8 rental assistance program. Franklin Decl. ¶¶ 1, 7, Exhibit 1-3.

8.      On August 24, 2005, Mr. Montgomery sent Plaintiff an email requesting additional information related to his investigation of Plaintiff's discrimination complaint.  Franklin Decl. ¶ 12, Exhibit 4-6.

9.      On August 29, 2005, Plaintiff responded to Mr. Montgomery's email with his own set of questions regarding the investigation of his discrimination complaint. Franklin Decl. ¶ 15, Exhibit 6; Plaintiff's Second Amended Complaint ¶ 12, Exhibit C.

10.     Plaintiff's August 29, 2005 email to Mr. Montgomery did not indicate that he was requesting agency records or documents under FOIA and so Mr. Montgomery did not forward this email to HUD's FOIA office.  Franklin Decl. ¶¶ 15, 16, Exhibit 6; Plaintiff's Second Amended Compl, Exhibit C.

11.     On September 2, 2005, Mr. Montgomery responded to Plaintiff's August 29, 2005 email by providing him with additional information and requested that he respond to a new set of questions regarding his discrimination complaint by September 6, 2005.  Franklin Decl. ¶ 17, Exhibit 7.

12.     On September 2, 2005, Plaintiff responded to Mr. Montgomery's September 2, 2005 email and requested that Mr. Montgomery provide "the administrative

3

appeal procedure for such matters as relevant to the above.  This request is made

pursuant to the Freedom of Information Act, 5 USC 552."  Franklin Decl. ¶18.

13.    On September 12, 2005, Plaintiff sent Mr. Montgomery another email reminding

him that "federal law provides 20 calendar days for compliance with written FOIA

requests."  Franklin Decl. ¶ 19.

14.    Mr. Montgomery immediately forwarded Plaintiffs September 2nd and September

12th, 2005 emails to Ms. Fannie Woods, FOIA Liason, HUD, St. Louis Field

Office.  Id; Woods Decl. ¶ 7.

15.    On September 14, 2005, Ms. Woods responded to Plaintiff's September 12, 2005

email to Mr. Montgomery by sending Plaintiff a copy of the Federal Fair Housing

Act, which provides the "administrative appeals procedures" he requested.

Woods Decl. ¶ 8, Exhibit 2.

16.    On September 26, 2005, Ms. Woods received a letter from Plaintiff, dated

September 16, 2005, styled "Freedom of Information Act Appeal," which

indicated he was appealing Ms. Wood's response because she did not "provide

exactly relevant information as to where the requested materials are located within

the [Federal Fair Housing Act] brochure," she had sent him.  Woods Decl. ¶ 9;

Plaintiff's Second Amended Complaint, Exhibit D.

17.    Plaintiff also submitted for the first time to Ms. Woods, a copy of the his August

29, 2005 email to Mr. Montgomery. Plaintiff's Second Amended Complaint,

Exhibit E.

4

18.   Ms. Woods responded to Plaintiff, by letter dated September 29, 2005, informing
      him that she was not aware of his August 29, 2005 email to Mr. Montgomery
      requesting information regarding his discrimination complaint, but could not
      release the information requested because HUD was prohibited, under the Fair
      Housing Act, from releasing information collected during an ongoing
      investigation.  Woods Decl. ¶ 10; Plaintiff's Second Amended Complaint, Exhibit
      E.

19.   Ms. Woods advised Plaintiff that he could obtain a copy of the Determination and
      Final Investigative Report (FIR) once the investigation was completed.  Id.

20.   Ms. Woods also informed Plaintiff that he had a right to file an appeal, if he
      considered her response to be a denial of information under FOIA, and provided
      him with the procedural requirements for filing his appeal, including the address
      and telephone for HUD's General Counsel's Office in Washington, DC which
      was the office where his appeal should be mailed to.  Id.

21.   A thorough search of HUD's FOIA request databases was performed by HUD's
      Office of Procurement and Administrative Law Division within the Office of
      General Counsel, located in Washington, DC, and revealed no record of having
      received a FOIA appeal of Ms. Wood's September 29, 2005 determination
      regarding Plaintiff's FOIA request.  Ackerman Decl. ¶¶ 2, 3, 8.

