IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,                                    : Civil Action No. 05-1441
                                                      (RMC)
            Plaintiff                            :

                                                 :

                                                 :

ALPHONSO JACKSON, in his official capacity as
SECRETARY, UNITED STATES DEPARTMENT              :
OF HOUSING AND URBAN DEVELOPMENT,

                        Defendant.               :


DECLARATION OF FRANKLIN MONTGOMERY

I, Franklin Montgomery, hereby depose and declare:

1.  I am an Equal Opportunity Specialist in the Office of Fair Housing and Equal
    Opportunity, St. Louis Field Office, United States Department of Housing and Urban
    Development ("HUD").  I have held this position for over 5 years.

2.  In this capacity, I am primarily responsible for processing and investigating Title VIII
    complaints of alleged discrimination.

3.  The information provided in this declaration is based on my personal knowledge.

4.  In response to a request from HUD Trial Attorney Arnette Georges, I reviewed my
    files on Mr. Michael West.  That review revealed the following information relevant
    to this case.

5.  No record of a Freedom of Information Act (FOIA) request from Mr. Michael West,
    addressed to Ms. Anita Robinson, Director, Enforcement Support Division, U.S.

Department of Housing & Urban Development, Washington, D.C. 20410-2000, dated March 8, 2005, was found. *But see,* Plaintiffs' Exhibit A.

6. No record of a FOIA Appeal request from Mr. Michael West, addressed to FOIA Officer, U.S. Department of Housing & Urban Development, Washington, D.C. 20410-2000, April 16, 2005, was found. *But see,* Plaintiffs' Exhibit B.

7. On July 12, 2005, I was assigned a complaint filed by Michael West in which he alleges that he had been denied housing assistance by the North East Community Action Corporation ("NECAC"), under the Section 8 rental assistance program, based on his sex (male).

8. I subsequently, contacted Mr. West via e-mail on July 15,2005, because this was his preferred method of communication. Mr. West did not want to meet in-person for the purpose of discussing his complaint against NECAC.

9. Through this email, I introduced myself to Mr. West as the person who had been assigned to investigate his complaint of discrimination against the NECAC. I also advised Mr. West that I would be sending him a set of questions by July 20, 2005. Finally, I provided Mr. West with my email address and telephone number, should he have any questions. *See* Exhibit 1.

10. On July 21, 2005, I sent a second email message to Mr. West with a set of questions related to his complaint of discrimination against the NECAC attached. I advised Mr. West that his responses would assist me in processing his complaint and asked, therefore, that he provide his responses by August 1, 2005. *See* Exhibit 2.

11. Mr. West's responses to these questions are dated August 4, 2005. *See* Exhibit 3.

12. On August 24, 2005, I sent another email request to Mr. West for additional information related to his NECAC discrimination complaint. This time I asked Mr. West to provide his responses by August 29, 2005. *See* Exhibit 4.

13. On the same date, August 24, 2005, Mr. West responded by email indicating, for the most part, that he did not have sufficient information to respond to my questions and requesting that I provide him with additional information. *See* Exhibit 5.

14. By email dated August 29, 2005, I provided Mr. West with the information that he requested in his August 24, 2005 email message. *See* Exhibit 5.

15. On that same date, August 29, 2005, Mr. West responded to my email and stated that the requests contained therein were "to better assist [me] in this matter." Mr. West did not indicate that these requests were being made pursuant to the Freedom Of Information Act ("FOIA") and I did not interpret them as such, in light of our ongoing exchange of questions, requests, and responses. *See* Exhibit 6.

16. Consequently, I did not forward this email message to the FOIA office.

17. Instead, by email dated September 2, 2005, I responded to Mr. West's email message by providing him with additional information and requesting that he respond to a new set of questions by September 6, 2005. *See* Exhibit 7.

18. On the same date, September 2, 2005, Mr. West responded to my September 2nd email message. In his response, Mr. West stated that he:

> would be better [ ] to assist you if you cooperate in this matter by providing the information recently requested and directed to your personal attention. Until you comply with that reasonable request, I will be left without sufficient information to complete the answers to the questions you raised in prior correspondence.

In anticipation that you will deny me the opportunity to present specific facts and relevant evidence in this matter, I would like a true and complete copy of the administrative appeal procedure for such matters as relevant to the above. This request is made pursuant to the Freedom of Information Act, 5 USC 552. As such, I expect your written reply and requested materials within the statutory periods provided by federal law.

See Exhibit 7.

