IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, | : Civil Action No. 05-1441 (RMC) |
| Plaintiff | : |
| | : |
| | : |
| ALPHONSO JACKSON, in his official capacity as SECRETARY, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | : |
| Defendant. | : |

DECLARATION OF FANNIE J. WOODS

I, Fannie J. Woods, hereby depose and declare:

1. I am an Operation Specialist in the Office of Field Policy and Management, St. Louis Field Office, United States Department of Housing and Urban Development ("HUD"). I have held this position for 4 ½ years.

2. In this capacity, I serve as the Senior Advisor to the Field Office Director, with additional responsibilities as the Freedom of Information Act (FOIA) Liaison, Web Manager, and Public Affairs Liaison.

3. The information provided in this declaration is based on my personal knowledge.

4. In response to a request from HUD Trial Attorney Arnette Georges, I reviewed my files on Mr. Michael West. That review revealed the following information.

5. No record of a FOIA request from Mr. Michael West, addressed to Ms. Anita Robinson, Director, Enforcement Support Division, U.S. Department of Housing &

1

Urban Development, Washington, D.C. 20410-2000, dated March 8, 2005, was found. *But see,* Plaintiffs' Exhibit A.

6. No record of a FOIA Appeal request from Mr. Michael West, addressed to FOIA Officer, U.S. Department of Housing & Urban Development, Washington, D.C. 20410-2000, April 16, 2005, was found. *But see,* Plaintiffs' Exhibit B.

7. On September 12, 2005 I did, however, receive from Mr. Franklin Montgomery copies of the emails that Mr. West sent to him dated September 2, 2005 and September 12, 2005. Mr. West's September 2, 2005 email message requested, " a true and complete copy of the administrative appeal procedure for such matters as relevant to the above." Mr. West's September 12, 2005 email message did not request any documents. *See* Exhibit 1 (attached)

8. I responded to these email messages by letter dated September 14, 2005, and provided Mr. West with a copy of the Federal Fair Housing Act, which provides the administrative appeals procedures he requested. *See* Exhibit 2 (attached).

9. On September 26, 2005, I received Mr. West's September 16, 2005 letter, styled "Freedom of Information Act Appeal". In this letter, Mr. West indicates that he is appealing my response to his September 2nd and 12th email messages, which provided him with everything he requested, because the response did not specify exactly where the relevant information that Mr. West requested was located within the brochure. Attached to this letter was an email dated August 29, 2005 that Mr. West sent to Mr. Franklin Montgomery. This was the first time that I became aware of this August 29, 2005 email message. *See* Plantiffs' Exhibits C and D.

2

10. I responded to Mr. West's September 16, 2005 letter by letter dated September 29, 2005. This response explained that I was not aware of the August 29th email prior to receiving his September 16th letter; however, in response to the August 29th email request, I advised Mr. West that the Department is prohibited under the Fair Housing Act from releasing information collected during an investigation while the investigation is ongoing. I further advised Mr. West that upon completion of the investigation, the Office of Fair Housing and Equal Opportunity would send him a copy of the Determination and Final Investigative Report (FIR). However, if this information is not sufficient, I advised Mr. West that he could request a copy of the complete file. I also provided Mr. West with the address where he could make such request and informed him of his right to file an appeal within 30 days from the date of the letter, should he consider my response to be a denial of information. Finally, I informed Mr. West of the procedural requirements for an appeal and provided him with the address and telephone number for the office where the appeal should be mailed. *See* Plaintiffs' Exhibit E.

11. My September 29, 2005 letter did not, however, address Mr. West's allegation that my prior response to his September 2nd and 12th email messages was inadequate since I had already provided Mr. West with everything that he requested.

I declare under the penalty of perjury that the foregoing is true and correct.

4/13/06
Dated

Fannie J. Woods

# EXHIBIT 1



**js**
**&lt;harleyd_ok4u@yahoo.com&gt;**

09/02/2005 09:58 AM

To: franklin_r._montgomery@hud.gov
cc:
Subject: West's Second Freedom of Information Act Request - 5 USC 552

*[handwritten margin note: R. West's follow-up, his 29/05 mail.]*

Mr. Franklin:

I would be better to assist you if you cooperate in this matter by providing the information recently requested and directed to your personal attention. Until you comply with that reasonable request, I will be left without sufficient information to complete the answers to the questions you raised in prior correspondence.

In anticiaption that you will deny me the opportunity to present specific facts and relevant evidence in this matter, I would like a true and complete copy of the administrative appeal procedure for such matters as relevant to the above. This request is made pursuant to the Freedom of Information Act, 5 USC 552. As such, I expect your written reply and requested materials within the statutory periods provided by federal law.

Have a Nice Day,

Michael West

*franklin_r._montgomery@hud.gov* wrote:

Hello, Mr. West.

*[handwritten margin note: UD's Response to 8/29/05 E-mail sent on 9/2/05]*

In response to your e-mail, I provide the following information:

Both Nelva Owens and NECAC deny that you requested an appeal of their decision to deny your application for Section 8 rental assistance. If you have documentation indicating that you made a request for an appeal please provide this information.

With regard to your general response to questions 1 thru 9 of my e-mail to you dated, August 29, 2005, I would appreciate it, if you would answer the questions. I provided you a copy of your application and a letter that NECAC indicates that you sent in requesting cash for a Social Security card. I need to know if you sent the letter or not?

