IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALPHONSO JACKSON, Secretary for the )<br>U.S. Department of Housing & Urban )<br>Development, )<br>)<br>Defendant. ) | Case No. 1:05-cv-01441 (RMC) |

## RESPONSE TO DEFENDANT'S MOTION
## TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiff, Michael West, *pro se*, moves this court with response to defendant's motion to dismiss or for summary judgment under Rule 56(e), FED R. CIV. PRO. The Plaintiff's Declaration is attached and the documentary evidence relied upon has previously been filed with this court. As demonstrated below and in the attached declaration, this Court should deny defendant's motion.

The defendant alleges there is "no record" of Plaintiff's FOIA request 3/8/05; the FOIA requests "were grossly deficient, did not seek agency records, and failed to comply with HUD's FOIA regulation"; that the Plaintiff had "failed to appeal" the September FOIA request; that Plaintiff failed to "exhaust [] administrative remedies"; and invoked "Exemption 3 of FOIA." Memo in Support of D's Motion to Dismiss or For Summary Judgment, p.1.

Declarations of Ackerman, King, Salamido, Williams, and Woods were prepared and filed in the case at bar. Id. Collectively, they certify that they extensively followed controlling procedures and law applicable to handling FOIA requests and appeals. D's Statement of Material Facts to Which There is No Genuine Issue, pp.1-5.

RECEIVED

MAY 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Today, however, they attempt to divert the Court's attention from the strong evidence that they did not follow HUD's own directives. West's Decl., pp.1-7. Records maintained on an individual may, alternatively, be released under 5 USC § 552a. Memo in Support of D's Motion to Dismiss or For Summary Judgment, p. 8 ("As part of due process, a written appeal was filed with Ms. Nelva Owens [of NECAC] requesting any and all credible evidence in support of the adverse agency action taken against me [in January 2004].") Id.

Today, the defendant maintains his compliance of his very own directive, 24 CFR Part 15. D's Statement of Material Facts to Which There is No Genuine Issue, pp.1-5.

Defendant goes so far as to allege a complete absence of a "perfected FOIA request." D's Statement of Material Facts to Which There is No Genuine Issue, pp.6-9. 24 CFR § 15.103(d)(2), in relevant part, provides "[r]easonably describe the records you seek. Include information that you may know about the documents you are requesting;" Cf. 24 CFR § 15.106(b)(2) ("How will HUD respond to my request ... Advise you that HUD will not give you some or all of the records ... Explain why it has decided not to comply fully with your request, citing specific exemptions where applicable you requested." Today, the defendant says your FOIA requests, Mr. West -- were not perfect.

In 2005, these FOIA requests and appeals were filed with defendant. The time limitation periods had expired. 5 USC § 552(a)(6)(C). If agency fails to comply with statutory deadlines, requester is deemed to have exhausted his administrative remedies and may seek relief on expedited basis in federal courts. Shermco Indus. v Sec'y of United States Air Force, 452 F.Supp. 306 (TX N.D. 1978).

Today, defendant *now* seeks to assert Exemption 3 on the eve of trial. (Emphasis added). However, the defendant waived this defense by not raising it earlier. Plaintiff invokes collateral

or equitable estoppel and, alternatively, claims that this exemption is not available for the reasons stated in the attached declaration. West's Decl., p.7. First Am. Disc. Corp. v. Commodity Futures Trading Comm'n, 222 F.3d 1008, 1016 (D.C. Cir. 2000) ("Under the doctrine of equitable estoppel, 'a party with full knowledge of the facts, which accepts the benefits of a transaction, contract, statute, regulation, or order may not subsequently take an inconsistent position to avoid the corresponding obligations or effects.'" (quoting Kaneb Servs. v. FSLIC, 650 F.2d 78, 81 (5th Cir. 1981))).

In their documents, HUD officials did not propose, discuss, or memorialize in writing "Exemption 3" before this lawsuit was filed. 24 CFR § 15.106(b)(2), supra; Memo in Support of D's Motion to Dismiss or For Summary Judgment, p.12-14; Woods Decl.

In contrast with a similar exemption, to prevail under 5 USCS § 552(b)(7)(A) the government must show, by more than *conclusory* statement, how particular kinds of investigatory records requested would interfere with pending enforcement proceeding. Campbell v Department of Health & Human Servs., 682 F.2d 256 (DC App. 1982). Emphasis added. See Woods Decl., ¶ 10, p.3.

