## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-1441 (RMC) |
| | ) | |
| ALPHONSO JACKSON, Secretary | ) | |
| of the Department of Housing and Urban | ) | |
| Development, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

On April 26, 2006, Defendant, Department of Housing and Urban Development ("HUD"), by and through its undersigned attorneys and pursuant to Rule 12(b)(6) and 56 of the Federal Rules of Civil Procedure, moved to dismiss or in the alternative for summary judgment in its favor in this case. On May 22, 2006, Defendant received Plaintiff's Response to Defendant's Motion to Dismiss or for Summary Judgment ("Plaintiff's Opposition") via the Court's ECF electronic filing system. Defendant also received Plaintiff's separate Motion for Judgment on the Pleadings. Defendant hereby responds to Plaintiff's Opposition as well as his Motion for Judgment on the Pleadings.

### ARGUMENT

## I.    PLAINTIFF FAILED TO ADEQUATELY RESPOND TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

In response to Defendant's Statement of Material Facts, Plaintiff filed a "Statement of Genuine Issues Filed in Opposition to Defendant's Statement" which fails to comply with Local

Civil Rule 7(h).  <u>See</u>, Dkt. No. 19.  Local Civil Rule 7(h) requires the party opposing summary

judgment to submit a "separate concise statement of genuine issues setting forth all material facts

as to which it is contended there exists a genuine issue necessary to be litigated, which shall

include references to the parts of the record relied on to support the statement...In determining a

motion for summary judgment, the court may assume that facts identified by the moving party in

its statement of material facts are admitted, unless such a fact is controverted in the statement of

genuine issues filed in opposition to the motion."  Thus, this Circuit has held that "[i]f the party

opposing the motion fails to comply with the local rule, then 'the district court is under no

obligation to sift through the record' and should '[i]nstead...deem as admitted the moving party's

facts that are uncontroverted by the non-moving party's [LCvR 7(h)] statement.  <u>SEC v. Banner</u>

<u>Fund Int'l</u>, 211 F.3d 602, 616 (D.C. Cir 2000).

   Plaintiff's six-page "Statement of Genuine Issues" is replete with factual allegations not

material to Plaintiff's substantive claims, repeatedly blends factual assertions with legal

argument, and fails to adequately address Defendant's Statement of Material Facts.  This Court

has held that "legal conclusions 'cloaked' as facts are not sufficient to create a genuine issue of

material fact," and that the parties "are obligated, pursuant to [LCvR 7(h)], to identify the

material facts and point to evidence of record that supports their respective positions."  <u>U.S. v.</u>

<u>BCCI Holdings</u>, 977 F.Supp. 1, 6 (D.D.C 1997) (<i>citing</i> <u>Jackson v. Finnegan, Henderson,</u>

<u>Farabow, Garrett & Dunner</u>, 101 F.3d 145, 150-51 (D.C. Cir. 1996).  To treat Defendant's

"Statement of Genuine Issues" as his LCvR 7(h) statement would undermine the purposes of the

rule by improperly placing the burden on the court, rather than on the opposing party to "winnow

the wheat from the chaff."  <u>Bell, Boyd & Lloyd v. Tapy</u>, 896 F.2d 1101, 1103 (7th Cir. 1990).

Accordingly, the court should deem as admitted Defendant's Statement of Material Facts in its entirety, or in the alterative, to the extent that it can be deciphered, deem as admitted those facts that Plaintiff has not specifically controverted.

## II. PLAINTIFF'S MARCH 2005 REQUEST WAS NEVER RECEIVED BY DEFENDANT AND DID NOT SEEK AGENCY RECORDS.

As noted in Defendant's Motion to Dismiss or for Summary Judgment, Plaintiff failed to address and mail his March 8, 2005 request to the appropriate HUD office, as set forth in HUD's published regulations. Def. Mot. at 6-7. Plaintiff does not dispute this fact. Pl. St. of Genuine Issues ¶ 14-16. Defendant also performed a thorough search of HUD's FOIA request databases and revealed no record of having received Plaintiff's March 8, 2005 request. Def. St. Of Mat. Facts. ¶ 6. Plaintiff again does not dispute this fact, but argues that Defendant should have also contacted Ms. Anita Robinson, the person to whom this request was reportedly addressed. Pl. St. of Genuine Issues ¶ 21. However, Plaintiff overlooks the fact that a search was performed of Ms. Robinson's file on Plaintiff which failed to disclose any record of his March 8, 2005 request. King Decl. ¶ 10-11. More importantly, Plaintiff has not even produced a copy of the actual March 8, 2005 letter he reportedly sent to HUD. Instead, the only evidence Plaintiff has provided that this letter was actually sent to Defendant is an unsigned copy of a letter dated March 8, 2005, which included handwriting that indicates "original signed". Compl. at 6.

