# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALPHONSO JACKSON, Secretary for the )<br>U.S. Department of Housing & Urban )<br>Development, )<br>)<br>Defendant. ) | Case No. 1:05-cv-01441 (RMC) |

### PLAINTIFF'S AFFIDAVIT
### AND MOTION FOR SANCTIONS FOR INTENTIONAL MATERIAL MISREPRESENTATIONS TO OBTAIN ENLARGEMENT OF TIME TO SUBMIT REPLY, REFUSAL TO COMPLY WITH COURT ORDER

COMES NOW Plaintiff Michael West, *pro se*, and moves this Court for sanctions against Defendant, and in support states:

1. I am the Plaintiff in this case.

2. In accordance with Court's Order, Defendant's reply to response in opposition is neither necessary or required by said Order. Doc. 18.

3. With respect to paragraph three above, however, Defendant's reply was due on May 31, 2006.

4. Instead of filing a response by deadline, the Defendant filed motion for an enlargement of time to submit reply (an extension) based on activities of a separate unrelated case "from May 30, 2006 to June 12, 2006." Doc. 21.

5. Upon information and belief, the Defendant was advised of the conditions of filing false, misleading, or untrue materials with the Court and the possibility of sanctions prior to this time.

6. Here, Defendant Jackson graduated from Washington University Law School.

7. As part of law school experience, West believes that Defendant received training and/or education for professional responsibility.

8. As part of professional responsibility, Defendant knew that it is professional misconduct to file false, misleading, or untrue statements with this Court, in which may be fairly referred to as "fraud on the court."

**RECEIVED**

JUN 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*****

9. First, judicial notice should be taken to the fact that Defendant filed notice of substitution of counsel was filed before the requests for an extension. Doc. 16.

10. Second, the timing of filing extension demonstrates that the Defendant did not even attempt to comply with the Court's Order. The purported reply was due on May 31, 2006 and depositions scheduled to begin on May 30, 2006.

11. Third, the Defendant willfully misrepresented to this Court that "Counsel for Defendant was unable to contact Plaintiff regarding this extension pursuant to LCvR 7(m) because Plaintiff has not provided any means to contact him." Doc. 21, pp.1-2.

12. Fourth, upon information and belief, the Defendant covertly attempted to divert West's attention by dispatching an email to his attention. E-mail from Janson to West, dated June 1, 2006. A true and complete copy is attached and marked as West's Exhibit A.

13. Upon receipt of E-mail above, West immediately checked this Court's docket to see if Defendant filed any additional documents or papers with this Court.

14. Remarkably, West discovered that the instant motion for an extension was simultaneously filed with this Court.

15. The use of term "remarkable" above is used because the Defendant did not mail a copy of this motion to West nor did Defendant make a reasonable attempt to contact West *via* U.S. Mail.

16. The use of the term "simultaneously" above is used because of the close proximity of time when both the extension was filed with this Court and the date that substitute counsel Janson had dispatched his personal E-mail to West.

17. Fifth, as apparent from the Defendant's motion, there is no certificate of service. Doc. 21. Cf. West Dec. ¶ 33 ("The acts ... of defendant above are consistent with the fact that I was never provided with a copy of any of the materials that the Defendant filed in this case....") Id.

18. The Court failed to take judicial notice of this fact, apparently…and appears to be engaged with Defendant's unconstitutional, prejudicial dilatory tactics or delay practices.

19. Sixth, clearly the Defendant did have a means to contact West but chose to file false, misleading, or untrue statements with this Court in order to obtain favorable treatment from this Court.

20. Seventh, the Defendant claims as basis for its extension motion that "According, Defendant cannot represent Plaintiff's position on this motion." Doc. 21, p.2.

21. As demonstrated in paragraphs 12 to 20 above, this claim is false, misleading, or untrue and may constitute intrinsic or extrinsic "fraud on the court." See LCvR 7(m); Rule 60(b), FED. R. CIV. PRO.

22. Here, Defendant's knowing material misrepresentations, providing no certificate of service, practice of failing to provide West with a copy of court filed documents and motions, and now apparent fraud on the court deserves this Court's complete and undivided attention.

23. Upon information and belief, a fair and reasonable fact-finder could conclude that attorney sanctions should be imposed for Defendant's willful misconduct above.

24. Remarkably, the Defendant alleges that he would like "to resolve this matter without any further *unnecessary* litigation." Emphasis added. Email, June 1, 2006.

25. However, if the Defendant would comply with its own rules and regulations a more favorable decision to West may have been or would have been obtained with respect to and in light of his agent NECAC's unconstitutional and prejudicial practices, in which as a direct result has adversely affected West and subjected him to "homelessness" for period of over one year.

26. For these reasons, the Defendant's use of term "unnecessary" is not warranted or may be misplaced.

27. Moreover, Mr. Jansen clearly stated in his email that he "is representing the Department of Housing and Urban Development in the district court case below." Id.

28. The Defendant's argument that "due to extensive depositions ... from May 30, 2006" in a separate unrelated case one day before the deadline may not constitute good cause.

29. For this reason, there is no credible evidence that reflects that Defendant could not comply with this Court's Order and meet the May 31st deadline.

