UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL WEST, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1441 (RMC) |
| ALPHONSO JACKSON, Secretary, Department of Housing and Urban Development, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Michael West, proceeding *pro se*, filed this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, appealing the disposition of his requests for records by the Department of Housing and Urban Development ("HUD"). HUD has filed a motion to dismiss or for summary judgment. Mr. West has filed an opposition to the HUD's motion and a motion for judgment on the pleadings. For the following reasons, the Court will grant summary judgment in favor of HUD.

**I. BACKGROUND**

Mr. West alleges that on March 8, 2005 he sent a FOIA request to Anita Robinson at HUD's Enforcement Support Division in Washington, DC, seeking HUD statutes, regulations, and policies regarding discrimination investigations, Section 8 housing, and emergency housing for the homeless. Second Am. Compl. ¶ 5. On April 16, 2006, after receiving no response, Mr. West says that he filed an appeal with HUD's FOIA Officer in the District of Columbia. *Id.* ¶ 7. HUD later

searched its FOIA request databases, but could find no record of either the FOIA request or the appeal. Decl. of Holly K. Salamido ¶¶ 6-9, 14-15; Decl. of Lamont R. Williams ¶¶ 4, 8, 9; Decl. of Virginia Ackerman ¶¶ 2, 3, 6, 7; Decl. of Gregory King ¶¶ 5, 7, 10, 11.

On August 29, 2005, Mr. West sent a request to HUD for all records, documents, and evidence gathered during the agency's investigation of a discrimination complaint he had filed. Second Am. Compl. ¶ 12. The investigation had been initiated upon Mr. West's allegation that he had been denied housing assistance by the North East Community Action Corporation ("NECAC"), a Section 8 rental assistance program, based on his gender. Decl. of Franklin Montgomery ¶ 7. Mr. West and Franklin Montgomery, the HUD Equal Opportunity Specialist investigating his discrimination complaint, exchanged a series of e-mails. In the correspondence between July 15, 2005 and August 4, 2005, Mr. Montgomery sent a list of questions to Mr. West for the purpose of assisting HUD in the investigation, *id.* ¶¶ 9-10 & Ex. 1 & 2, and Mr. West responded. *Id.* ¶ 11 & Ex. 3.

Mr. Montgomery sent an additional set of questions on August 24, 2005. *Id.* ¶ 12 & Ex. 4. In response, Mr. West stated that he had insufficient information to answer the questions and asked for copies of the NECAC correspondence, a copy of a fraud statute, information regarding the subjects of the investigation, and the status of his appeal of HUD's denial of housing assistance. *Id.*, Ex. 5 & 6. In a September 2, 2005 e-mail, Mr. West asked how to appeal Mr. Montgomery's response, specifically requesting "the administrative appeal procedure . . . pursuant to [FOIA]." *Id.* Ex. 7. On September 12, 2005, Mr. Montgomery forwarded Mr. West's e-mail to the FOIA liaison in HUD's St. Louis field office. *Id.* Ex. 8.

On September 29, 2005, HUD responded to Mr. West's September 2, 2005, request.

Decl. of Fannie J. Woods ¶ 10; Second Am. Compl. Ex. E.  The agency informed him that the Fair Housing Act prohibited the release of information gathered during a discrimination investigation while the investigation is ongoing.  *Id.*  Mr. West was advised that the Office of Fair Housing and Equal Opportunity would send him a copy of the final investigative report upon completion of the investigation.  *Id.*  In the same letter, HUD also provided Mr. West with information on his FOIA appeal rights, including where to send the request.  *Id.*  HUD asserts that a search of its databases did not produce any record indicating that Mr. West filed an appeal of this decision.  Decl. of Virginia Ackerman ¶ 8.

## II.  STANDARD OF REVIEW

HUD has motion to dismiss for failure to state a claim or for summary judgment.  Where matters outside the pleadings are presented in a motion to dismiss, the court must treat the motion as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(b)(6).  Here, the parties have presented matters outside the pleadings.  Accordingly, the Court treats HUD's motion as one for summary judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252. The nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980). In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits when the affidavits describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973).

### III.  ANALYSIS

#### A. March 2005 Request

HUD contends Mr. West has failed to exhaust his administrative remedies.  A party must exhaust the available administrative remedies under FOIA prior to seeking relief in federal court.  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *Nurse v. Sec'y of Air Force*, 231 F. Supp. 2d 323, 327 (D.D.C. 2002).  Exhaustion is generally required "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."  *Oglesby*, 920 F.2d at 61.

In response to HUD's argument that he has not exhausted his remedies on this request, Mr. West has submitted an unsigned letter dated March 8, 2005 that he alleges was mailed to Anita Robinson at HUD's Office of Enforcement in Washington, DC, and an April 16, 2005 letter appealing HUD's failure to respond to his request.  Compl. Exs. A & B.  HUD personnel searched the agency's databases and could not find a record of any correspondence from Mr. West.  Decl. of Holly K. Salamido ¶¶ 5-9, 14-15; Decl. of Lamont R. Williams ¶¶ 4, 8-9; Decl. of Virginia Ackerman ¶¶ 3-8; Decl. of Gregory King ¶¶ 5-11.

