# UNITED STATESS DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

*Let this be filed*
*RM Colly*
*10/13/06*

MICHAEL WEST,          )
                       )
     Plaintiff,        )
                       )
vs.                    )     Case No. 05-1441(RMC)
                       )
ALPHONSO JACKSON, Secretary of the  )
Department of Housing & Urban     )
Development ("HUD"),         )
                       )
     Defendant.       )

**RECEIVED**

OCT 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, TO ALTER OR AMEND ORDER

COMES NOW Plaintiff Michael West, *pro se*, moves this court with motion for reconsideration, or in the alternative, to alter or amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, requests the Court to vacate - or reopen, correct, amend or modify the judgment rendered in this matter. In support of the instant motion, Plaintiff states as follows:

     1. On September 15, 2006 this Court entered judgment[1] on behalf of Defendant Jackson, with the following terms, to-wit:

          A. That "Mr. West failed to exhaust" with respect to March 2005 FOIA request.

          Order, p. 7.

---

[1] Remarkably, the district court's post-marked envelope reflected that the Order of September 15, 2006 was not placed in the U.S. Mail until September 26, 2006. Surely, Plaintiff West should not be faulted for the district court's present dilatory tactics or delay practice and use the untimely receipt of the court's order to deny him entitled Rule 59 relief. Motion to Alter or Amend Judgment. (e) Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment. Rule 59, Fed. R. Civ. P. (2006).

    B.  That " HUD is not obligated under FOIA to provide [federal statutes, regulations, and policies]" pertaining to this federally funded program.  Order, p. 7.

    C.  That "[s]ince HUD did not withhold any documents, Mr. West does not have a viable FOIA claim against the agency." Order, p. 6.

    D.  That "Mr. West also failed to comply with HUD's regulations because he did not submit the request to the proper HUD office…a request for records located in HUD field office must be mailed or delivered to the FOIA Liaison in the appropriate office. 24 CFR § 15.103(b) (2006)." Order, footnote 1, p. 7

  2.  On October 1, 2006, Plaintiff received the above-mentioned order.

  3.  For good cause, the district court should amend or modify its order for four supported reasons that follow:

**March 2005 Request**

  4.  First, *pro se* parties should be granted access to verified U. S. Attorney misconduct complaint procedure as permitted under local or Federal Rules of Civil Procedure, or both.

  5.  Here, motion for sanctions were filed with the court but not properly ruled upon well before the court entered its final order granting summary judgment in favor of defendant Jackson and against Plaintiff West.

  6.  In relevant part, recent documents filed with this court by Plaintiff reflect that an available party, HUD's own Director Mr. Turner Russell, was not reasonably contacted by the U.S. Attorney's Office with respect to March 2005 FOIA request.  See West's Opposition to the HUD's motion to dismiss and motion for summary judgment.

7. It is undisputed that Director Mr. Turner Russell's office is in close physical proximity to the U.S. Attorney's Office and Defendant Jackson as all three offices are located in Washington D.C.

8. To date, no reasonable explanation has been provide by Defendant Jackson, or the U.S. Attorney's Office, or both, as to "Why Mr. Turner Russell's affidavit or evidence was not made available for this court's fair and full consideration?"

9. The district court's order completely ignores, refuses to consider, or fails to mention any justification as to why the Turner Russell evidence was withheld.

10. Neither the district court nor Defendant Jackson stated that the withheld Turner Russell evidence logically falls within any claimed exemption. See Order.

11. Here, the withheld Turner Russell evidence would reasonably demonstrate that West's March 2005 FOIA request was both received by HUD and that the Turner Russell evidence reasonably controverts the Defendant's claim that "HUD personnel ... could not find a record of any correspondence from Mr. West."[2] Order, p. 5.

12. In short, the Turner Russell evidence was crucial for West's effort to demonstrate to this district court that HUD did in fact receive West's March 2005 FOIA request.and/or appeal.

13. The withholding of Turner Russell's evidence undermines West's effort to prove that HUD did receive West's March 2005 FOIA request and thereby compromised his ability to mount a an effective defense under 24 CFR 15.104. West Decl., para. 48-50, pp. 7-8.

