**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 05-1441(RMC)** |
| | ) | |
| **v.** | ) | **ECF** |
| | ) | |
| **ALPHONSO JACKSON, Secretary of the** | ) | |
| **Department of Housing and Urban** | ) | |
| **Development,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR**
**RECONSIDERATION, OR IN THE ALTERNATIVE, TO ALTER OR AMEND ORDER**

Defendant Alphonso Jackson, by and through the undersigned counsel, hereby files his

Response in Opposition to Plaintiff's Motion for Reconsideration, or in the Alternative, to Alter

or Amend Order ("Pl.'s Mot.").   In his motion, Plaintiff requests that the Court vacate, reopen,

correct or modify the judgment it rendered in this matter when it granted Defendant's Motion to

Dismiss, or in the Alternative, for Summary Judgment.  See West v. Jackson, 448 F. Supp. 2d

207 (D.D.C. 2006).  The Court should deny Plaintiff's motion for two reasons: First, the motion

is not timely filed pursuant to Federal Rule of Civil Procedure 59(e).  Second, assuming the

Court construes the motion as one seeking relief pursuant to Federal Rule of Civil Procedure

60(b), none of the grounds raised by Plaintiff warrant this Court revisiting its prior Memorandum

Opinion and Order dismissing this case.  For these reasons, Plaintiff's Motion for

Reconsideration, or in the Alternative, to Alter or Amend Order should be denied.

## ARGUMENT

**I.    PLAINTIFF HAS FAILED TO TIMELY FILE HIS MOTION FOR RELIEF PURSUANT TO RULE 59(e).**

The Court's Memorandum Opinion and Order granting Defendant summary judgment was entered on September 15, 2006. [Dckt entry #s 26 & 27]. However, Plaintiff did not file his motion for reconsideration or, alternatively, to alter or amend the Court's Order, until October 10, 2006. It is well-established that "[a] party must file a Rule 59(e) motion within ten days after entry of judgment." Badru v. United States, 215 F.R.D. 8, 10 (D.D.C. 2003) (citing Fed. R. Civ. P. 59(e)). Although failing to furnish a copy, Plaintiff contends that the envelope containing the Court's order was not postmarked until September 26, 2006. (Pl.'s Mot. at 1 n.1.) However, this fact does not excuse Plaintiff's untimeliness as "[t]his Court cannot extend the time for filing Rule 59(e) motions, even if a party does not receive notice of an order." Id. (citations omitted). Because Plaintiff's Rule 59(e) motion was not filed within ten days of the Court's entry of judgment, his motion may not be considered under that rule. Id. (dismissing pro se Rule 59(e) motion that was received more than ten days after the entry of judgment).

**II.    PLAINTIFF IS NOT ENTITLED TO RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b).**

Despite its untimeliness under Rule 59(e), the Plaintiff's pro se motion can be construed as seeking relief pursuant to Rule 60(b). See Uberoi v. E.E.O.C., 271 F. Supp. 2d 1, 2 (D.D.C. 2002) ("An untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule.") (quoting Computer Prof'ls for Soc. Responsibility v. United States Secret Service, 72 F.3d 897, 903 (D.C. Cir. 1996)).

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment

or order for one or more of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The standard for granting a motion pursuant to one of the grounds enumerated in Rule 60(b) is "higher" than the standard used to decide Rule 59(e) motions. Uberoi, 271 F. Supp. 2d at 2-3.

Examining Plaintiff's motion, it is apparent that he has not submitted a proper Rule 60(b) motion.[1]  First, Plaintiff does not allege any facts supporting a finding of mistake, inadvertence, surprise, or exclusable neglect.  The District of Columbia Circuit Court has held that "[r]elief under Rule 60(b)(1) motions is rare; such motions allow district courts to correct only limited types of substantive errors."  Hall v. C.I.A., 437 F.3d 94, 99 (D.C. Cir. 2006) (citations omitted). Plaintiff does not point to any substantive errors by the district court.  Rather, Plaintiff cites portions of the Freedom of Information Act ("FOIA") and contends that his March 8, 2005 request for various HUD regulations and statutes falls squarely within the FOIA's description of materials that must be made available.  (Pl.'s Mot. at 5, ¶¶ 25-27.)  However, as the statutes Plaintiff cites were considered by the Court and rejected, See West, 448 F. Supp. 2d at 212, Plaintiff has not demonstrated how the Court made a mistake of law in holding that Plaintiff was not entitled to various federal statutes and regulations.  Accordingly, this argument does not warrant relief under Rule 60(b)(1).

---

[1]It is readily apparent that Rule 60(b)(4) and (5) have no applicability to this case.

