UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALPHONSO JACKSON, Secretary of the )<br>Department of Housing and Urban )<br>Development, )<br>)<br>Defendant. ) | Case No. 05-1441(RMC)<br><br>RECEIVED<br>NOV 2 8 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**PLAINTIFF'S SECOND RULE 56(f) DECLARATION
IN SUPPORT OF DISCOVERY AND RESPONSE TO DEFENDANT'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
RECONSIDERATION, OR IN THE ALTERNATIVE,
TO ALTER OR AMEND ORDER**

COMES NOW Plaintiff Michael West, pro se, and moves the court with this second declaration, and hereby declares:

1. I am the plaintiff and submit this second declaration pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, in support of plaintiff's request for discovery.

2. Previously, plaintiff provided this court with first declaration. A true and complete copy is attached as West's Exhibit A.

3. On the basis of careful assessment of plaintiff's allegations and the current record, I believe that to present his claims fully and responsibly, plaintiff needs discovery for the reasons set forth below.

4. Within defendant's response in opposition to plaintiff's motion for reconsideration, or in the alternative, to alter or amend order, the defendant raises two issues: (1) Untimely Rule 59(e) motion, and (2) Alleged Rule 60(b) motion.

5. First, as stated by the defendant, the question is raised to whether the district court practice of "failing to [timely] furnish" plaintiff with this court's Orders bars the relief that plaintiff seeks. Id., 2.

6. Discovery is needed to resolve this issue as to why the court would engage in and impose such constraints against *pro se* plaintiffs, which files in the face of due process in violation of the U.S. Constitution.

7. Particularly, a sworn statement from this court's clerk, and others, that were responsible for this prejudicial matter especially in light of the fact that the standard in a Rule 60(b) motion is considerably "higher" than the standard used to decide a Rule 59(e) motion. Id., 3.

8. Second, the defendant *[prematurely]* states that plaintiff's motion should be treated as a Rule 60(b) Motion (emphasis added). Id., 2.

9. The defendant further states that "Federal Rule of Civil Procedure 60(b) permit's a party to seek relief from a final judgment or order for one or more of the following reasons:...fraud." Id., 2-3.

10. Defendant states that this court should disregard plaintiff's request for agency materials that are generally used as part of its daily business practices under FOIA. Id., 3.

11. Remarkably, the defendant does not cite one federal case that is directly on "all fours" that supports its claim that "HUD's regulations and statutes" are not covered under FOIA, but instead diverts this court's attention with "the statutes Plaintiff cites were considered by the court and rejected." Id., 3.

12. In the event that this court denies the instant Rule 59(e) motion, plaintiff may then prepare and invoke Rule 60(b) for "fraud" in due course and as a matter of due

process.

13. Here, it may be premature for this court to convert plaintiff's Rule 59(e) motion into a Rule 60(b) motion without amending this motion with the missing averments and argument as a matter of due process. Fourteenth amend., U.S. Const.

14. Here, it is presumed that the defendant's attorney has made a reasonable investigation into the facts, as well as the issues that plaintiff has raised.

15. Moreover, the defendant attorney's office is closely located within the same proximity as Turner Russell's Washington, D.C. office.

16. Therefore, it may be reasonably inferred that the defendant's attorney has reviewed the Turner Russell evidence.

17. Here, prior to plaintiff dispatching the underlying FOIA appeal, Mr. Russell instructed for this plaintiff to address his correspondence to his secretary, Ms. Anita Robinson.. A copy of this correspondence could not be located, therefore, it is not attached. *See* Plaintiff's Exhibit A ("Thank you for Turner Russell's letter of January 6, 2005.")

18. Significantly, Mr. Russell had dispatched letters to this plaintiff as part of his review of a subordinate office using false or perjured evidence to close a discrimination complaint investigation. *Supra.*

19. As attested, there can be no doubt of these facts above because Mr. Russell directed that a new investigation be conducted for that matter. *See* HUD Final Report, dated 11/06/2005.

19. Defendant states this court should disregard plaintiff's proffered withheld Turner Russell evidence because the materials "were addressed to Ms. Anita Robinson,

not Turner Russell." Id., 4.

19. Notwithstanding, plaintiff alleges that this defendant, by and through its attorney, are "fudging its evidence" or "sandbagging" this court. Id., 5.

20. This was plaintiff's nicer way of stating that the defendant's are perpetrating a fraud on the court.

21. Conversely, examples of fraud include "the knowing participation of an attorney in the presentation of perjured testimony." Id., 5.

22. Discovery is needed to address the missing prior correspondence between Turner Russell and this plaintiff that can be used to demonstrate that Mr. Russell clearly directed plaintiff to address correspondence in this manner for matters directed to him for his personal consideration.

23. As illustrated above, discovery may be warranted so that plaintiff can adequately respond to the issues that the defendant has raised in its response enumerated above, or on summary judgment, or both, under Rule 56(f). Cf. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) ("Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.").

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 22nd day of November 2006.

_____

Michael West, pro se

P.O. Box 1935
St. Charles, MO 63302
No phone

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was placed in the U.S. mail, first class, on this 22nd day of November, to:

Michelle Johnson
AUSA
555 4th St., N.W. Room E4212
Washington, D.C. 20530

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MICHAEL WEST, | ) |
| | ) |
| Appellant, | ) |
| v. | ) Civil Case No. 06-5281 |
| | ) |
| ALHONSO JACKSON, Secretary of the Department of Housing and Urban Development, | ) |
| | ) |
| Appellee. | ) |

## DECLARATION AND REPLY TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

Michael West, pro se, hereby declares as follows:

1. I am the alleged appellant and submit this declaration pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, in support of plaintiff's request for discovery.

2. On the basis of careful assessment of plaintiff's allegations and the current record, I believe that to present his claims fully and responsibly, plaintiff needs discovery for the reasons set forth below.

3. Additionally, upon fair review of the alleged instant appeal action, the instant appeal was inadvertently filed with the instant case instead of the proper case against Defendant Barnhart, Commissioner of the Social Security Administration. *See* West v. Commissioner Barnhardt, FOIA Case, U.S. District Court for D.C. (2006)

4. Significantly, a timely Rule 74 Motion was filed with the lower district court and, if needed, it is respectfully requested that these appellant proceedings be stayed and remanded for that court's review and consideration of this motion.

5. Moreover, the lower court prejudiced this appellant by failing to provide any notice of Rule 56(f) opportunity in its scheduling order, as the Appellee continues to complain that "Appellant has

1

WEST'S EXHIBIT A

submitted nothing to demonstrate that his FOIA request and appeal were sent, and received, by the agency." *See* Appellee's Motion for Summary Affirmance, p. 7. A reasonable review of similar civil cases filed in the U.S. District Court for the District of Columbia include such Rule 56(f) language in its Scheduling Orders (citations omitted). In contrast, the Appellee is sand-bagging both the lower district court and this alleged Appellant by withholding, at a minimum, the proffered Turner Russell evidence, or e-mails, or both. As such, severe sanctions may be appropriate against this Appellee for material misrepresentation.

3. In particular, as discussed within the Rule 74 Motion, discovery is necessary to determine:

A. which versions of which regulations were actually applied to plaintiff at each stage of the administrative proceedings in question;

B. what additional allegations of retaliation and/or discrimination were filed but not investigated by defendant;

C. whether any appeals were filed with respect to the underlying challenged action;

D. what information was expressly considered by (i) the Office for Civil Rights for the U.S. Housing and Urban Development during those proceedings, (ii) the discriminatory acts or omissions of the defendant's supervising top officials located at the OCR Kansas City office, and (iii) the discriminatory acts or omissions of the defendant's top level supervising officials located in Washington, D.C.;

E. what constitutes the complete and discrete record for each of the three administrative proceedings;

F. what information defendants considered or failed to consider in assessing whether that had "probable cause," within the meaning of DOJ Directive 28 CFR Part 35, to pursue charges against NECAC;

G. whether the defendants maintain a favorable treatment policy towards respondents in 28 CFR Part 35 complaint proceedings;

H. whether the defendants intentionally misrepresented the facts and state of the record to the lower district court;

I. whether defendants excluded from the record material evidence that properly should be considered part of the record;

J. whether defendant's practice of withholding undisputed FOIA materials constitutes a discriminatory practice in violation of federal disability laws;

K. whether defendant's practice of failing to follow its own FOIA regulation and not forward a "received FOIA request of appeal" to the appropriate office contrary to statutory provisions supports Appellee's claim of "failure to exhaust his administrative remedies." *cf.* Appellee's Motion for Summary Affirmance, p. 7

L. whether plaintiff has been treated in an evenhanded manner without any discriminatory animus based on the fact of his physical disability.

4. For these reasons, Plaintiff/Appellant reasonably needs and should be allowed to serve request for production not exceeding 25 in number. In addition, plaintiff reasonably needs and should be allowed to serve 25 interrogatories and pursue 5 depositions, as would be customary in a district court case - like this one - that have been assigned to the Standard Track.

WHEREFORE, plaintiff/appellant respectfully requests that the appellate proceedings be stayed, that this matter be remanded back to the lower district court for its fair consideration and ruling on the Rule 74 motion, for severe sanctions be imposed against Appellee for egregious misconduct, and for any other relief fit in the premises.

I declare under the penalty of perjury that the foregoing is true and correct.

3

Executed this _____ day of November 2006.

*ORIGINAL SIGNED + DATED*

_____
Michael West, pro se
P.O. Box 1935
St. Charles, MO 63302
No phone


c: Clerk, U.S. District Court for the District of Columbia
   West v. Alphonso, Civil Action No. 05-1441 (RMC)


## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was forwarded U.S. Mail, first class, on this _____ day of November 2006, to:

Michelle Johnson
AUSA
555 4th Street, N.W. Room E4212
Washington, D.C. 20530

_____

4