UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL WEST, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 05-1441(RMC) |
| | ) | |
| v. | ) | ECF |
| | ) | |
| ALPHONSO JACKSON, Secretary of the Department of Housing and Urban Development, | ) ) ) | |
| | ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND PETITION**

Defendant Alphonso Jackson, by and through the undersigned counsel, hereby files his Response in Opposition to Plaintiff's Motion to Amend Petition ("Pl.'s Mot."). In his motion, Plaintiff seeks to amend his complaint, for the third time, to assert claims completely unrelated to Plaintiff's previously filed complaints. Furthermore, Plaintiff seeks to amend his complaint over two months after the Court's grant of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, see West v. Jackson, 448 F. Supp. 2d 207 (D.D.C. 2006), and the filing by Plaintiff of his Notice of Appeal contesting the Court's decision. [Docket Entry No. 28]. The Court should deny Plaintiff's motion for two reasons. First, this Court lacks jurisdiction to grant Plaintiff the relief he is seeking. Second, granting Plaintiff's motion to amend would substantially prejudice the Defendant. For these reasons, Plaintiff's motion to amend should be denied.

**ARGUMENT**

I.  **THE COURT LACKS JURISDICTION TO GRANT PLAINTIFF'S MOTION.**

First, and foremost, this Court lacks jurisdiction over this case to grant Plaintiff's motion to amend. "The filing of a notice of appeal . . . 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'" LaRouche v. United States Dep't of Treasury, 112 F. Supp. 2d 48, 52 (D.D.C. 2000). As a result, the Court lacks jurisdiction to grant Plaintiff's motion to amend. See, e.g., Smith v. Pollin, 194 F.2d 349, 350 (D.C. Cir. 1952) ("It is clear that the District Court could not grant a motion for a new trial in a case which is pending in this court upon appeal. Jurisdiction of the case is in this court while the appeal is pending."). While a district court may, for example, "consider [a] 60(b) motion" while appellate review is pending, "if the District Court indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted." Hoai v. Vo, 935 F.2d 308, 312 (D.C. Cir. 1991) (citations omitted). Alternatively, however, "although a district court does not have jurisdiction to grant a Rule 60(b) motion while the appeal is pending, it does have authority to deny such a motion while the appeal is pending." LaRouche, 112 F. Supp. 2d at 52 (citing Smith, 194 F.2d at 350). Based upon this reasoning, this Court is empowered to deny Plaintiff's motion, but cannot grant him relief.

II.  **GRANTING PLAINTIFF'S MOTION TO AMEND WOULD SUBSTANTIALLY PREJUDICE DEFENDANT.**

Second, in addition to the jurisdictional hurdle to granting Plaintiff's motion, granting Plaintiff's motion to amend would substantially prejudice the Defendant. Federal Rule of Civil Procedure 15(a) provides that a party may amend "only by leave of court or by written consent

of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "It is within the sound discretion of the district court to decide whether to grant such leave." Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 247 (D.C. Cir. 1987). Denial of leave to amend is proper "if the amendment would result in delay or undue prejudice to the opposing party . . . ." Id. at 247. While "Rule 15(a) provides a party with the opportunity to perfect its initial complaint by strengthening or correcting an original deficiency . . . [l]eave to amend is not, however, a process of metamorphosis." Mississippi Ass'n of Cooperatives v. Farmers Home Admin., 139 F.R.D. 542, 545 (D.D.C. 1991). Thus, leave to amend is properly denied where "the complaint, as amended, would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action." Id. at 544 (citations omitted).

In the current case, Plaintiff's proposed amendment is completely unrelated to his prior complaints. Plaintiff's prior complaints all related to the alleged denial of Plaintiff's requests for information pursuant to the Freedom of Information Act ("FOIA"). Plaintiff's most recently proposed amendment does not appear to invoke the Court's jurisdiction under FOIA;[1] rather Plaintiff is contesting the manner in which the Defendant investigated Plaintiff's allegations, contained in his administrative complaint filed with the agency, of disability discrimination and retaliation, and seeks to challenge the agency's final decision as being "arbitrary and capricious." Pl.'s Mot. at 2. Accordingly, a response to Plaintiff's amended count would require consideration of completely new documents and facts separate from those relating to Plaintiff's prior complaints, thereby resulting in prejudice to the Defendant. See City of Williams v.

---

[1] In fact, Plaintiff does not assert the jurisdictional basis for his amendment.

Dombeck, 203 F.R.D. 10, 12 (D.D.C. 2001) (denying plaintiffs' motion to amend their complaint to add new factual allegations and causes of action where the court had already "resolved the motions for summary judgment and in doing so, ha[d] resolved all currently pending claims in [the] case."); Mississippi Ass'n, 139 F.R.D. at 545 (denying leave to amend, in part, claims distinct from FOIA claims where "the complaint, as amended, would be so different it cannot be said that leave to amend in this case would promote judicial economy.")  (footnote omitted).

As in City of Williams and Mississippi Ass'n, Plaintiff's proposed amendment in this case would "radically shift the scope and nature of the litigation."  Mississippi Ass'n, 139 F.R.D. at 545.  In light of the Court's prior grant of summary judgment to the Defendant and the unrelatedness of the amendment to Plaintiff's prior claims, the Court should deny Plaintiff's motion to amend because it would unduly prejudice the Defendant.

## CONCLUSION

Because this Court lacks jurisdiction to grant Plaintiff's request and, alternatively, because the grant of Plaintiff's request would prejudice the Defendant, Plaintiff's Motion to Amend Petition should be denied.  A proposed Order denying Plaintiff's motion accompanies this memorandum of law.

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/ Michelle N. Johnson

MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139
COUNSEL FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2006, a copy of the foregoing Defendant's Response in Opposition to Plaintiff's Motion to Amend Petition, was delivered via first class mail, postage pre-paid, to:

> Michael West, pro se
> P.O. Box 1935
> St. Charles, MO 63302

> /s/ Michelle N. Johnson
> MICHELLE N. JOHNSON, D.C. BAR # 491910
> Assistant United States Attorney
> 555 4th St., N.W.  Room E4212
> Washington, D.C. 20530
> 202-514-7139

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL WEST,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 05-1441(RMC) |
| | ) | |
| v. | ) | ECF |
| | ) | |
| **ALPHONSO JACKSON, Secretary of the Department of Housing and Urban Development,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

UPON CONSIDERATION of the Plaintiff's Motion to Amend Petition, it is this \_\_\_\_ day of _____, 2006,

ORDERED that Plaintiff's Motion to Amend Petition is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Michael West, pro se
P.O. Box 1935
St. Charles, MO 63302

Michelle Johnson
Assistant U.S. Attorney
555 Fourth Street
Room E4212
Washington, DC 20530