RECEIVED
JAN 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,                )
                             )
          Plaintiff,         )
v.                           )  Case No. 05-1441(RMC)
                             )
ALPHONSO JACKSON, Secretary of the )
Department of Housing and Urban )
Development,                 )
                             )
          Defendant.         )

### REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND PETITION

COMES NOW Plaintiff Michael West, *pro se*, and pursuant to Federal Rules of Civil Procedure 15, moves the Court with reply to defendant's response in opposition to plaintiff's motion to amend petition. In support of this motion, Plaintiff states that:

1. The Defendant states that this court should deny Plaintiff's motion to amend petition for two reasons: (1) this court lacks jurisdiction, and (2) granting Plaintiff's motion would substantially prejudice the Defendant. D's Response in opposition to plaintiff's motion to amend petition ("Response"), p. 1.

### DISTRICT COURT HAS JURISDICTION TO GRANT PLAINTIFF'S MOTION

2. First, the Defendant misstates the record evidence by claiming that "[t]he filing of a notice of appeal ... 'confers jurisdiction on the court of appeals and divest the district court of control over those aspect of the case involved in the appeal.'" (Citation omitted). Response, p. 2.

3. Here, in contrast, the Plaintiff has provided fair notice to both this district court

and the court of appeals that this particular case is not presently being appealed. *See* Plaintiff's Declaration and Reply to Appellee's Motion for Summary Affirmance, ¶ 3, p. 1; and Plaintiff's Rule 56(f) Declarations in Support of Discovery.

4. As may be applicable here, RULE 15(b) FED R. CIV. PRO., in relevant part, provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, *even after judgment*; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence (emphasis added). *Id.*

5. Since "the filing of the instant Petition, new evidence that was not previously available supports an amendment to this civil cause of action." Plaintiff's Motion to Amend, ¶ 3, p. 1.

6. The proffered Defendant's Final Report, dated Nov. 09, 2005 reflects that its subordinate agency completed an underlying investigation concerning, in part, the instant Plaintiff. Final Report, "Q6." & "A.", p. 11 of 21.

7. In turn, the instant Plaintiff appealed the findings and conclusion of this administrative agency because, as in the first HUD investigation, the Defendant once again discriminated against based on disability or used "perjured or otherwise false evidence" to unfairly process and close its investigation. Ltr. to HUD from West, dated Feb. 14, 2006, "Material misrepresentation to government investigators," pp. 1-3.

2

8. In the instant case before this court, the Defendant is claiming FOIA "Exemption 3" for denying Plaintiff's access to the prior investigation materials that had been undisputedly closed for over a year. *See* Defendant's memorandum in support of defendant's motion for summary judgment, p. 12. *Compare* West's FOIA requests and appeal, e.g., "provide any and all NECAC correspondence that was directly responsive to applicant's 'reasonable accommodations' requests of December 4, 2004." West's FOIA Request, dated Aug. 29, 2005.

9. In part, the amended complaint and proffered Final Report material evidence is inextricably intertwined to the original civil case action because the Defendant maintains that the earlier materials are now protected even though the underlying investigation conducted by NECAC had been completed and closed for over a year.

10. Nonetheless, the Final Report materials are both recent and relevant to the Defendant's instant claim for Exemption 3. Here, it was the Defendant that raised this affirmative exemption defense, not the Plaintiff.

11. Moreover, to date, the Defendant has not satisfactory provided to this court as to how the admission of this new evidence - that was not available when Plaintiff originally filed the instant FOIA case - would actually prejudice its defense on the merits. *See* Rule 15(b), *supra*. Here, the amended complaint materials are not new to the Defendant but remain under his custody, control, maintenance, or supervision. *See* Final Report, dated Nov. 9, 2005. As a result, substantial discovery would not be required if the complaint is amended.

12. As such, there may be no prejudice to the Defendant because as appears to the Plaintiff, the Defendant is actively attempting to play "hide-the-ball" from this district

3

court. *See also* Plaintiff's Rule 59(e) motion.

13. In light of the pending Rule 59(e) motion, the district court may permit an amendment to complaint. FDIC v Weise Apartments--44457 Corp. (2000, SD NY) 192 FRD 100, magistrate's recommendation (2000, SD NY) 2000 US Dist LEXIS 11998. *See also* West's Declarations for Rule 56(f) discovery.

14. In sum, after reviewing the original complaint to the motion to amend, the interest of justice may be best served by resolving all rights and liabilities existing between parties in one law suit. Here, the present motion to amended complaint and material evidence deals with the same area of discrimination as that in the original complaint -- physical disability discrimination. *See* Doc. 2, "Complaint," p. 1 (2005).

15. Furthermore, the Defendant is not prejudiced since he had known about the proffered HUD Final Report for several months. And the brief delay encountered by exhausting administrative remedy provided Plaintiff with sufficient evidence on which to base claim. In either case, 28 U.S.C. § 1361 may provide additional original jurisdiction with respect to the original complaint and the present motion to amend.

## GRANTING MOTION TO AMEND WOULD NOT SUBSTANTIALLY PREJUDICE DEFENDANT

16. Second, as illustrated above, the Defendant's unfair litigation practice of playing "hide-the-ball" would not substantially prejudice defendant since the Defendant is the responsible party that is claiming FOIA Exemption 3.

17. For reasons unknown to Plaintiff, the Defendant invoked Rule 15(a), FED R. CIV. PRO. Was this because the Defendant's motion for summary judgment is not a responsive pleading with consideration to Rule 15(a) amendments? *See* Ohio Casualty

Ins. Co. v Farmers Bank of Clay (1949, CA6 Ky) 178 F2d 570.

18. In contrast, here Rule 15(a) may allow Plaintiff to amend complaint. Harger v Talley (2005, DC Nev) 96 AFTR 2d 5303 (pro se litigants should be given opportunity to amend his or her complaint); Beaudett v City of Hampton (1985, CA4 Va) 775 F2d 1274, cert den (1986) 475 US 1088, 89 L Ed 2d 729, 106 S Ct 1475 (District Court should give pro se litigant benefit of liberally construed complaint, in spirit embodied in Rules 8(f) and 15, where subsequent proceedings reveal that ambiguous fragments in complaint represent heart of litigant's concern; where context makes clear litigant's essential grievance, complaint's additional invocation of general legal principles need not detour District Court from resolving that which litigant himself has shown to be his real concern.) To date, no discovery had yet been conducted. Liberty Mut. Ins. Co. v Hurricane Logistics Co. (2003, DC Dist Col) 216 FRD 14.

19. However, Plaintiff also relies on Rule 15(b) to conform to the evidence with respect to Defendant's raised affirmative defense of FOIA Exemption 3. *Supra.* IES Indus. v United States (2003, CA8 Iowa) 349 F3d 574, 2003-2 USTC P 50727, 57 FR Serv 3d 206, 92 AFTR 2d 7038. By Defendant's act of raising this Exemption 3 defense above it may be reasonable to infer that the Defendant implicitly or expressly consented to an amendment to conform to the evidence under Rule 15(b).

20. Alternatively, since the Defendant set forth and raised the issue of FOIA Exemption 3 within its Answer, Plaintiff should be reasonably permitted to provide his counter-claim/defense to that claim under any permissible rules of this court, including but not limited to Rule 15 *et. seq*, FED R. CIV. PRO.

21. Here, the Defendant stated that "Plaintiff's proposed amendment is completely

5

unrelated to his prior complaint." Response, p. 3. When considering the raised affirmative defense(s) by the Defendant in the present action, the Defendant's claim may be considered as frivolous because it is false, misleading, or untrue as illustrated below.

22. Rule 15(b) provides that "the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved." *Id.*

23. Rule 15(c)(2) provides that "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id.* Due to exhaustion of administrative remedies requirement, the amended complaint and proffered evidence materials were still being reconsidered by Defendant; thus reasonably precluded from being set forth in the original pleadings.

24. In plaintiff's present motion to amend, it may satisfy the "arising out of the conduct" condition of Rule 15(c), as further illustrated by the Defendant's practice of not providing "honest government" services.

25. Notwithstanding, the court may grant leave to amend under Rule 15(d).

26. Here, Rule 15(d) provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor. *Id.*

27. To date, the Defendant has not satisfactorily demonstrated as to how the proffered amended complaint and Final Report material evidence – materials that the Defendant maintained but did not timely disclose to Plaintiff – are not inextricably intertwined nor

6

related to its raised exemption defense in the underlying civil case. *See* ¶¶ 32-35, below.

28. Additionally, the Final Report evidence may also be used to reflect that NECAC conducted a prior investigation with respect to Plaintiff's prior request for all materials used in support of the prior HUD adverse agency decision. *Compare to* West's FOIA Request, dated Aug. 29, 2005, ¶10, p.1 ("As part of due process, a written appeal was filed with Ms. Nelva Owens requesting any and all credible evidence in support of the adverse agency action taken against me.")

29. Notwithstanding, the Defendant's reliance on *City of Williams* and *Mississippi Ass'n* may be distinguished or misplaced because by allowing amendment it may promote judicial economy since a new civil action would, more likely than not, follow in the event the amended petition was denied.

30. Here, contrary to Defendant's reliance on *City of Williams* and in light of the pending declarations for Rule 56(f) motions for discovery, *Celotex* may provide clear support for this court suspending the prior summary judgment order. *See* West's Second Decl., ¶ 23, p. 4.

31. Besides, the Defendant cannot reasonably raise a statute of limitations defense to the proposed amended complaint and evidence especially in light of the fact that the Defendant, again, does not regularly follow his own regulations and the fact that the present issues are *now* ripe for this court's review (emphasis added). 24 C.F.R. 103.203(b); *See* West's Decl. May 2006.

32. Upon information and belief, this is a Defendant that would be first to claim defense that Plaintiff failed to exhaust administrative remedies had the Plaintiff failed to first allow the Defendant to review and act upon Plaintiff's reconsideration appeal…

before requesting the instant amended petition. See Doc. 13, D's Answer, p. 4.

33. However, the proffered new material evidence reflects that Plaintiff may have reasonably exhausted administrative remedies before requesting leave to file the instant amended complaint. See Ltr. to HUD from West, dated Feb. 14, 2006.

34. The proffered Final Report materials also reaffirm the fact that Plaintiff filed his original administrative complaint under Section 504, despite Defendant's claimed affirmative defense Exemption 3 that the Fair Housing Act investigation precluded release of identified materials within HUD's possession. Final Report, "Determination," p. 1 of 9 (The complainant alleges violations of Section 504 of the Rehabilitation Act; and the American with Disabilities Act of 1990.)

35. Additionally, the proffered evidentiary materials support the fact that the underlying complaint was a Section 504 complaint. See Ltr. to HUD from West, dated Feb. 14, 2006, p. 1 (Material misrepresentation and amended physical disability discrimination complaint under 28 CFR Part 35).

36. Remarkably, the Defendant failed to provide this court with a copy of any alleged Fair Housing Complaint. As such, Plaintiff was prejudiced because he could not previously meet this evidence because the Defendant continues sand-bagging this court and plaintiff, as well as playing hide-the-ball above. See Plaintiff's Rule 59(e) motion.

37. In short, contrary to Franklin's Declaration, there was no evidence of NECAC's discriminatory practices of failing to rent because this agency is/was "not a landlord." Final Report, "Determination," p. 1 of 9.

38. Additionally, the Defendant fails to mention the fact that the original civil case may have also been premised on the "Administrative Procedure Act" or "All Writs Act"

or "28 U.S.C. § 1361" to invoke this court's jurisdiction. Doc. 13, D's Answer, ¶ 2, p. 1.

39. Remarkably, the amended complaint and evidence may provide this court with additional background information which may be relevant to the underlying civil case. *See* Newman v Zinn (1947, CA3 NJ) 164 F2d 558. In contrast, in the event that amendment will change nature of cause of action, or legal theory of action, is of itself immaterial to decision whether Rule 15 should be applied. Crane Co. v American Standard, Inc. (1980, SD NY) 88 FRD 199.

40. Additionally, the amended complaint relief that Plaintiff requests with respect to the underlying civil case may be similar, e.g., declatory relief.

41. And significantly, the amended petition and new evidence represent the similar discriminatory, arbitrary and capricious practices of the original action because this is the same Defendant that does not follow his own procedures, involve common issues of fact pertaining to disability discrimination, and grow out of the same repeated, prejudicial events or transactions that may violate due process as guaranteed by the Fourteenth Amendment to the United States Constitution. *Cf.* LCvR 40.5.

42. In sum, Plaintiff continues contesting the manner in which Defendant operates…a manner that prejudices this Plaintiff because Plaintiff may be entitled to "honest government" services. *See United States v. Williams*, 441 F.3d 716 (9th Cir. 2006).

43. Because the relatedness of the amended complaint evidence to the present civil case may be sufficient to conclude that these materials may be directly related to the Defendant's claimed FOIA Exemption 3 defense or Plaintiff's defense to this exemption, or both, in such a manner that even if *City of Williams* were applicable here that there is "no radical shift [in] the scope and nature of the litigation" for this court to grant

Plaintiff's motion to amend. Response, p. 4. There is no evidence of Plaintiff's failure to cure any defect made known by the court. The proffered evidence reflects that the delay in filing this amendment may be fairly assessed against Defendant for Defendant's failure to timely provide Plaintiff with due process from the outset in processing Final Report reconsideration appeal materials evidence before this district court's set deadlines for motions to amend.

44. Because of the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, futility of amendment or undue prejudice, this court should grant Plaintiff's motion to amend complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Caribbean Broad. Sys., Ltd. v. Cable &Wireless P.L.C., 148 F.3d 1080, 1083 (D.C. Cir. 1998); Atchinson v.District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996) (concluding that a court should take into account the actions of other parties and the possibility of resulting prejudice when considering a request for leave to amend).

## CONCLUSION

For these reasons, the court should freely grant Plaintiff's motion.

Respectfully submitted,

*[signature]*

Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was placed in the U.S. mail, first class, on this 21st day of December 2006, to:

Michelle Johnson
AUSA
555 4th St., N.W. Room E4212
Washington, D.C. 20530