UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 05-1441(RMC) |
| ) | |
| v. ) | ECF |
| ) | |
| ALPHONSO JACKSON, Secretary of the ) | |
| Department of Housing and Urban ) | |
| Development, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S "TEMPORARY PLACEHOLDER RULE 60(b) MOTION BASED UPON DEFENDANT'S FRAUD PRACTICE"**

Defendant Alphonso Jackson, by and through the undersigned counsel, hereby files his Response in Opposition to Plaintiff's "Temporary Placeholder Rule 60(b) Motion Based Upon Defendant's Fraud Practice" ("Pl.'s Mot."). Plaintiff contends that he is filing this motion as a "temporary placeholder" because Rule 60(b) provides a "one year statute of limitations period . . . ." and plaintiff wants to ensure that he "preserve[s] [his] fair use and benefit of Rule 60(b)." Pl.'s Mot. ¶ 8. The Court should deny Plaintiff's motion for several reasons:

First, this action is currently pending before the United States Court of Appeals for the District of Columbia Circuit and therefore this Court lacks jurisdiction to entertain plaintiff's motion. See LaRouche v. United States Dep't of Treasury, 112 F. Supp. 2d 48, 52 (D.D.C. 2000) ("The filing of a notice of appeal . . . 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'"). This Court granted defendant's motion for summary judgment on September 15, 2006. Plaintiff filed a

notice of appeal on the same date. [Docket No. 28]. Thereafter, plaintiff filed a motion for reconsideration, [docket no. 29], which the Court denied on March 12, 2007. Plaintiff filed a notice of appeal regarding the Court's denial of his motion for reconsideration on April 9, 2007. [Docket No. 40]. Accordingly, this Court no longer has jurisdiction to entertain plaintiff's most recent motion, notably because he is not seeking affirmative relief under Rule 60(b).[1] See, e.g., Building Indus. Ass'n v. Babbitt, 70 F. Supp. 2d 1, 3 (D.D.C. 1999) (court held that it lacked jurisdiction to render a decision regarding plaintiffs' motion to amend the judgment or, alternatively, to amend the complaint, where a notice of appeal had been filed).

Second, plaintiff has previously presented these allegations of fraud to the Court and they were rejected. Plaintiff continues to allege that "defendant's attorney's [sic] are withholding adverse documentary evidence pertaining to defendant's HUD representative Mr. Turner Russell." Pl.'s Mot. ¶ 3. Plaintiff contends that this alleged evidence "will show that the defendant's [sic] unfairly obtained the Court's dismissal Order by material misrepresentations and fraud." Id. ¶ 5. These arguments were made previously in plaintiff's "Motion to Amend" (docket no. 29). Plaintiff offers no reason why this Court should agree to reconsider these arguments, which were previously rejected, at a later date.[2]

---

[1] While a district court may, for example, "consider [a] 60(b) motion" while appellate review is pending, "if the District Court indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted." Hoai v. Vo, 935 F.2d 308, 312 (D.C. Cir. 1991) (citations omitted).

[2] Notably, plaintiff indicates that he has filed a subsequent FOIA action in which he has requested "the improperly [sic] Turner Russell documentary materials . . . ." Pl.'s Mot. ¶ 4 (citing West v. Jackson, Civil Action No. 07-727 (RMC)). As plaintiff has a separate matter that is pending before this Court he can, therefore, assert any allegations to the Court in that action at the proper time.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that Plaintiff's "Temporary Placeholder Rule 60(b) Motion Based Upon Defendant's Fraud Practice" be denied.

        Respectfully submitted,

        /s/ Jeffrey A. Taylor
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        /s/ Rudolph Contreras
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        /s/ Michelle N. Johnson
        MICHELLE N. JOHNSON, D.C. BAR # 491910
        Assistant United States Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, N.W. – Room E4212
        Washington, D.C. 20530
        (202) 514-7139

        **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2008, a copy of the foregoing Defendant's Response in Opposition to Plaintiff's Temporary Placeholder Rule 60(b) Motion Based Upon Defendant's Fraud Practice, was delivered via first class mail, postage pre-paid, to:

>Michael West, pro se
>P.O. Box 1935
>St. Charles, MO 63302

>/s/ Michelle N. Johnson
>MICHELLE N. JOHNSON, D.C. BAR # 491910
>Assistant United States Attorney
>555 4th St., N.W.  Room E4212
>Washington, D.C. 20530
>202-514-7139

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL WEST,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **ALPHONSO JACKSON, Secretary of the** ) <br> **Department of Housing and Urban** ) <br> **Development,** ) <br> ) <br> Defendant. ) <br> ) <br>  ) | Civil Action No.: 05-1441(RMC) <br><br> ECF |

## ORDER

UPON CONSIDERATION of the Plaintiff's Temporary Placeholder Rule 60(b) Motion Based Upon Defendant's Fraud Practice, it is this _____ day of _____, 2008,

**ORDERED** that Plaintiff's Motion is hereby **DENIED.**

_____
UNITED STATES DISTRICT JUDGE