5

April 26, 2006                          Respectfully submitted,

                                        _____//s//_____
                                        KENNETH L. WAINSTEIN, D.C. Bar #451058
                                        United States Attorney


                                        _____//s//_____
                                        RUDOLPH CONTRERAS D.C. Bar No.  434122
                                        Assistant United States Attorney


                                        _____//s//_____
                                        ERIC J. JANSON
                                        Special Assistant United States Attorney
                                        555 4th Street, N.W.
                                        Washington, DC 20530
                                        (202) 514-9150 (telephone)

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MICHAEL WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-1441 (RMC) |
| | ) | |
| ALPHONSO JACKSON, Secretary | ) | |
| of the Department of Housing and Urban | ) | |
| Development, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION**
**TO DISMISS OR FOR SUMMARY JUDGMENT**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to the alleged failure of the Department of Housing and Urban Development ("HUD") to process two FOIA requests dated March 8, 2005 and August 29, 2005. For the reasons set forth below, Plaintiff's complaint should be dismissed for failure to state a claim under F.R.C.P. 12(b)(6). Specifically, Defendant has no record of receiving Plaintiff's FOIA request dated March 8, 2005. Moreover, both of Plaintiff's FOIA requests were grossly deficient, did not seek agency records, and failed to comply with HUD's FOIA regulations. Plaintiff also failed to appeal the September 29, 2005 denial of his August 29, 2005 FOIA request. Accordingly, Plaintiff has failed to exhaust his administrative remedies with respect to both Count I and Count II and is precluded from seeking judicial review of either of these claims. Assuming *arguendo* that Plaintiff survives these numerous exhaustion problems, the agency records sought were properly withheld by the agency under Exemption 3 of FOIA.

1

**STATEMENT OF FACTS**

Defendant adopts as their statement of facts the Statement of Material Facts Not In Dispute, attached hereto.

**ARGUMENT**

**I.    STANDARD OF REVIEW**

A motion to dismiss pursuant to 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000); Hidalgo v. FBI, 344 F.3d 1256 (D.C. Cir. 2003) (granting motion to dismiss where Plaintiff failed to exhaust administrative remedies with respect to FOIA claim). The Court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir.1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Where no genuine dispute exists as to any material fact, a case should be decided on summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on

the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that

there is an absence of evidence to support the non-moving party's case." <u>Sweats Fashions, Inc.</u>

<u>v. Pannill Knitting Company, Inc.</u>, 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Thus, to avoid

summary judgment, the plaintiff must present some objective evidence that would enable the

court to find he is entitled to relief.  In <u>Celotex Corp. v. Catrett</u>, the Supreme Court held that, in

responding to a proper motion for summary judgment, the party who bears the burden of proof on

an issue at trial must "make a sufficient showing on an essential element of [his] case" to

establish a genuine dispute.  477 U.S. 317, 322-23 (1986).

In <u>Anderson</u>, the Supreme Court explained under what circumstances summary judgment

is appropriate:

> If the evidence is merely colorable, . . . or is not significantly
> probative, . . . summary judgment may be granted . . . [T]he mere
> existence of a scintilla of evidence in support of the plaintiff's
> position will be insufficient; there must be evidence on which the
> jury could reasonably find for the plaintiff.

<u>Anderson</u>, 477 U.S. at 252; <u>see</u> <u>also</u> <u>Laningham v. Navy</u>, 813 F.2d 1236, 1242 (D.C. Cir. 1987)

(the non-moving party is "required to provide evidence that would permit a reasonable jury to

find" in its favor).  In <u>Celotex</u>, the Supreme Court further instructed that the "[s]ummary

judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an

integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and

inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

3

The standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.  See  Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment"); Gonzalez v. ATF, 2005 WL 3201009 (D.D.C. 2005).  In a FOIA suit, an agency is entitled to summary judgement once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure.  Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

## II.     PLAINTIFF IS PRECLUDED FROM SEEKING JUDICIAL REVIEW OF HIS CLAIMS BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

The Freedom of Information Act requires the requester to exhaust administrative remedies before filing suit. Hidalgo, 344 F.3d at 1258; Summers v. Dept. of Justice, 140 F.3d 1077, 1080 (D.C.Cir.1998); Stebbins v. Nationwide Mutual Ins. Co., 757 F.2d 364, 366 (D.C.Cir.1985) ("[e]xhaustion of [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review"); Judicial Watch, Inc. v. United States Naval Observatory, 160 F.Supp.2d 111, 112 (D.D.C.2001) ("It is well settled that full and timely exhaustion of administrative remedies is a prerequisite to judicial review under FOIA."). Compliance with both FOIA and agency requirements is necessary before the agency can release the requested documents. 5 U.S.C. § 552(a)(3); 24 C.F.R § 15.103. Failure to comply with agency FOIA regulations amounts to a failure to exhaust administrative remedies, which warrants

dismissal.  See American Federation of Gov't. Employees v. Dept. of Commerce, 907 F.2d 203, 209 (D.C. Cir. 1990); Dale v. IRS, 238 F.Supp.2d 99 (D.D.C. 2002).  A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under FOIA, including:  (1) providing a request to the particular office identified in the agency's FOIA regulations, Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995); (2) providing the agency the required proof of identity, Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (3) reasonably describing the records sought, Gillin v. I.R.S., 980 F.2d 819, 822-23 (1st Cir. 1992); (4) complying with fee requirements, Trueblood v. United States Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996); and (5) administratively appealing a denial of records, Oglesby, 920 F.2d at 61.  See also 5 U.S.C. § 552(a)(3) (requests must be made "in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed . . . .").  Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal.  Oglesby v. U.S. Department of the Army, 920 F.2d 57 (D.C. Cir. 1990); Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003).

Defendant has no record of receiving Plaintiff's FOIA request from March 8, 2005 as set forth in Count I of his Second Amended Complaint.  Moreover, both of Plaintiff's alleged FOIA requests in Count I and Count II were grossly lacking in specificity, failed to comply with HUD's FOIA regulations, and did not seek agency records.  Plaintiff also failed to appeal the September 2005 denial of his FOIA request set forth in Count II.  Accordingly, Plaintiff has failed to exhaust his administrative remedies with respect to both Count I and Count II and is precluded from seeking judicial review of either of these claims.

5

### A.   <u>Plaintiff Failed to Make a Perfected FOIA Request in March 2005</u>

In the instant case, Plaintiff failed to make a perfected FOIA request in March 2005 since that request was never received by the Defendant, was not addressed to the appropriate FOIA office, and did not request agency records.  As noted above, the first step in exhausting administrative remedies under the FOIA is filing a perfected FOIA request —a request that complies with the agency's published rules.  See, <u>Dale</u>, 238 F.Supp.2d at 103.  Most notably, Plaintiff's March 8, 2005 unsigned FOIA request was addressed to Ms. Anita Robinson in HUD's Office of Enforcement in Washington, DC, and was not perfected since it was never received by that office.  Indeed, declarations submitted by HUD officials in the Office of Enforcement, as well as in appropriate FOIA office where Plaintiff's request <u>should</u> have been sent, establish that they performed a thorough search of their extensive electronic databases that are in place to track general correspondence and FOIA requests, but could not locate any record of receiving a FOIA request from Plaintiff, dated March 8, 2005.  Salamido Decl. ¶¶ 6, 9, 14, 15; Williams Decl. ¶¶ 4, 8, 9; Ackerman Decl. ¶¶ 2, 3, 6, 7; King Decl. ¶¶ 5, 7, 10, 11.  Likewise, there was no record of receiving Plaintiff's unsigned FOIA appeal, dated April 16, 2005.  <u>Id</u>.

Even assuming *arguendo* that Plaintiff's March 8, 2005 FOIA request was received, it fails to comply with HUD's published regulations.  Individuals who do not address and mail their FOIA requests to the appropriate office as detailed in an agency's published regulations, fail to make a proper request under FOIA and therefore fail to exhaust their administrative remedies.  <u>Kessler v. IRS</u>, 899 F. Supp. at 645.  Under HUD's published regulations, FOIA requests for agency records that are located in the HUD headquarters, are required to be made in person or by mail to the FOIA Division, Office of General Counsel, Washington, DC, or by using the FOIA

electronic request form on HUD's Internet website at http://www.hud.gov/ogc/foiafree.html. 24 C.F.R. § 15.103(c). FOIA requests for agency records that are located in the HUD Field Office are required to be delivered or mailed to the FOIA Liason in the appropriate HUD Field Office. 24 C.F.R. § 15.103(b). Despite these clear procedures for making a proper FOIA request, Plaintiff addressed his March 8, 2005 FOIA request to Ms. Anita Robinson, Director, Enforcement Support Division, U.S. Housing & Urban Development, Washington, DC. Plaintiff's Second Amended Complaint, ¶ 5, Exhibit A. Because Plaintiff failed to address and mail his March 8, 2005 request to the appropriate office, as set forth in HUD's published regulations, it is not a proper request under FOIA, and his claim is precluded from judicial review for failure to exhaust his administrative remedies.

Plaintiff's March 8, 2005 FOIA request is also deficient because he did not "reasonably describe" any "agency records" in his request. To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly; (2) withheld; (3) agency records. DOJ v. Tax Analysts, 492 U.S. 136, 142 (1989). However, an agency is not required to "answer questions disguised as a FOIA request." Hudgins v. IRS, 620 F.Supp. 19, 21 (D.D.C. 1985). Likewise, an agency need not provide copies of federal regulations or perform legal research in response to a FOIA request. Landmark Legal Foundation v. EPA, 272 F.Supp.2d 59 (D.D.C. 2003). The Plaintiff's March 8, 2005 FOIA request clearly indicates that he was requesting numerous "federal statutes, regulations and policies" regarding HUD Section 8 Housing. Plaintiff's Second Amended Complaint, ¶ 5; Exhibit A. Accordingly, Defendant had no obligation under FOIA to respond to this overly broad and deficient request.

**B.**    **Plaintiff Failed to Make a Perfected FOIA Request in August 2005**

Plaintiff failed to make a perfected FOIA request in August 2005 since it was not addressed to the appropriate FOIA office, lacked reasonable specificity, and did not seek agency records.  According to Plaintiff, on or about August 29, 2005, he made a FOIA request by e-mail to Franklin Montgomery asking for the following records:

1.  Provide any and all NECAC correspondence that stated that application was delayed because "I failed to include a copy of your Social Security Card."

2.  Provide any and all NECAC correspondence that stated that application was delayed because "I failed to include...proof of the local residency preferences."

3.  Provide any and all NECAC correspondence that was directly responsive to applicant's "reasonable accommodations" requests of December 2004, etc.

4.  Provide a true and complete copy of the "fraud" statute that you mention.

5.  Provide any and all evidence that applicant knew that Julie Stephens was receiving Section 8 rental assistance.

6.  Provide any and all evidence that applicant knew that applicant was not listed on Julie Stephens lease.

7.  Provide any and all evidence that applicant knew that Julie Stephens had participated in Section 8 housing.

8.  Provide any and all evidence that applicant knew that Julie Stephens has participated in Section 8 housing lease for two (2) years.

9.  Provide any and all evidence that NECAC reasonable cooperated and provided the applicant with its evidence used in support of the adverse agency action taken against the applicant...in accordance with due process.

10.  Additionally, upon careful review and comparison to "West First Reply to Additional Questions of Aug 2005: Fair Housing Complaint" and your reply correspondence of "Fair Housing Complaint," dated August. 29th 2005, you failed to provide or did not mentioned in your reply that: "As part of due process, a written appeal was filed with Ms. Nelva Owens requesting any and all credible evidence in support of the adverse agency action taken against me.  To date, Ms.

8

Owens has not reasonably responded to that appeal.  Did Ms Owens deny these two facts?"

Plaintiff's Second Amended Complaint ¶ 12 and Exhibit C.

Mr. Franklin Montgomery is a Equal Opportunity Specialist in HUD's St. Louis Field Office who was assigned to investigate a complaint filed by Plaintiff alleging discrimination by the North East Community Action Corporation (NECAC) under HUD's Section 8 rental assistance program. Franklin Decl. ¶¶ 1, Exhibit 1.  Therefore, on its face, Plaintiff's August 29, 2005 FOIA request was not sent to the appropriate office as required by HUD's published regulations and is ineligible for judicial review.

In addition, a FOIA requestor must "reasonably describe the [agency] records sought."  5 U.S.C. 552(a)(3)(A).  Consequently, courts have found that FOIA requests for "any and all" documents do not describe the records sought with "reasonably sufficient detail." See Dale, 238 F.Supp.2d at 104; Assassination Archives & Research Center v. CIA, 720 F.Supp. 217, 219 (D.D.C. 1989) (stating that "rationale for this rule is that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requestors.").   An agency is thus not required to "answer questions disguised as a FOIA request" or "conduct research in response to FOIA request."  Hudgins v. IRS, 620 F.Supp. at 21;  Landmark Legal Foundation, 272 F.Supp.2d at 64.  Plaintiff's August 29, 2005 email to Mr. Montgomery is clearly the type of request that is prohibited under FOIA since it does not reasonably describe any particular agency records. Rather, Plaintiff was attempting to misuse the FOIA process to pose his own interrogatories to the investigator in charge of his discrimination complaint.

9

**C.    Plaintiff Failed to Appeal the Denial of his August 29, 2005 FOIA Request.**

A FOIA requestor is deemed to have failed to exhaust his administrative remedies whenever the requestor fails to "administratively appeal a denial of records." Oglesby, 920 F.Supp. 64, 68 (D.C. Cir. 1990). Plaintiff alleges that on September 14, 2005, "the defendants were not responsive to [his] FOIA request by sending a copy of a booklet entitled Fair Housing Act and denied plaintiff's request for information," regarding his August 29, 2005 request to Mr. Montgomery. Plaintiff's Second Amended Complaint, ¶ 12 and 13. As a result, Plaintiff claimed that he appealed this denial of his August 29, 2005 FOIA request on September 16, 2006. Plaintiff's Second Amended Complaint, ¶ 14, Exhibit D. However, Plaintiff's recollection of the relevant facts is faulty.

Rather, the record reveals that Plaintiff's August 29, 2005 email request to Mr. Montgomery was never forwarded to the appropriate FOIA Office since Plaintiff did not indicate that it was a FOIA request. Montgomery Decl. ¶¶ 15, 16; Woods Decl. ¶ 9. In addition, Mr. Montgomery did not interpret it as such, in light of their ongoing exchange of questions, requests and responses regarding the investigation of Plaintiff's discrimination complaint. Id. The only information Mr. Montgomery interpreted as a FOIA request was a September 2, 2005 email from Plaintiff requesting "a true a complete copy of the administrative appeal procedure" which specifically cited to FOIA. Montgomery Decl. ¶ 17, Exhibit 7. This September 2, 2005 email was then sent to Fannie Woods, HUD's FOIA Liason in the St. Louis Field Office. Ms. Woods processed this request for "a complete copy of the administrative appeal procedure" by sending Plaintiff a copy of a Federal Housing Act brochure, which provides the administrative appeal

10

procedures he requested.  Woods Decl.  ¶ 8.   Therefore, Ms. Woods provided Plaintiff with the document requested.  Id.

However, on September 26, 2005, Ms. Woods received a letter from Plaintiff, dated September 16, 2005, along with a copy of his August 29, 2005 email to Mr. Montgomery. Woods Decl.  ¶ 8;  Plaintiff's Second Amended Complaint, Exhibit D.  This was the first time Ms. Woods had become aware of Plaintiff's August 29, 2005 email.  Woods Decl.  ¶ 9.  By letter dated, September 29, 2005, Ms. Woods responded to Plaintiff by explaining that she had not been aware of his August 29, 2005 email to Mr. Montgomery, and advised him that HUD was prohibited under the Fair Housing Act from releasing information collected during an ongoing investigation of discrimination.  Woods Decl.  ¶ 10.  Ms. Woods advised Plaintiff that he could request a copy of the Determination and Final Investigative Report (FIR) once the investigation was completed.  Id.  Ms. Woods also informed Plaintiff that he had a right to file an appeal, if he considered her response to be a denial of information under FOIA, and provided him with the procedural requirements for filing his appeal, including the address and telephone for HUD's General Counsel's Office in Washington, DC which was the office where his appeal should be mailed to.  Id.  Plaintiff admits that he received this September 29, 2005 letter from Ms. Woods. Plaintiff's Second Amended Complaint, ¶15, Exhibit D.

Despite the explicit instructions given to Plaintiff by Ms. Woods on how to appeal her denial of the information requested in his August 29, 2005 email to Mr. Montgomery, Plaintiff never submitted an appropriate appeal.  Indeed, a thorough search of HUD's FOIA request databases was performed by HUD's  Office of Procurement and Administrative Law Division within the Office of General Counsel, located in Washington, DC, and revealed no record of

11

having received a FOIA appeal of Ms. Wood's September 29, 2005 determination regarding

Plaintiff's FOIA request.  Ackerman Decl. ¶¶ 2, 3, 8.  Because Plaintiff failed to file an

administrative appeal of Ms. Woods September 29, 2005 determination, he failed to exhaust his

administrative remedies and is ineligible for judicial review of his claim.

## II.    THE AGENCY RECORDS SOUGHT BY PLAINTIFF IN COUNT II WERE PROPERLY WITHHELD UNDER EXEMPTION 3.

Even assuming *arguendo* that Plaintiff's August, 29, 2005 email to Mr. Montgomery can

be construed as a perfected FOIA request, the Defendant properly withheld the records because

the Fair Housing Act explicitly prohibits the release of information derived from an on-going

investigation of an alleged discriminatory housing practice.  Exemption (b)(3) of FOIA exempts

from mandatory disclosure matters that are:

> [s]pecifically exempted from disclosure by statute provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. . . .

5 U.S.C. §552 (b)(3).  The only issues presented in an exemption (b)(3) claim are the existence of

a qualifying disclosure-prohibiting statute, and the logical inclusion of the withheld information

within the scope and coverage of that statute.  Public Citizen Health Research Group v. FDA,

704 F.2d 1280, 1284 (D.C. Cir.  1983).  In the instant case, HUD's reliance on FOIA Exemption

(b)(3) comes from Section 810(d)(2) of The Fair Housing Act, as amended, 42 U.S.C. § 3610(d),

Prohibitions and Requirements With Respect to Disclosure of Information, which provides that:

> (1) Nothing said or done in the course of conciliation under this title may be made public or used as evidence in a subsequent proceeding under this title without the written consent of the persons concerned.

(2) Notwithstanding paragraph (1), the Secretary shall make available
to the aggrieved person and the respondent, at any time, upon request
following <u>completion</u> of the Secretary's investigation, information derived
from an investigation and any final investigative report relating to that
investigation. (emphasis added).

Here Section 810 (d)(2) of the Fair Housing Act specifically "establishes particular

criteria for withholding" and "refers to particular types of matters to be withheld" – that is, the

Secretary's investigation must be <u>complete</u> before information derived from it and the final

investigative report relating to that investigation may be disclosed.  Therefore, this is clearly a

qualifying disclosure-prohibiting statute under Exemption (b)(2) of FOIA.

Moreover, the information withheld was clearly within the scope of this disclosure-

prohibiting statute.  Plaintiff's August 29, 2005 email, which he has subsequently characterized

as a FOIA request, was made directly to the investigator of the discrimination complaint, Mr.

Montgomery, and was clearly seeking documents related to his investigation of Plaintiff's

discrimination complaint.  <u>Plaintiff's Second Amended Complaint</u>, Exhibit C; Montgomery

Decl. ¶¶ 7, 15. More importantly, Defendant's discrimination investigation was still on-going at

the time that this request was made.  <u>Id</u>; Woods Decl. ¶ 10.  Accordingly, Ms. Woods acted in

complete conformance with 42 U.S.C. § 3610(d), the relevant disclosure-prohibiting statute,

when she withheld the records requested by Plaintiff and advised him that he could receive a

copy of the Final Investigative Report (FIR) once the investigation was complete from the Office

of Fair Housing and Equal Opportunity.  <u>Plaintiff's Second Amended Complaint</u>, Exhibit E;

Woods Decl. ¶ 10.  Thus, even if Plaintiff's August, 29, 2005 email to Mr. Montgomery can be

construed as a perfected FOIA request, the Defendant properly invoked FOIA Exemption (b)(3)

in response to Plaintiff's request.[1]

## **CONCLUSION**

Based upon the foregoing reasons, Defendant respectfully requests that Plaintiff's

complaint be dismissed for failure to state a claim, or in the alternative, that Defendant be

granted summary judgment in its favor.

April 26, 2006

_____//s//_____
KENNETH L.  WAINSTEIN., D.C.  Bar #451058
United States Attorney

_____//s//_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____//s//_____
ERIC J. JANSON
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-9150

---

[1]  Because all responsible records are barred from release by a disclosure-prohibiting statute, none of the information they contain can properly be deemed "reasonably segregable" from exempt material.  See Goland v. CIA, 607 F.2d 339, 350 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980).

14

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2006, I caused a true and correct copy of the foregoing

Motion to Dismiss or Summary Judgment to be served via ECF and first-class mail on the

following:

        Michael West
        P.O. Box 1935
        St. Charles, MO 63302


        _____//s//_____
        ERIC J. JANSON
        Special Assistant U.S. Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 514-9150

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-1441 (RMC) |
| | ) | |
| ALPHONSO JACKSON, Secretary | ) | |
| of the Department of Housing and Urban | ) | |
| Development, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER

This case having come before this Court on Defendant's Motion to Dismiss or for

Summary Judgment, upon consideration of the entire record herein, it is hereby **ORDERED** that:

Defendant's Motion to Dismiss / Motion for Summary Judgment is **GRANTED.**

**SO ORDERED** this _____ day of _____, 2006.

_____
ROSEMARY M. COLLYER
United States District Court Judge