19.    By email dated September 12, 2005, Mr. West sent me a 'reminder' that "federal

law provides 20 calendar days for compliance with a written FOIA requests." I

immediately forwarded this email message along with Mr. West's September 2, 2005

email message to Ms. Fannie Woods, the FOIA Liaison in the St. Louis field office, for

her review and response. See Exhibit 8.

I declare under the penalty of perjury that the foregoing is true and correct.

4/18/06
Dated

Franklin Montgomery

4

# EXHIBIT

# 1

 **Franklin R. Montgomery**

07/15/2005 09:44 AM

To: js <harleyd_ok4u@yahoo.com>
cc:
Subject: Greetings

Hello, Mr. West.

My name is Frank Montgomery and I have been assigned to investigate the complaint of discrimination that you have filed against North East Community Action Agency. I'm in the process of preparing a set of questions for you to respond to in order for me to commence the investigation. I plan to e-mail you the set of questions by Wednesday, July 20, 2005.

If you have any questions for me, I can be reached at (314) 539-6346 or by e-mail @Franklin_r._Montgomery@hud.gov.

Thanks and have a great weekend.

EXHIBIT

2


**Franklin R.**
**Montgomery**
07/21/2005 11:39 AM

To: js <harleyd_ok4u@yahoo.com>
cc:
Subject: Interview Questions

Hello Mr. West.

Please find attached, a set of questions for you to respond to in connection with the complaint of discrimination you filed against the North East Community Action Corporation. The responses you provide to the attached questions will assistance me in processing your complaint. I would appreciated if you could return your responses to the attached questions to me by Monday, August 1, 2005.

If you should have any questions or concerns with meeting the requested deadline for information, please feel free to e-mail me at **Franklin_r._Montgomery@hud.gov** or you may call me directly at (314) 539-6346.

Thank you for your cooperation in this matter.



MichaelWestinterview.do

EXHIBIT

3

The following is a list of interview questions for Complainant, Michael West. These questions are being provided in connection with the complaint of disability discrimination filed against Respondents, North East Community Action Corporation (NECAC).

Q1. What is the correct spelling of your name?

A. Michael West

Q2. What is your current address?

A. P.o. Box 1535
St-Charles, Mo 63302-1935

Q3. What is your telephone number?

A. No phone

Q4. What is your e-mail address?

A. "harleyd-ok4u@yahoo.com

Q5. When did you initially make contact with the North East Community Corporation (NECAC)?

A. January 2004

Q6. What was the purpose for your initial contact with NECAC?

A. housing assistance

Q7.  When did you make application for the Section 8 Rental Assistance Program with
     NECAC?  (If you have a copy of your application, please provide me with a copy)

A.   January 2004. Necac has a copy of my
     application, I believe.

Q8.  Please explain your understanding of the application process and criteria for the
     Section 8 Rental Assistance Program?

A.   My understanding was that I would receiv
     prompt service and due process for Section 8
     Rental Assistance Program.

Q9.  Did you meet the requirements for the Section 8 Rental Assistance Program?

A.   Yes, I believe I met the requirements
     for the Section 8 Rental Assistance Program
     based on homelessness or physical disabilit
     or both

Q10. Where you ever notified by NECAC of the status of your application for assistance? If so, who notified you and what specifically did they tell you?

A. In March 2004, Ms. Melva Owens stated I was party to the fraud committed by Ms. Julie Stephens. To date, I am not aware that any full & fair investigation was ever conducted by Necac for this false, misleading untrue allegation

Q11. Have you received any correspondence from NECAC approving or denying your application for assistance? If so, please provide a copy of the correspondence.

A. Yes, same as above.

Q12. What is your disability(s)?

A. lower & chronic back pain, lost use of left arm & hand, Tinitus, difficultly breathing, chest pains, frequent foot & hand cramps, & hearing loss. as documented by medical authorities

Q13. Do you have medical documentation from SSI, Social Security Administration, doctor, or Social Worker, which confirms your disability? If so, please submit this documentation.

A. Yes, please find attached Vocational Rehabilitation documentation.

Q14. For what reasons do you believe your disability(s) is the reason for NECAC's reason for refusing to process your application for rental assistance?

A. I believe Necac's reason for refusing to properly & timely process my application for rental assistance was pretext for disability discrimination because Necac unfairly refused to provide any materials or support for its reason to disqualify me from the rental assistance program.

Q15. Do you have any other comments that you would like to make at this time?

A. I am _continually_ prejudiced by HUD's failure to provide an adequate, effective, & meaningful administrative procedure & inability to promtly conduct an agency enforcement action against Nicae & its representatives

I have read the above questions and answers consisting of __5__ pages, and swear that my answers are true to the best of my knowledge and belief.

_____
Signature

_____
Date    Aug 4 2005

EXHIBIT

4

OCT-19-2005 WED 08:37 AM HUDFAX NO. 3145396575          P. 10

Case 1:05-cv-01441-RMC     Document 17-6     Filed 04/26/2006     Page 16 of 30



**Franklin R. Montgomery**
08/24/2005 01:41 PM

To: js <harleyd_ok4u@yahoo.com>
cc:
Subject: Fair Housing Complaint

Hello Mr. West.

Please find attached, a set of questions for you to respond to in connection with the complaint of discrimination you filed against the North East Community Action Corporation. The responses you provide to the attached questions will assist me in processing your complaint. I would appreciated if you could return your responses to the attached questions to me by Monday, August 29, 2005.

If you should have any questions or concerns with meeting the requested deadline for information, please feel free to e-mail me at **Franklin_r._Montgomery@hud.gov** or you may call me directly at (314) 539-6346.

Thank you for your cooperation in this matter.



West2interview.doc

EXHIBIT

5



**Franklin R.**
**Montgomery**
08/29/2005 08:59 AM

To: js <harleyd_ok4u@yahoo.com>
cc:
Subject: Fair Housing Complaint

Hello Mr. West,

Please see attached, the missing information you requested, the letter NECAC indicated that you sent to them and the NECAC "Facts Sheet". Both documents were scanned and you can review them with an Adobe reader.

----- Forwarded by Franklin R. Montgomery/FHEO/STL/HUD on 08/29/2005 08:54 AM -----



**Franklin R.**
**Montgomery**
08/24/2005 01:41 PM

To: js <harleyd_ok4u@yahoo.com>
cc:
Subject: Fair Housing Complaint

Hello Mr. West,

Please find attached, a set of questions for you to respond to in connection with the complaint of discrimination you filed against the North East Community Action Corporation. The responses you provide to the attached questions will assist me in processing your complaint. I would appreciated if you could return your responses to the attached questions to me by Monday, August 29, 2005.

If you should have any questions or concerns with meeting the requested deadline for information, please feel free to e-mail me at **Franklin_r._Montgomery@hud.gov** or you may call me directly at (314) 539-6346.

Thank you for your cooperation in this matter.



West2interview.doc Westletter and NECACfactsheet.



j s
<harleyd_ok4u@yahoo
.com>

08/24/2005 09:06 PM

To: franklin_r._montgomery@hud.gov
cc:
Subject: West First Reply to Additional Questions of Aug 2005: Fair Housing
Complaint

Mr. Montgomery:

Thank you for your prepared questions that are attached to this email correspondence. Upon review of the list of additional questions, the following is provided for your review:

**As relevant to Q1 -**

I am without sufficient information to answer this question because I am unsure as to when you or NECAC alleged that I received a fact sheet. Please provide the "missing" information so that I can fairly answer this question.

**As relevant to Q2 -**

I am without sufficient information to answer this because I am unsure as to the "attached" letter that you are referring to. Please provide the "missing" information so that I can fairly answer this question.

**As relevant to Q3 -**

I am without sufficient information to answer this question because this is a "compound" question. Please revise accordingly.

**As relevant to Q4 -**

I am without sufficient information to answer this question because it is a "compound" question. Please revise accordingly.

**As relevant to Q5 -**

I am without sufficient information to answer this question because it is a "compound" question. Please revise accordingly.

**As relevant to Q6 -**

As part of due process, a written appeal was filed with Ms. Nelva Owens requesting any and

all credible evidence in support of the adverse agency action taken against me. To date, Ms. Owens has not reasonably responded to that appeal. Did Ms. Owens deny these two facts?

Additionally, are you or HUD suggesting that as an applicant that I do not have a due process right to review the evidence in support of the adverse agency action taken against me in this case?

**As relevant to Q7 -**

I am without sufficient information to answer this question because (1) it assumes a conclusion that was never fairly and fully investigated, (2) it is not based on any substantial and credible evidence, and (3) because this is a "compound" question. Please revise accordingly, so that I can fairly answer this question.

**As relevant to Q8 -**

I reserve the right to submit other questions untill after I receive your cooperation in this matter by you revising your proffered question and provide me with the requested "missing" information.

*************

Thank you for your assistance in this matter. In the event that you have any questions or comments, as always, feel free to contact me at your earliest convenience.

Respectfully submitted,


--Michael West


*franklin_r._montgomery@hud.gov* wrote:


Hello Mr. West.

Please find attached, a set of questions for you to respond to in connection with the complaint of discrimination you filed against the North East Community Action Corporation. The responses you provide to the attached questions will assist me in processing your complaint. I would appreciated if you could return your responses to the attached questions to me by Monday, August 29, 2005.

If you should have any questions or concerns with meeting the requested deadline for information, please feel free to e-mail me at **Franklin_r._Montgomery@hud.gov** or you may call me directly at (314) 539-6346.

Thank you for your cooperation in this matter.

*(See attached file: West2interview.doc)*

Start your day with Yahoo! - make it your home page

EXHIBIT

6

**YAHOO! MAIL**

**Date:** Mon, 29 Aug 2005 09:35:59 -0700 (PDT)

**From:** "j s" <harleyd_ok4u@yahoo.com>

**Subject:** West Second Reply to Additional Questions of Aug 2005: Fair Housing Complaint

**To:** "Franklin Montgomery" <franklin_r._montgomery@hud.gov>

Mr. Montgomery:

Thank you for your email correspondence and attachments of August 29th 2005. In order to better assist you in this matter, please provide the following (as relevant to the attached proffered questions enumerated one thru eight):

      1.     Provide any and all NECAC correspondence that stated that application was delayed because "I failed to include a copy of your Social Security Card."

      2.     Provide any and all NECAC correspondence that stated that application was delayed because "I failed to include … proof of the local residency preferences."

      3     Provide any and all NECAC correspondence that was directly responsive to applicant's "reasonable accommodations" requests of December 2004, etc.

      4.     Provide a true and complete copy of the "fraud" statute that you mention.

      5.     Provide any and all evidence that applicant knew that Julie Stephens was receiving Section 8 rental assistance.

      6.     Provide any and all evidence that applicant knew that applicant was not listed on Julie Stephens lease.

      7.     Provide any and all evidence that applicant knew that Julie Stephens had participated in Section 8 housing.

      8.     Provide any and all evidence that applicant knew that Julie Stephens had participated in Section 8 housing lease for two (2) years.

      9.     Provide any and all evidence that NECAC reasonable cooperated and provided the applicant with its evidence used in support of the adverse agency action taken against the applicant...in accordance with due process.

      10.     Additionally, upon careful review and comparison to "West First Reply to Additional Questions of Aug 2005: Fair Housing Complaint" and your reply correspondence of "Fair Housing Complaint," dated Aug. 29th 2005, you failed to provide or did not mentioned in your reply that:

      "As part of due process, a written appeal was filed with Ms. Nelva Owens requesting any and all credible evidence in support of the adverse agency action taken against me. To date, Ms. Owens has not reasonably responded to that appeal. Did Ms. Owens deny these two facts?"

      What is this agency's response and position to this specific question presented immediately above?

Thank you once again for your courtesies and consideration. I look forward to hearing from you soon.

With warm regards,

~Michael

OCT-18-2005 TUE 12:36 PM                    FAX NO.                      P. 18
Case 1:05-cv-01441-RMC    Document 17-6    Filed 04/26/2006    Page 24 of 30    Page 2 of 2
Yahoo! Mail - harleyd_ok4u@yahoo.com

Do You Yahoo!?
Tired of spam? Yahoo! Mail has the best spam protection around
http://mail.yahoo.com

EXHIBIT

7



js
<harleyd_ok4u@yahoo
.com>

09/02/2005 09:58 AM

To: franklin_r._montgomery@hud.gov
cc:
Subject: West's Second Freedom of Information Act Request - 5 USC 552

*Mr. West's*
*follow-up*
*to his*
*8/29/05*
*email.*

Mr. Franklin:

I would be better to assist you if you cooperate in this matter by providing the information recently requested and directed to your personal attention. Until you comply with that reasonable request, I will be left without sufficient information to complete the answers to the questions you raised in prior correspondence.

In anticiaption that you will deny me the opportunity to present specific facts and relevant evidence in this matter, I would like a true and complete copy of the administrative appeal procedure for such matters as relevant to the above. This request is made pursuant to the Freedom of Information Act, 5 USC 552. As such, I expect your written reply and requested materials within the statutory periods provided by federal law.

Have a Nice Day,

Michael West

*franklin_r._montgomery@hud.gov* wrote:

Hello, Mr. West.

*HUD's*
*Response*
*to*
*8/29/05*
*e-mail sent*
*on*
*9/2/05*

In response to your e-mail, I provide the following information:

Both Nelva Owens and NECAC deny that you requested an appeal of their decision to deny your application for Section 8 rental assistance. If you have documentation indicating that you made a request for an appeal please provide this information.

With regard to your general response to questions 1 thru 9 of my e-mail to you dated, August 29, 2005, I would appreciate it, if you would answer the questions. I provided you a copy of your application and a letter that NECAC indicates that you sent in requesting cash for a Social Security card. I need to know if you sent the letter or not?

Also, your application dated December 29, 2003, indicates that you resided with Julie Stephens for 2 years.

To assist me with investigating your complaint, I have attached a new set of questions for you to answer. I have tried to keep from making these questions compound ones.

*(See attached file: MichealWestinterview3.doc)*

I would appreciate it, if you would answer the attached questions by Tuesday, September 6, 2005.

Thank you for your cooperation in this matter.

P.S. Keep in mind Mr. West as the investigator handling this case it is my job as a neutral fact-finder to require both parties to produce documentation and/or witnesses to confirm their position. I hope in answering the above questions you will consider this fact.

<u>Start your day with Yahoo! - make it your home page</u>

EXHIBIT

8



**Fannie J. Woods**
09/12/2005 11:08 AM

To: Geraldine J. Jones/FPM/STL/HUD@HUD, Franklin R.
    Montgomery/FHEO/STL/HUD@HUD
cc: Eddie L. Wartts/FHEO/STL/HUD@HUD
Subject: Re: First Follow-up Re: West's Second Freedom of Information Act
    Request - 5 USC 552

Gerri - would you process this as a FOIA request, and send to FHEO for a response.

Frank - Mr. West refers to this as a "second" FOIA Request. Did the front office receive the first request
or was it ever forwarded to us?

Fannie.

Franklin R. Montgomery



**Franklin R.
Montgomery**
09/12/2005 10:21 AM

To: Fannie J. Woods/FPM/STL/HUD@HUD
cc: Eddie L. Wartts@hud.gov
Subject: First Follow-up Re: West's Second Freedom of Information Act Request
    - 5 USC 552

Fannie,

Please see below a FOIA request.

Let me know, should you require additional information from me.

Thanks.

----- Forwarded by Franklin R. Montgomery/FHEO/STL/HUD on 09/12/2005 10:18 AM -----



j s
<harleyd_ok4u@yahoo
.com>
09/12/2005 08:16 AM

To: Franklin Montgomery <franklin_r._montgomery@hud.gov>
cc:
Subject: First Follow-up Re: West's Second Freedom of Information Act Request
    - 5 USC 552

As a reminder, I believe federal law provides 20 calendar days for compliance with a written
FOIA requests.

Upon information and belief, to date ten (10) days have passed without any reasonable or
appropriate agency action taken in this matter.

*j s <harleyd_ok4u@yahoo.com>* wrote:
Mr. Franklin:

I would be better to assist you if you cooperate in this matter by providing the information
recently requested and directed to your personal attention. Until you comply with that
reasonable request, I will be left without sufficient information to complete the answers to the
questions you raised in prior correspondence.

In anticiaption that you will deny me the opportunity to present specific facts and relevant evidence in this matter, I would like a true and complete copy of the administrative appeal procedure for such matters as relevant to the above. This request is made pursuant to the Freedom of Information Act, 5 USC 552. As such, I expect your written reply and requested materials within the statutory periods provided by federal law.

Have a Nice Day,

Michael West

*franklin_r._montgomery@hud.gov* wrote:

Hello, Mr. West.

In response to your e-mail, I provide the following information:

Both Nelva Owens and NECAC deny that you requested an appeal of their decision to deny your application for Section 8 rental assistance. If you have documentation indicating that you made a request for an appeal please provide this information.

With regard to your general response to questions 1 thru 9 of my e-mail to you dated, August 29, 2005, I would appreciate it, if you would answer the questions. I provided you a copy of your application and a letter that NECAC indicates that you sent in requesting cash for a Social Security card. I need to know if you sent the letter or not?

Also, your application dated December 29, 2003, indicates that you resided with Julie Stephens for 2 years.

To assist me with investigating your complaint, I have attached a new set of questions for you to answer. I have tried to keep from making these questions compound ones.

*(See attached file: MichealWestinterview3.doc)*

I would appreciate it, if you would answer the attached questions by Tuesday, September 6, 2005.

Thank you for your cooperation in this matter.

P.S. Keep in mind Mr. West as the investigator handling this case it is my job as a neutral fact-finder to require both parties to produce documentation and/or witnesses to confirm their position. 1 hope in answering the above questions you will consider this fact.

Start your day with Yahoo! - make it your home page