Also, your application dated December 29, 2003, indicates that you resided with Julie Stephens for 2 years.

To assist me with investigating your complaint, I have attached a new set of questions for you to answer. I have tried to keep from making these questions compound ones.

(See attached file: MichealWestinterview3.doc)

I would appreciate it, if you would answer the attached questions by Tuesday, September 6, 2005.

Thank you for your cooperation in this matter.

P.S. Keep in mind Mr. West as the investigator handling this case it is my job as a neutral fact-finder to require both parties to produce documentation and/or witnesses to confirm their position. I hope in answering the above questions you will consider this fact.

Start your day with Yahoo! - make it your home page



**Fannie J. Woods**
09/12/2005 11:08 AM

To: Geraldine J. Jones/FPM/STL/HUD@HUD, Franklin R. Montgomery/FHEO/STL/HUD@HUD
cc: Eddie L. Wartts/FHEO/STL/HUD@HUD
Subject: Re: First Follow-up Re: West's Second Freedom of Information Act Request - 5 USC 552

Gerri - would you process this as a FOIA request, and send to FHEO for a response.

Frank - Mr. West refers to this as a "second" FOIA Request. Did the front office receive the first request or was it ever forwarded to us?

Fannie.

Franklin R. Montgomery



**Franklin R. Montgomery**
09/12/2005 10:21 AM

To: Fannie J. Woods/FPM/STL/HUD@HUD
cc: Eddie L. Wartts@hud.gov
Subject: First Follow-up Re: West's Second Freedom of Information Act Request - 5 USC 552

Fannie,

Please see below a FOIA request.

Let me know, should you require additional information from me.

Thanks.

—- Forwarded by Franklin R. Montgomery/FHEO/STL/HUD on 09/12/2005 10:18 AM —-



**j s**
<harleyd_ok4u@yahoo.com>
09/12/2005 08:16 AM

To: Franklin Montgomery <franklin_r._montgomery@hud.gov>
cc:
Subject: First Follow-up Re: West's Second Freedom of Information Act Request - 5 USC 552

As a reminder, I believe federal law provides 20 calendar days for compliance with a written FOIA requests.

Upon information and belief, to date ten (10) days have passed without any reasonable or appropriate agency action taken in this matter.

*j s <harleyd_ok4u@yahoo.com> wrote:*
Mr. Franklin:

I would be better to assist you if you cooperate in this matter by providing the information recently requested and directed to your personal attention. Until you comply with that reasonable request, I will be left without sufficient information to complete the answers to the questions you raised in prior correspondence.

In anticiaption that you will deny me the opportunity to present specific facts and relevant evidence in this matter, <u>I would like a true and complete copy of the administrative appeal procedure for such matters as relevant to the above.</u> This request is made pursuant to the Freedom of Information Act, 5 USC 552. As such, I expect your written reply and requested materials within the statutory periods provided by federal law.

Have a Nice Day,

Michael West

*franklin_r._montgomery@hud.gov* wrote:

Hello, Mr. West.

In response to your e-mail, I provide the following information:

Both Nelva Owens and NECAC deny that you requested an appeal of their decision to deny your application for Section 8 rental assistance. If you have documentation indicating that you made a request for an appeal please provide this information.

With regard to your general response to questions 1 thru 9 of my e-mail to you dated, August 29, 2005, I would appreciate it, if you would answer the questions. I provided you a copy of your application and a letter that NECAC indicates that you sent in requesting cash for a Social Security card. I need to know if you sent the letter or not?

Also, your application dated December 29, 2003, indicates that you resided with Julie Stephens for 2 years.

To assist me with investigating your complaint, I have attached a new set of questions for you to answer. I have tried to keep from making these questions compound ones.

*(See attached file: MichealWestinterview3.doc)*

I would appreciate it, if you would answer the attached questions by Tuesday, September 6, 2005.

Thank you for your cooperation in this matter.

P.S. Keep in mind Mr. West as the investigator handling this case it is my job as a neutral fact-finder to require both parties to produce documentation and/or witnesses to confirm their position. I hope in answering the above questions you will consider this fact.

<u>Start your day with Yahoo! - make it your home page</u>

Yahoo! for Good
<u>Click here to donate</u> to the Hurricane Katrina relief effort.

# EXHIBIT 2



U.S. Department of Housing and Urban Development

St. Louis Field Office
Robert A. Young Federal Building
1222 Spruce Street - 3rd Floor
St. Louis, Missouri 63103-2836

September 14, 2005

Mr. Michael West
P.O. Box 1935
St. Charles, MO 63302-1935

Dear Mr. West:

Subject: Freedom of Information Request
FOIA Control No. 0434408

We are in receipt of your e-mails dated September 2nd and 12th of 2005, in which you requested information under the Freedom of Information Act regarding the complaint of housing discrimination you filed against the North East Community Action Corporation. Pursuant to your request, we have enclosed a copy of the Federal Fair Housing Act, as amended, which provides you with the administrative appeals procedures you requested.

If you have questions regarding this FOIA response, kindly contact Mrs. Fannie Woods, FOIA Liaison, HUD St. Louis Field Office at 314-539-6561.

Sincerely,

Fannie J. Woods
FOIA Liaison