Moreover, there is no evidence produced by this defendant that demonstrated that Plaintiff requested anything as "derived from the fruits" of the HUD Montgomery investigation below. Cf. Memo in Support of D's Motion to Dismiss or For Summary Judgment, p. 13. The defendant acknowledged Plaintiff's prior request for this same information from NECAC ... and stopped at that. D's Statement of Material Facts to Which There is no Genuine Issue, ¶ 7, p.3.

A fair review of Section 810(d) does not necessary prohibit release of information to Petitioner as defendant claims. First, subsection (1) would not apply since the person concerned is this same Petitioner. Second, under subsection (2), the Fair Housing Act does not necessarily

prohibit the release of information derived from a pending investigation. See Campell, supra. This enumerated provision clearly expresses the time period as to when the release of information becomes mandatory for the Secretary. The legislative use of the term "shall" in subsection (2) indicates that this is a nondiscretionary, ministerial duty to release the final report and derived information to the parties, at any time, after the Secretary's investigation. Fair Housing Act, Section 810(d)(2).

Significantly, Plaintiff filed the underlying discrimination complaint against its agent, NECAC, under the provisions of 28 CFR Part 35, in which federal statute does not provide specific exemption from disclosure. Under Part 35 above, HUD is a designated agency. Id., at § 35.190.

Additionally, Montgomery's investigation did not begin until July 2005 ... one and one half years later. D's Exhibit 1, Doc. 17-6, p.6 of 30 ("My name is Frank Montgomery and I have been assigned to investigate the complaint of discrimination that you have filed against North East Community Action Agency.") D's Statement of Material Facts to Which There is no Genuine Issue, ¶ 7, p.3. During the year and a half period prior to the Montgomery investigation, surely these FOIA materials in Count 2 were not exempt under FOIA (b)(3). The fact that HUD's agent, NECAC, failed to release these materials was not attributed to any fault of the Plaintiff. Was it appropriate for the Plaintiff to assume that HUD and its agents would not stoop to improper litigation conduct to deny his prospects for gaining access to materials and information under the Freedom of Information Act?

Therefore, the defendant's reported Section 810(d)(2) and 5 USC § 552(b)(3) exemption is misplaced or not relevant.

4

In short, defendant now seeks to avoid one unavoidable conclusion: The defendant failed to follow his own controlling HUD regulation and 5 USC § 552. West Decl. 1-7. Understandably, defendant wants this Court to ignore this uncontroverted fact, as well as the volumes of their own records documenting their individual and collective failures. Defendant's attempt to divert the attention away from defendant's failure to take responsibility is both factually disingenuous and unsupported by law.

Here, a violation of governmental agency's own regulations can be basis for this Court's jurisdiction under 28 USCS § 1361 since the head of this government agency has duty to comply with regulations he has established. See McMahon v Califano, 476 F. Supp. 978 (DC Mass 1979).

Moreover, the additional uncontroverted *disputed* fact that this defendant failed to comply with his own controlling HUD FOIA regulation 24 CFR Part 15, supra, and 5 USC § 552 *et seq*, support summary judgment in favor of Plaintiff. (Emphasis added). West's Decl., pp.1-7.

For these and other reasons stated in the attached Plaintiff's declaration and proffered exhibits, defendant's motion to dismiss or for summary judgment should be denied.[1]

Respectfully submitted,

*/s/ Michael West*

Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

---

[1] Additionally, it is respectfully requested that this Court tax all fees and costs against defendant and in favor of Plaintiff under Rule 56(g). And for any other relief that may be deemed reasonable and proper in the premises.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 1:05-cv-01441 (RMC) |
| ALPHONSO JACKSON, Secretary for the U.S. Department of Housing & Urban Development, | ) |
|         Defendant. | ) |

## STATEMENT OF GENUINE ISSUES FILED IN OPPOSITION
## TO DEFENDANT'S STATEMENT

COMES NOW Plaintiff Michael West, *pro se*, and pursuant to Local Rule 7.1(h) files statement of genuine issues filed in opposition to defendant's statement. In support, the following is provided:

### A. DEFENDANT FAILED TO FOLLOW OWN RULES

1. Under HUD's published regulations, the defendant failed to process FOIA request and appeals in accordance with his own directives. West Decl., pp. 1-8.

2. Federal agencies are required to process all requests for documents as Freedom of Information Act requests, whether or not specifically designated as FOIA requests. 24 CFR § 15.103(d)(1).

3. When making a FOIA request, reasonably describe the records you seek. Include information that you may know about the documents you are requesting. 24 CFR § 15.103(d)(2).

4. HUD will respond within 20 working days after the correct office receives your request. If you have sent your request to the wrong office, *that office will send it to the correct office*

*within 10 working days* and will send you an acknowledgment letter. Emphasis added. 24 CFR § 15.104(a).

5. Upon receipt of FOIA request, HUD will either:

(1) Agree to give you all the records you requested;

(2) Advise you that HUD will not give you some or all of the records you requested. 24 CFR § 15.106(b)

6. HUD's Montgomery stated he received the September 2005 FOIA request and did not promptly forward it to the appropriate FOIA Officer. Montgomery Decl., pp.3-4.

7. HUD's Woods did not make an inquiry as to 28 CFR Part 35 jurisdiction of the disability discrimination complaint. Woods Decl. ¶ 10.

8. HUD's Woods attempts to foreclose West's FOIA requests by asserting Fair Housing Act and sending him a copy of this Act. Woods Decl. ¶ 10; West Decl. ¶ 43.

9. HUD's Woods received an FOIA Appeal because her materials were non-responsive to West FOIA request. Woods Decl. ¶ 9.

10. If you send your appeal to the wrong HUD office, that office will forward it to the correct office. That office will also notify you that it has so forwarded your appeal and advise you that, for processing purposes, the time of receipt will be when the appropriate office receives your appeal. 24 CFR § 15.111(a).

11. HUD's Woods and Montgomery attempt to separate the relevant August 2005 corresponding materials, which support the complete September 2005 FOIA requests. ¶¶ 18-21.

12. HUD's Woods further attempts to add an unlegislated appeal process after she received the original FOIA Appeal and failed to forward it to the appropriate office in compliance with 28 CFR § 15.111(a), supra. West Decl. ¶ 42; Woods Decl. ¶ 10.

2

13. Plaintiff fairly exhausted his administrative remedy. 5 USC § 552(a)(6)(C); West Decl. ¶¶ 36, 40-41; Resp to D's Motion to Dismiss, p.2.

**B. DEFENDANT FAILED TO PERFORM AN ADEQUATE SEARCH**

14. Plaintiff prepared and submitted FOIA request to Ms. Anita Robinson. West Decl. ¶ 23.

15. This separate 2005 FOIA request was actually directed to Mr. Turner Russell. West Decl. 25.

16. Mr. Russell received the FOIA materials. West Decl. ¶¶ 26-31.

17. If Washington D.C.'s Russell followed suit – by not following HUD's own procedures and regulations - with Woods and Montgomery above, there may have been neither an expectation nor reason for the FOIA materials to have necessarily passed through the HUD Offices of Ackerman, Salamido, Williams, or King. West Decl. ¶ 29; Ackerman Decl. ¶¶2,3,6,7; King Decl. ¶ 1; Salamido Decl. ¶¶6,9,14,15; Williams Decl. ¶¶4,8,9.

18. Mr. Russell maintains his employment as Director of Enforcement. West Decl. ¶ 24.

19. Defendant did not make a reasonable attempt to contact Mr. Russell. West Decl ¶ 29.

20. Similarly, there is no evidence that the defendant searched for a "tickler" – a duplicate file containing copies of documents. West Decl. ¶ 48.

21. Similarly, defendant did not make a reasonable attempt to contact Ms. Robinson. West Decl. ¶¶ 49-50.

**C. DEFENDANT FAILED TO RAISE EXEMPTION THREE BEFORE LAWSUIT**

22. The defendant has received both FOIA Request and Appeals. Supra; West Decl. ¶ 35.

23. The defendant failed to raise Exemption Three in the prior administrative proceedings.

3

24. Based on the foregoing genuine facts, it would be fundamentally unfair to reward the defendant with this exemption at this point. West Decl. ¶¶ 30-34, 42-44; Resp to D's Motion to Dismiss, pp.2-4

### D. DEFENDANT'S WITHHOLDING OF PERSONAL RECORDS OR STAFF MANUAL MATERIALS/REGULATIONS IS ARBITRARY & CAPRICIOUS

25. A review of the FOIA request pertains to request for personal information of Plaintiff/applicant and records materials derived from past adverse agency action of NECAC -- HUD's agent. See Amended Complaint, at Count Two; West Decl. ¶¶ 43-44; Resp. to D's Motion to Dismiss, pp.2-4; Memo in Support of D's Motion to Dismiss, p.8.

26. These materials above may be alternatively released under 5 USC 552a. Response to D's Motion to Dismiss, p.2.

27. A review of the FOIA request pertains to request for "fraud" statute information and materials. See Amended Complaint, at Count Two; West Decl. ¶ 21; Memo in Support of D's Motion to Dismiss, p.4.

28. As part of investigation process, HUD investigator Montgomery threatened Plaintiff with an unsubstantiated charge of fraud. When Plaintiff inquired as to the fraud statute relied upon, Montgomery refused to comment. Supra.

29. Section 810(d) of the Fair Housing Act does not necessarily preclude disclosure. Resp. to D's Motion to Dismiss, pp.3-4; Memo in Support of D's Motion to Dismiss, pp.12-13.

30. Additionally, 28 CFR Part 35 does not preclude disclosure. Supra.

31. A review of the FOIA request pertains to request for staff manuals, directives, regulations, and the like, and reasonably described in accordance with 24 CFR §§ 15.101,

15.103. Amended Complaint, Count One; West Decl. ¶ 38; Memo in Support of D's Motion to Dismiss, p.7.

32. The materials above may be reasonably released under 5 USC § 552(a)(1); 5 CFR § 294.106. West Decl. ¶ 38.

33. Landmark is distinguished. Landmark Legal Foundation v. EPA, 272 F.Supp.2d 59 (D.D.C. 2003). In Landmark, the plaintiff was seeking "identification of all rules or regulations for which public notice has not been given, but which public notice is planned by the EPA between September 7, 2000 and January 20, 2001, including but not limited to the rules or regulations referenced in the attached news article" and various types of documents relating to those rules and regulations. Id. at 61. After EPA only produced eleven records responsive to this request, Landmark then challenged the adequacy of search. Id. at 63. Landmark only provided parameters for a search instead of providing details for specific materials and information. Id. at 64. "Here, EPA conducted a thorough search, and in the case of many of its components, two searches." Id. at 64-65.

34. In short, conversely, the defendant in the instant case failed to conduct any search. Additionally, the defendant did not indicate any confusion as to what regulatory materials were being requested. 24 CFR § 15.106. Additionally, the defendant failed to sufficiently explain how the Plaintiff's FOIA request was "overly broad and deficient." 24 CFR § 15.106. Cf. Memo in Support of D's Motion to Dismiss, p.7.

35. Additionally, the Plaintiff's instant FOIA request meets the Dale requirements because defendant maintains, possesses, or has control of his own and his agent's (NECAC) Section 8 Housing record materials and information pertaining to this applicant. Dale v. IRS, 238 F.Supp.2d 99, 103-04 (D.D.C. 2002).

5

36.  For example, "[p]rovide any and all NECAC correspondence that was directly responsive to applicant's 'reasonable accommodations' requests of December 2004." Amended Complaint, Count Two; Memo in Support of D's Motion to Dismiss, p.8.

37.  In Dale, a FOIA request "will generally be satisfied if the requester gives the name, subject matter, location, and years at issue, of the requested records." Id. at 103-04.

38.  Defendant's argument is not persuasive.

*****

Dated this 18th day of May 2006.


_____
Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:05-cv-01441 (RMC) |
| ) | |
| ALPHONSO JACKSON, Secretary for the ) | |
| U.S. Department of Housing & Urban ) | |
| Development, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This case having come before this Court on Plaintiff's Motion for Judgment on the Pleadings, upon consideration of the entire record herein, it is hereby **ORDERED** that:

Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**.

**SO ORDERED** this _____ day of _____, 2006.


_____
ROSEMARY M. COLLYER
United States District Court Judge