Plaintiff also fails to refute Defendant's argument, that even if this March 8, 2005 request had been received by Defendant, it did not seek any "agency records". See, DOJ v. Tax Analysts, 492 U.S. 136, 142 (1989). Plaintiff's March 8, 2005 FOIA request clearly indicates that he was seeking numerous "federal statutes, regulations, and policies" regarding HUD's

Section 8 housing program.  Pl. Amend. Compl. ¶ 5; Exhibit A.  Plaintiff was clearly not seeking

"agency records," but rather asking Defendant to perform legal research and provide publically

available documents to him, which is not required under FOIA. See, Landmark Legal Foundation

v. EPA, 272 F.Supp.2d 59 (D.D.C. 2003).  Indeed, Plaintiff even admits that "[t]he requested

administrative regulations, staff manual, and instructions within my FOIA requests are generally

available to the public."  Dkt. No. 20 --West Decl. ¶ 38.  Accordingly, Plaintiff has not sought,

nor has Defendant withheld, any "agency records" that would be responsive to this March 8,

2005 request.

III.    PLAINTIFF'S AUGUST 29, 2005 E-MAIL IN RESPONSE TO QUESTIONS
        POSED BY A HUD INVESTIGATOR WAS NOT A PROPER FOIA REQUEST.

        Plaintiff's August 29, 2005 email to Mr. Franklin Montgomery, a HUD Equal

Opportunity Specialist assigned to investigate Defendant's discriminatory housing complaint

against the North East Community Action Corporation ("NECAC") cannot reasonably be

construed as a perfected FOIA request.  In July 2005, Mr. Montgomery began investigating

Plaintiff's discriminatory housing complaint and advised Plaintiff that he would be sending him a

series of questions as part of this investigation.  Montgomery Decl.[1] ¶ 7-9, Exhibit 1-5.  After

receiving a second set of questions from Mr. Montgomery as part of this investigation, Plaintiff

e-mailed Mr. Montgomery on August 29, 2005 with his own set of "discovery requests" for Mr.

Montgomery to respond to.  Id. at Exhibit 6.  This inappropriate and overly broad request makes

no mention of FOIA, and was not construed by Mr. Montgomery as a FOIA request, in light of

---

[1]  Mr. Montgomery's Declaration was inadvertently cited to as Franklin in Defendant's
dispositive motion.

their on-going exchange of questions and responses regarding the housing investigation.

Montgomery Decl. ¶ 15, Exhibit 6.  Accordingly, Mr. Montgomery did not forward this request

to the FOIA office. Id. at ¶ 16.  Plaintiff does not refute these facts but claims that Mr.

Montgomery was under an obligation to forward these requests to the appropriate FOIA office.

Such logic is not only contrary to any reasonable interpretation of the exchange between Plaintiff

and Mr. Montgomery, but would completely negate the underlying purpose of agency FOIA

regulations regarding the procedures by which FOIA documents are to be requested and released.

See, 24 C.F.R. § 15.103.

**IV.     DEFENDANT PROVIDED PLAINTIFF WITH THE DOCUMENTS
          REQUESTED IN HIS SUBSEQUENT SEPTEMBER 2, 2005 E-MAIL TO MR.
          MONTGOMERY.**

As noted in Defendant's Statement of Material Facts, on September 2, 2005, Mr.

Montgomery received and responded to a subsequent e-mail from Plaintiff which pursuant

to FOIA requested that he provide Plaintiff with "the administrative appeal procedure" for

"denying [Plaintiff] the opportunity to present specific facts and relevant evidence," as part of

Mr. Montgomery's discriminatory housing investigation.  Montgomery Decl. ¶ 18, Exhibit 7.

This September 2, 2005 e-mail was then forwarded to Ms. Fannie Woods, in HUD's FOIA

Office on September 12, 2005.  Id. at ¶ 19; Woods Decl. ¶ 7.  Ms. Woods responded to Plaintiff's

September 2, 2005 request on September 14, 2005, by providing him a copy of the Federal Fair

Housing Act (FHA), which provided "the administrative appeal procedure" he requested.  Woods

Decl. ¶ 8, Exhibit 1.

Plaintiff does not dispute receiving this information, but claims that it was non-responsive

since Ms. Woods did not specifically inform him where in the Act the appeal procedure he

5

requested was located.  Amend. Compl., Exhibit D.  Plaintiff has failed to provide any legal

support for any such obligation under FOIA.  Therefore, by providing Plaintiff with a copy of the

FHA which contains the "administrative appeal procedure", he has been provided with all

responsive documents requested.

## V.    MS. WOODS PROPERLY PROCESSED PLAINTIFF'S AUGUST 29, 2005 REQUEST

Despite Plaintiff's allegation that Ms. Fannie Woods was adding an "unlegislated appeal

process", the record reflects that Ms. Woods properly processed Plaintiff's August 29, 2005

request as soon as she became aware of it and  provided him with the appropriate appeal rights

which he did not take advantage of.  As noted above, Ms. Woods sent Plaintiff a copy of the

Federal Fair Housing Act, which provided him with the "administrative appeals procedures" he

requested.  Woods Decl. ¶ 8, Exhibit 1. On September 26, 2005, Ms. Woods received a

"Freedom of Information Act Appeal" from Plaintiff because Ms. Woods did not "provide

exactly relevant information as to where the requested materials are located within the [Federal

Fair Housing Act] brochure," she had sent him.  Woods Decl. ¶ 9; Amend. Compl., Exhibit D[2].

Plaintiff also submitted for the first time to Ms. Woods, a copy of his August 29, 2005 e-mail to

Mr. Montgomery.  Id. at Exhibit E.  By letter dated, September 29, 2005, Ms. Woods

appropriately responded to this August 29, 2005 email as a separate FOIA request, denied the

records requested pursuant Exemption 3[3], and provided Plaintiff with his right to appeal this

---

[2]  It is noteworthy that Plaintiff's "Freedom of Information Act Appeal" does not make any mention of the August 29, 2005 e-mail to Mr. Montgomery.  Amend. Compl., Exhibit D.

[3]Plaintiff argues that Defendant is precluded from withholding documents pursuant to Exemption 3 because Ms. Woods did not specifically cite to it in her disclosure determination to Plaintiff.  Plaintiff's Opposition p.2-3.  However, Ms. Woods clearly indicates in her letter that

determination.  Woods Decl. ¶ 18-20; Amend. Compl. Exhibit E.  Defendant has no record of

having received a FOIA appeal of Ms. Woods' September 29, 2005 determination.  Ackerman

Decl. ¶ 2, 3, 8.  More importantly, Plaintiff did not refute this fact in his Statement of Issues.

Therefore, because Plaintiff failed to file an administrative appeal of Ms. Woods' determination,

he failed to exhaust his administrative remedies and is ineligible for judicial review of his claim.

## VI.    PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS IS INAPPROPRIATE AND SHOULD BE DENIED.

The standard applied to motions for judgment on the pleadings under Rule 12(c) of the

Federal Rules of Civil Procedure is essentially the same as that for motions to dismiss under Rule

12(b)(6) for failure to state a claim. See, Ramirez v. Dep't of Corrections, 222 F.3d 1238, 1240-

41 (10th Cir.2000); Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C.Cir.1987); Transworld

Products Co. v. Canteen Corp., 908 F.Supp. 1, 2 (D.D.C.1995). On either motion, the Court may

not rely on facts outside the pleadings and must construe the complaint in the light most

favorable to the non-moving party. See, Kowal v. MCI Communications Corp., 16 F.3d 1271,

1276 (D.C.Cir.1994).  Plaintiff clearly is relying on facts outside the pleadings in support of his

motion[4].  Pl. Mot. J. P. p.1 ("A declaration, statement of genuine issues filed in opposition to

defendant's statement, and response to defendant's motion to dismiss or for summary judgment

is attached.") Accordingly, Plaintiff's motion for judgment on the pleadings is procedurally

---

disclosure of the requested documents was prohibited by the FHA, a federal statute.
Accordingly, Ms. Woods was clearly invoking Exemption 3 under FOIA and Plaintiff has not
provided any legal authority to suggest that she was under an obligation to do more than this.

[4] Plaintiff's Motion for Judgment on the Pleadings also fails to include a Statement of
Points and Authorities in accordance with LcvR 7(a), which failure is an independent basis for
denial of the motion.

improper.  Furthermore, the motion lacks substantive merit for the reasons set forth above and in

Defendant's motion to dismiss or for summary judgment.  Therefore, Plaintiff's motion for

judgment on the pleadings should be denied.

## CONCLUSION

Based upon the foregoing reasons, Defendant respectfully requests that Plaintiff's motion

for judgment on the pleadings should be denied and that Plaintiff's complaint be dismissed for

failure to state a claim, or in the alternative, that Defendant be granted summary judgment in its

favor.


_____/s/_____
KENNETH L.  WAINSTEIN., D.C.  Bar #451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s/_____
ERIC J. JANSON
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-9150

8

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST,                ) | |
|                         ) | |
|        Plaintiff,      ) | |
|                         ) | |
|         v.             ) | Civil No. 05-1441 (RMC) |
|                         ) | |
| ALPHONSO JACKSON, Secretary    ) | |
| of the Department of Housing and Urban    ) | |
| Development,               ) | |
|                         ) | |
|        Defendant.     ) | |

## ORDER

This case having come before this Court on Defendant's Motion to Dismiss or for

Summary Judgment, upon consideration of the entire record herein, it is hereby **ORDERED** that:

Defendant's Motion to Dismiss / Motion for Summary Judgment is **GRANTED.**

Plaintiff's Motion for Judgment on the Pleadings is **DENIED.**

**SO ORDERED** this _____ day of _____, 2006.

_____
ROSEMARY M. COLLYER
United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2006, I caused a true and correct copy of the foregoing

Reply to Plaintiff's Response to Defendant's Motion to Dismiss or for Summary Judgmentto be

served via ECF and first-class mail on the following:

        Michael West
        P.O. Box 1935
        St. Charles, MO 63302


                    _____/s/_____
                    ERIC J. JANSON
                    Special Assistant U.S.  Attorney
                    555 Fourth Street, N.W.
                    Washington, D.C.  20530
                    (202) 514-9150