30. Notwithstanding, this FOIA case that was originally in May 2006 is replete with prejudicial delays by both this Court and Defendant, in which violates West's adequate, effective, and meaningful access to the courts, and due process and equal protection of the laws as guaranteed by the First, Fifth, and Fourteenth Amendments to the United States Constitution.

**RELIEF REQUESTED**

West respectfully requests:

31. that this Court issue its Order for Defendant to show cause why sanctions should not be imposed against defendant for misconduct.

32. that this Court strike the Defendant's responsive answer and materials from the record.

33. that this Court issue its Order for Defendant pay a monetary sanction of $1,000,000.00 to the Court Registry as punishment for egregious misconduct.

34. West further requests that this Court issue its Order for Defendant to pay his reasonable costs and fees in connection with this motion in the minimal amount of $5001.39.

WHEREFORE, for the reasons stated herein, the Plaintiff moves this court for judgment in accordance with the prayer in this motion and for such other relief as the court may deem just and proper.

I certify by my signature below that the above and foregoing is true and based on my best information and belief.

_____
Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

### CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was delivered via E-mail, this __7th__ day of June 2006, to:

Eric Janson (USADC)
Special Asst. US Attorney
555 4th Street, NW
Washington, DC 20530
Eric.Janson@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 1:05-cv-01441 (RMC) |
| ALPHONSO JACKSON, Secretary for the U.S. Department of Housing & Urban Development, | ) |
|         Defendant. | ) |

## ORDER

This case having come before this Court on Plaintiff's Affidavit and Motion For Sanctions For Intentional Material Misrepresentations to Obtain Enlargement of Time to Submit Reply, Refusal to Comply With Court Order, it is hereby **ORDERED** that Plaintiff's Motion is partially **GRANTED** and Defendant is hereby **ORDERED** to show cause why Plaintiff's Motion for Sanctions should not be imposed against defendant is due on June _____, 2006.

**SO ORDERED** this _____ day of June 2006.

 

_____
ROSEMARY M. COLLYER
United States District Court Judge

# YAHOO! MAIL

Print - Close Window

**Date:** Thu, 01 Jun 2006 10:14:13 -0400
**From:** "Janson, Eric (USADC)" <Eric.Janson@usdoj.gov>
**Subject:** RE: West's First Reply re: West v. HUD
**To:** "j s" <harleyd_ok4u@yahoo.com>

Mr. West,

I am the Special Assistant U.S. Attorney who is representing the Department of Housing and Urban Development in the district court case cited below. (See Docket Entry No. 16 -- Substitition of Counsel/Notice of Appearance on behalf of Defendant) The U.S. Attorney's Office represents federal agencies (such as HUD) in civil actions of this type in federal court. In my capacity as Defendant's counsel, I would like to speak with you at your earliest convenience to discuss the relief that you seeking in the below-referenced FOIA case to determine whether there is any means to resolve this matter without any further unnecessary litigation.

Thank you.

Eric J. Janson, Esq.
Special Assistant U.S. Attorney
555 4th Street, NW, Room E4417
Washington, DC 25030
(202) 514-9150
Eric.Janson@usdoj.gov


CONFIDENTIALITY STATEMENT: This electronic communication may contain information that is confidential and/or attorney-client privileged. If you are not an intended recipient, interception, copying, disclosure or use of confidential communications may be illegal. If you received this message in error, please notify me by reply e-mail and delete this message. Thank you.

---

**From:** j s [mailto:harleyd_ok4u@yahoo.com]
**Sent:** Thursday, June 01, 2006 9:48 AM
**To:** Janson, Eric (USADC)
**Subject:** West's First Reply re: West v. HUD

Mr. Jansen:

Thank you for your email below.

After careful review of the below, I am not clear on what you are referring to. Please be more specific, if possible.

Additionally, what under what authority do you have in this matter and any please provide me with all verifiable creditials, please? Here, are you representing yourself as an attorney...without a license?
Additionally, available evidence may reflect that HUD officials or its agents have several discriminatory practices. See U.S. District Court FOIA Case - West v. Alphonso Jackson. Which discriminatory practices might the U.S. Department of Justice be interested in?

Respectfully,

Michael

WEST's EXHIBIT A

**"Janson, Eric (USADC)"** **<Eric.Janson@usdoj.gov>** wrote:

Mr. West:

I am the Assistant U.S. Attorney assigned to this case and would like to speak to you in order to discuss the relief that you are seeking in this case. I have no telephone contact information for you, so this is the only means by which to contact you.

Please call me at your earliest convenience.

Eric J. Janson
Special Assistant U.S. Attorney
555 4th Street, NW, Room E4417
Washington, DC 25030
(202) 514-9150
Eric.Janson@usdoj.gov

CONFIDENTIALITY STATEMENT: This electronic communication may contain information that is confidential and/or attorney-client privileged. If you are not an intended recipient, interception, copying, disclosure or use of confidential communications may be illegal. If you received this message in error, please notify me by reply e-mail and delete this message. Thank you.

---

Feel free to call! Free PC-to-PC calls. Low rates on PC-to-Phone. Get Yahoo! Messenger with Voice