Federal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records.  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).  "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond."  *Carbe v. ATF*, No. 03-1658, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004).  "Without any showing that the agency received the request, the agency has no obligation to respond to it."  *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005).   The Court has no basis to discredit HUD's sworn affidavits that it has

no record.  Since HUD did not withhold any documents, Mr. West does not have a viable FOIA claim against the agency.

Mr. West maintains that his FOIA claim rests on the fact that HUD did not respond to his FOIA requests within the 20-day statutory requirement.  *See* 5 U.S.C. § 552(a)(6)(A)(i).  If an agency does not comply with the FOIA's time requirements, a plaintiff has constructively exhausted his administrative remedies and may file suit.  *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003).  These statutory deadlines, however, are triggered by the agency's *receipt* of the FOIA request.  5 U.S.C. § 552(a)(6)(A)(i).  Mr. West has not produced any evidence demonstrating that the alleged letter was received by HUD.  Since the agency's declarations affirm that a search of HUD's databases did not produce evidence that the agency ever received Mr. West's request for relevant HUD statutes, regulations and policies, he has not exhausted his administrative remedies.

HUD also argues that Mr. West did not exhaust administrative remedies because he did not submit his FOIA request to the proper HUD office.  A requester must comply with an agency's published regulations for filing a proper FOIA request.  5 U.S.C. § 552(a)(3)(A).  The failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust.  *Ivey v. Snow*, No. 05-1095, 2006 WL 2051339, at *3 (D.D.C. July 20, 2006); *Flowers v. IRS*, 307 F. Supp. 2d 60, 68 (D.D.C. 2004); *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002).

A request for records located at HUD headquarters is required to be made in person or by mail to the FOIA Division, Office of General Counsel, Washington, DC, or through an electronic request form on the agency's website.  24 C.F.R. § 15.103(c) (2006).  Mr. West's March 8, 2005 request allegedly was mailed to Anita Robinson, Director, Enforcement Support Division, U.S. Housing & Urban Development, Washington, DC.  Second Am. Compl. ¶ 5 & Ex. A.  The

request was not submitted to the proper address or individual and did not comply with agency regulations.  Therefore, Mr. West has failed to exhaust on this basis as well.

Despite Mr. West's failure to exhaust, the Court may review the merits of Mr. West's claim because the FOIA exhaustion requirement is a prudential consideration, *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004); it is not jurisdictional.  *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003).

HUD clearly has not violated FOIA.  Mr. West's March 2005 request sought federal statutes, regulations, and policies regarding HUD Section 8 housing.  An agency is not required to provide copies of federal regulations or perform legal research for the requester.  *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 64 (D.D.C. 2003).  Because HUD is not obligated under FOIA to provide this information, no purpose would be served by having the agency further consider Mr. West's March 2005 request.

**B.  August 2005 Request**[1]

Mr. West's second request, on August 29, 2005, was for information obtained by HUD during an ongoing investigation of a complaint concerning alleged housing discrimination made by Mr. West.  In response to this request, HUD informed Mr. West that the Fair Housing Act prohibited the release of the information until the investigation has been completed.

---

[1] In submitting this request, Mr. West also failed to comply with HUD's regulations because he did not submit the request to the proper HUD office.  His request for information on the agency's investigation of his discrimination complaint was e-mailed to Franklin Montgomery, an Equal Opportunity Specialist in HUD's St. Louis office.  Second Am. Compl. ¶ 12 & Ex. C; Decl. of Franklin Montgomery ¶ 1 & Ex. 1. A request for records located in a HUD field office must be mailed or delivered to the FOIA Liaison in the appropriate field office.  24 C.F.R. § 15.103(b) (2006).  Like the March 2005 FOIA request discussed above, Mr. West also failed to exhaust his August 2005 request.

FOIA Exemption 3 covers records that are "specifically exempted from disclosure by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3).  To uphold non-disclosure under Exemption 3, there must be a qualifying disclosure-prohibiting statute and the logical inclusion of the withheld records within the scope and coverage of that statute.  *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1284 (D.C. Cir. 1983); *Nat'l Sec. Archive Fund, Inc. v. CIA*, 402 F. Supp. 2d 211, 216 (D.D.C. 2005).

The Fair Housing Act's provision regarding the disclosure of information about a discrimination investigation provides that:

> (1) Nothing said or done in the course of conciliation under this subchapter may be made public or used as evidence in a subsequent proceeding under this subchapter without the written consent of the persons concerned.
>
> (2) Notwithstanding paragraph (1), the Secretary shall make available to the aggrieved person and the respondent, at any time, upon request following completion of the Secretary's investigation, information derived from an investigation and any final investigative report relating to that investigation.

42 U.S.C. § 3610(d).

The information sought by Mr. West is "derived from an investigation," as he requested documents related to the ongoing investigation of his discrimination complaint.  The statute limits disclosure to interested parties, such as Mr. West, upon the completion of the investigation.  HUD properly withheld the documents under Exemption 3.

## IV. CONCLUSION

Based on the foregoing, HUD's motion to dismiss or for summary judgment will be granted, and Mr. West's motion for judgment on the pleadings will be denied. A separate order accompanies this Memorandum Opinion.


Date:  September 15, 2006                    _____/s/_____
                                             ROSEMARY M. COLLYER
                                             United States District Judge