---

[2] 24 CFR 15.104 clearly provides that HUD will forward FOIA requests to the responsible component of HUD "[I]f you have sent your request to the wrong office, that office will send it to the correct office within 10 working days and will send you an acknowledgment letter. Here, it is undisputed that HUD did not provide any acknowledgment letter with respect to the March 2005 FOIA request further demonstrating HUD's non-compliance with its own procedural statutes. " The head of this government agency has a duty to comply with regulations he has established." See Plaintiff's opposition to defendant's motion to dismiss or for summary judgment.

14. To date, the government's pleadings and affidavits fail to demonstrate that it took any affirmative steps to determine whether the Turner evidence could be ascertained by contacting him directly, since he remains employed as one of HUD's directors. See West's Decl., para. 29, p. 5.

15. Notwithstanding, the district court has not made a reasonable effort to ascertain whether the withholding of HUD Director Turner Russell's evidence represented a reasonable response and inquiry to these FOIA proceedings. Schrecker v. Dep't of Justice, 254 F.3d 162, 167 (D.C. Cir. 2001).

16. Similarly, the district court has failed to ascertain whether HUD can withhold the undisputed Turner Russell evidence pursuant to any exemption. Cf. West Decl., para. 22-31, pp. 4-5.

17. In Schrecker, that case was remanded by the Court of Appeals for the District of Columbia so that the district court could decide in the first instance whether the government 'did all it should have done, and whether it may withhold the disputed information pursuant to Exemption 7(C).'" Id. (quoting Schrecker I, 254 F.3d at 167).

18. More importantly, the Turner Russell evidence was crucial for West's effort to demonstrate additional acts of egregious attorney misconduct by fudging its evidence to unfairly obtain summary judgment in its favor. Cf. West's Motion for Sanctions, June 2006.

19. As demonstrated, it is reasonable to infer that the U.S. Attorney's Office or HUD, or both, are "sand-bagging" the district court and Plaintiff West, which may support prompt and severe sanctions against Defendant Jackson and/or the U.S. Attorney's office.

20. Additionally, the district court's apparent practice of denying *pro se* litigants access to court sanctions procedure against a party for party misconduct may demonstrate a discriminatory practice.

21. At a minimum, Plaintiff West should have been entitled to discovery of the Turner evidence before the district court entered summary judgment in favor of Defendant Jackson and against Plaintiff West.  Rule 56(f), Fed. R. Civ. P. (2006).

22. As a result, several issues raised by the government went beyond pure issues of law and required discovery for their resolution.  Cf. Plaintiff's opposition to defendant's motion to dismiss or motion for summary judgment.

23. Defendant Jackson and/or the U.S. Attorney's Office knew or should have known that the Turner evidence would be "an element essential to this party's case" with respect to this federal lawsuit, which may also constitute an extreme act of bad faith. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

24. Additionally, this Plaintiff should be entitled to a fair and neutral fact-finder, in which under these circumstances presented above reflect that this court is prejudiced against this *pro se* Plaintiff, or *pro se* litigants in general, or both, violative of guarantee to adequate, effective, and meaningful Access to the Courts Clause under the First Amendment to the United States Constitution.

25. For these reasons, the district court's Order should be amended or modified with a written discussion of these facts presented in paragraphs 4 to 23 immediately above.

26. Second, 5 USC § 552(a)(1), in relevant part provides:

"Each agency shall make available to the public information as follows:

*****

5

(C) rules of procedure, descriptions of forms available or the places at

which forms may be obtained, and instructions as to the scope and contents of

all papers, reports, or examinations;

(D) substantive rules of general applicability adopted as authorized by

law, and statements of general policy or interpretations of general

applicability formulated and adopted by the agency; and

(E) each amendment, revision, or repeal of the foregoing. Id.

27. And, 5 USC 552(a)(2) provides in relevant part that:

"Each agency, in accordance with published rules, shall make available for

public inspection and copying--

(A) final opinions, including concurring and dissenting opinions, as well

as orders, made in the adjudication of cases;

(B) those statements of policy and interpretations which have been adopted

by the agency and are not published in the Federal Register;

(C) administrative staff manuals and instructions to staff that affect a

member of the public;" Id.

*****

28. Here, it is undisputed that Plaintiff West's March 2005 FOIA request sought

agency materials that pertained to HUD's programs and its operations. See West's March 2005

FOIA request.

29. When comparing the above cited provisions under 5 USC 552(a)1 and 5 USC

552(a)(2) above, certainly West's March 2005 FOIA request is authorized under one or more of

these statutory provisions.

6

30. A cursory review of the March 2005 FOIA request reflects a request was made for policy materials that pertained to HUD's compliance with 28 CFR Part 35, record keeping requirements, and access to materials used in support of adverse agency actions. See Doc No. 2, filed 7/21/2005.

31. As such, there is no "legal research" required to fairly respond to this FOIA matter.

32. In contrast, the district court relies upon Landmark Legal Foundation v. EPA, 272 F. Supp. 2d 59, 64 (D.D.C. 2003) stating that "HUD is not obligated under FOIA to provide this information." Order, p. 7.

33. However, Landmark is distinguished from the instant case.

34. In Landmark, the Plaintiff sought "identification of all rules or regulations for which public notice has not been given, but which public notice is planned by the EPA between September 7, 2000 and January 20, 2001, including but not limited to the rules or regulations referenced in the attached news article" and various types of documents relating to those rules and regulations. Id. at 62. "The news article indicated that EPA was attempting to push through certain regulations before the administration change." Id. at 62.

35. Here, (1) the district court misstates the import of the Landmark case, (2) fails to provide any well supported casual connection of the Landmark case it relies upon to the instant case as to how Plaintiff West's case requested rules or regulations "for which public notice has not been given....", and (3) fails to provide any well supported casual connection as to how Plaintiff West's case requested that HUD perform "legal research" within the import of the Landmark case. Id. at 62.

7

36. Additionally, as conceded by Defendant Jackson, Plaintiff West originally filed a Physical Disability Complaint under 28 CFR Part 35/American with Disabilities Act -- not a Fair Housing Act Complaint. See Defendant's Answer, Doc. No. 13, para. 21, p.3. See Also Doc. No. 2 ("First, it appears to me that this office received my request for reconsideration, in which fairly demonstrates, in part, of HUD['s] failure to follow federal statutes, regulations, or policies (e.g., *28 CFR Part 35*).)" Emphasis Added.

**August 2005 Request**

37. Third, the district court's Order stated that "Mr. West second request, on August 29, 2005, was for information obtained by HUD during an ongoing investigation of a complaint concerning alleged housing discrimination made by Mr. West." Order, at p. 7.

38. Remarkably, the district court misstates West's August 2005 FOIA request inasmuch that West requested information and materials derived from HUD's agent - NECAC – underlying investigation that had been completed and closed for over one year.

39. Here, West had previously submitted his request for these same materials and information to NECAC.

40. However, HUD's agent - NECAC - refused to reasonably provide any response to West's request.

41. To assist HUD's recent investigation, West, again, requested the materials and information stated in the August 2005 FOIA request … but this time to and through HUD itself.

42. The fact that there was a second investigation that was pending at the time of West subsequent request submitted directly to HUD does not provide a reasonable application of Exemption 3, since HUD's agent, NECAC, failed to timely provide information and materials in a timely fashion from the outset.

43. To date, here NECAC has continuously refused to provide an acknowledgment letter with respect to West's original request for information and materials that (1) contained personal information that pertained directly or indirectly to Plaintiff West, and (2) pertained to a reasonable request for agency housing policy or procedural information.

44. To date, neither NECAC nor HUD itself provided any statutory materials or caselaw for the unfair withholding of information and materials with respect to the original request that was served personally on NECAC.

45. Similarly, the district court has not made a reasonable effort to ascertain whether the withholding of HUD agent NECAC's "closed" investigation evidence represented a reasonable response and inquiry to these FOIA proceedings. Schrecker v. Dep't of Justice, 254 F.3d 162, 167 (D.C. Cir. 2001). Rule 56(f), Fed. R. Civ. P. (2006).

46. Additionally, there is no dispute that Defendant Jackson received West's Aug. 2005 FOIA requests.

47. In fact, Mr. Montgomery complied with HUD's own 24 CFR 15.105(a) policy by forwarding this same request "to the correct office." Id. See Montgomery Decl., para. 19, p. 4.

48. In contrast, not all HUD employees comply with their own controlling policies, as demonstrated when West filed his FOIA appeal for this same matter.

49. Here, it is undisputed that Defendant Jackson received West's FOIA appeal.

50. Remarkably, however, the sworn declaration of Fannie J. Woods reflects that she received West FOIA Appeal but did not forward this appeal "to the correct office" In violation of HUD's own controlling FOIA regulations, namely 24 CFR 15.105(a). See Woods Decl., para. 9, p. 2.

51. Significantly, the Ackerman declaration provides that "if the FOIA appeal is sent to the wrong office, it has been my experience that such other offices forward the appeal to my office." See Ackerman Decl., para 2, pp.2-3; Plaintiff's opposition to defendant's motion to dismiss or for summary judgment, pp.1-2.

52. To date, remarkably, Defendant Jackson and the U.S. Attorney's office failed to provide any reasonable explanation as to why the departure from both policy and/or practice with respect to West's FOIA appeal.

53. Just as remarkable, the district court fails to discuss these undisputed facts in paragraphs 35 to 52 above.

54. As a result, several issues raised by the government went beyond pure issues of law and required discovery for their resolution. Cf. Plaintiff's opposition to defendant's motion to dismiss or motion for summary judgment.

55. Additionally, the district court has failed to ascertain whether HUD can withhold the undisputed NECAC "closed" investigation evidence pursuant to any exemption.

56. The district court's failure to consider the HUD agent NECAC's unprecedented withholding of information and materials practice undermines West's effort to prove that HUD Exemption 3 is not applicable and thereby compromised his ability to mount a an effective defense.

57. Nevertheless, West maintains that the Fair Housing Act materials provided by Defendant Jackson were not responsive to the August 2005 FOIA request.

58. Here, it was the Defendant that invoked the Fair Housing Act in response to a discriminatory administrative practice complaint pertaining to its agent, NECAC, and its separate unfair "sand-bagging" practice.

59. In contrast, Plaintiff West relied, in part, that some of the materials sought after may have been released under 28 CFR Part 35, since NECAC is not a *landlord* with respect to the Fair Housing Act (emphasis added). "Under 28 CFR Part 35…HUD is a designated agency." Plaintiff's opposition to defendant's motion to dismiss or for summary judgment, p. 4.

60. Notwithstanding, there is nothing found within the reach of 28 CFR Part 35 that invokes the Fair Housing Act and its restrictions, as Defendant Jackson and the U.S. Attorney's office claims.

61. Additionally, a fair review of the court's order fails to provide any well supported casual connection or nexus as to how the Fair Housing Act may be applicable to NECAC under these circumstances presented in paragraphs 32 to 60 above. Plaintiff's opposition to defendant's motion to dismiss or for summary judgment, pp. 3-4.

62. To date, neither the district court nor Defendant Jackson disputed these facts.

63. At a minimum, Plaintiff West should have been entitled to discovery of the prior NECAC information request evidence before the district court granted Exemption 3 and entered summary judgment in favor of Defendant Jackson and against Plaintiff West with respect to the August 2005 FOIA request.

64. Defendant Jackson and/or the U.S. Attorney's Office knew or should have known that this NECAC evidence would be "an element essential to this party's case" with respect to this federal lawsuit, which may also constitute an extreme act of bad faith. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

65. More importantly, the failure of the district court's failure to mention the West's information and materials pertaining to the separate NECAC evidence was crucial for West's effort to demonstrate additional acts of egregious attorney misconduct by fudging its

evidence after the instant lawsuit was filed to unfairly obtain summary judgment in its favor. Cf. West's Motion for Sanctions, June 2006.

66. The court's Order does not discuss any of these facts as well as the fact that the government failed to raise Exemption 3 prior to the filing of the instant case and therefore may have procedurally defaulted and should be barred from raising it now. Plaintiff's opposition to defendant's motion to dismiss or for summary judgment, pp. 2-3.

67. Under these circumstances, HUD did not properly withhold the documents under Exemption 3. See Also Correspondence between HUD's Montgomery and Plaintiff West.

68. Fourth, as demonstrated above, Plaintiff West should be afforded a reasonable opportunity to complete discovery before responding to the government's summary judgment motion, as the district court provided no fair notice that it would allow Defendant Jackson and the U.S. Attorney's Office to "sandbag" both this federal court and Plaintiff West. Rule 11(c)(1)(B), Fed. R. Civ. P. See Also West's statement of genuine issues filed in opposition to defendant's motion to dismiss or for summary judgment.

WHEREFORE, Plaintiff prays that the court enter an order vacating, or reopening, correcting, amending or modifying the judgment rendered in this matter. Respectfully submitted this 4th day of October 2006.

Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing motion was placed in the U.S. Mail, first class, postage prepaid, and mailed this ⟨4th⟩ day of October 2006, to:

Eric Jansen
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4218
Washington, D.C. 20530