Nor has Plaintiff submitted any "new evidence" to the Court. Fed. R. Civ. P. 60(b)(2). Plaintiff contends that Defendant failed to contact the Director of the Department of Housing & Urban Development ("HUD"), Mr. Turner Russell. (Pl.'s Mot. at 2, ¶ 6.) Plaintiff contends that Mr. Russell's affidavit or evidence "would reasonably demonstrate that West's March 2005 FOIA request was both received by HUD . . . ." (Id. at 3, ¶ 11.) Mr. Russell's evidence was, Plaintiff contends, "crucial" to Plaintiff's effort to demonstrate "that HUD did in fact receive West's March 2005 FOIA request and/or appeal[,]" and the government failed to justify its failure for contacting Mr. Russell and providing his evidence to Plaintiff. (Id. at 3-4, ¶¶ 12-16.) Furthermore, according to Plaintiff, the district court failed to determine whether the "undisputed Turner Russell evidence" can be withheld pursuant to a FOIA exemption. (Id. at 4, ¶ 16.). Plaintiff's contentions are without merit. Significantly, both Plaintiff's March 8, 2005 request and his April 16, 2005 "appeal" were addressed to Ms. Anita Robinson, not Turner Russell. (See Compl. Ex. A & B). Furthermore, in support of its motion to dismiss or, alternatively, for summary judgment, Defendant submitted numerous declarations in which HUD officials attested to the fact that a thorough search of the HUD's central Automated Correspondence On-Line Response Network ("ACORN") was conducted and no FOIA request from Plaintiff was located. Salamido Decl. ¶¶ 6-7; 14-15; Williams Decl. ¶ 8. To the extent that Plaintiff attempts to rebut the sworn-to declarations submitted by Defendant, he has failed to do so with his conclusory allegations.

Finally, as it pertains to relief under Rule 60(b)(3), throughout his motion, Plaintiff

makes allegations of fraud against the United States Attorney's Office.[2]  Returning to the Turner

Russell evidence, he asserts that this evidence was crucial to Plaintiff's "effort to demonstrate

additional acts of egregious attorney misconduct [by the government] by fudging its evidence to

unfairly obtain summary judgment in its favor." (Pl.'s Mot. at 4, ¶ 18.)  Plaintiff contends that

"it is reasonable" for the Court to "infer that the U.S. Attorney's Office or HUD, or both, are

'sand-bagging' the district court and Plaintiff West, which may support prompt and severe

sanctions against Defendant Jackson and/or the U.S. Attorney's Office." (Id. at 4, ¶ 19.)   To the

extent that Plaintiff contends that Defendant has perpetrated fraud on the court, he must show

that there was "fraud . . . directed to the judicial machinery itself and not fraud between the

parties or fraudulent documents, false statements, or perjury." Baltia Air Lines, Inc. v.

Transaction Mgmt.,Inc., 98 F.3d 640, 642 (D.C. Cir. 1996) (internal quotation marks and

citations omitted).  Fraud on the court "refers only to very unusual cases involving far more than

injury to a single litigant." Id. at 643 (internal quotation marks and citations omitted).  Examples

of such fraud include "the bribery of a judge or the knowing participation of an attorney in the

presentation of perjured testimony." Id. (citation omitted).  Given the high standard for

demonstrating fraud on the Court, it is apparent that Plaintiff's claims must fail in this regard.

Plaintiff has not provided any credible evidence of fraud; nor does he contend that the

declarations in support of Defendant's motion were fraudulent.  Rather, he contends that

---

[2]Plaintiff notes that the district court never ruled on Plaintiff's motion for sanctions prior to entering summary judgment. (Pl.'s Mot. at 2, ¶ 5.)  Indeed, Plaintiff did file an "Affidavit and Motion for Sanctions for Intentional Material Misrepresentations to Obtain Enlargement of Time to Submit Reply, Refusal to Comply with Court Order," on June 12, 2006. [Dckt. Entry # 24].  This motion was not expressly ruled on prior to or in the Court's Order granting Defendant summary judgment.  However, the Court's final ruling disposing of this case rendered the Plaintiff's pending motion for sanctions moot.  In any event, this ruling would not have affected the Court's resolution of Defendant's motion to dismiss, or alternatively, for summary judgment.

Defendant has sought to defraud the Court by not obtaining the specific evidence Plaintiff seeks.

Plaintiff's allegations of fraud are without merit.

Nor has Plaintiff submitted any other ground for relief from the judgment.  Fed. R. Civ.

P. 60(b)(6).  Rather, throughout his motion, Plaintiff makes the identical arguments that he

previously presented to, and that were rejected by, the Court.  For these reasons, Plaintiff is not

entitled to any relief pursuant to Rule 59(e) or Rule 60(b).

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that Plaintiff's Motion

for Reconsideration, or in the Alternative, to Alter or Amend Order, be denied.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139
COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2006, a copy of the foregoing

Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration, or in the

Alternative, to Alter or Amend Order, was delivered via first class mail, postage pre-paid, to:

        Michael West, pro se
        P.O. Box 1935
        St. Charles, MO 63302


            /s/ Michelle N. Johnson
            MICHELLE N. JOHNSON, D.C. BAR # 491910
            Assistant United States Attorney
            555 4th St., N.W.  Room E4212
            Washington, D.C. 20530
            202-514-7139

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MICHAEL WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 05-1441(RMC)** |
| | ) | |
| **v.** | ) | **ECF** |
| | ) | |
| **ALPHONSO JACKSON, Secretary of the** | ) | |
| **Department of Housing and Urban** | ) | |
| **Development,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**<u>ORDER</u>**

UPON CONSIDERATION of the Plaintiff's Motion for Reconsideration, or in the

Alternative, to Alter or Amend Judgment,  it is this \_\_\_\_ day of _____, 2006,

ORDERED that Plaintiff's Motion is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE