UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL WEST, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1441 (RMC) |
| ALPHONSO JACKSON, Secretary, Department of Housing and Urban Development, | ) ) ) ) ) | |
|     Defendant. | ) ) | |

**ORDER**

Michael West, proceeding pro se, asserts a motion to alter or amend judgment under Rule 60(b) after the D.C. Circuit affirmed the district court's ruling, which granted summary judgment to Defendant in this action. Because Mr. West cites no intervening circumstance which would necessitate amendment of the judgment, his motion will be denied.

Mr. West filed this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, appealing the disposition of his requests for records from the Department of Housing and Urban Development ("HUD"). On September 15, 2006, the Court granted summary judgment in favor of HUD. Plaintiff filed a notice of appeal on the same day. Mr. West then filed an untimely motion for reconsideration[1] (filed on October 13, 2006) and motion to amend his complaint (filed

---

[1] Rule 59(e) provides that "[a]ny motion to alter or amend a judgment *shall* be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added). This language is mandatory: "District courts do not have even the customary discretion given by [Rule] 6(b) to enlarge the Rule 59(e) period." *Derrington-Bey v. D.C. Dep't of Corrections*, 39 F.3d 1224, 1225 (D.C. Cir. 1994).

on November 27, 2006). The Court denied these motions for lack of jurisdiction due to the pending appeal. *See* Order filed March 12, 2007 [Dkt. #38] (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *LaRouche v. U.S. Dep't of Treasury*, 112 F. Supp. 2d 48, 52 (D.D.C. 2000)).

On March 6, 2007, the D.C. Circuit issued a summary affirmance of this Court's opinion and order granting summary judgment, *see West v. Jackson*, No. 06-5281 (D.C. Cir. Mar. 6, 2007) (per curiam). The mandate was issued on June 1, 2007.

At this juncture, Mr. West seeks to alter or amend the Court's September 15, 2006 judgment — the judgment that was affirmed on appeal — pursuant to Federal Rule of Civil Procedure 60(b). Because the appellate proceedings have concluded, the Court has jurisdiction to entertain Mr. West's Rule 60(b) motion. *After* appeal proceedings have concluded, the district court may entertain a Rule 60(b) motion. *Standard Oil Co. of Calif. v. U.S.*, 429 U.S. 17, 18 (1976). The district court is not free to reopen issues that the appellate court has "laid to rest," *U.S. v. Cato Bros., Inc.*, 273 F.2d 153, 157 (4th Cir. 1959), but the court may consider intervening circumstances. *SEC v. Advanced Growth Capital Corp.*, 539 F.2d 649 (7th Cir. 1976).

Rule 60(b) permits motions for relief from a judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment."[2] Fed. R.

---

[2] Rule 60(b)(6) permits the amendment of a judgment for "any other reason justifying relief from the operation of the judgment." This catch-all provision gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. U.S.*, 335 U.S. 601, 614-15 (1949), but it should be applied only in extraordinary circumstances, *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (citing *Ackermann v. U.S.*, 340 U.S. 193, 199 (1950)).

Civ. P. 60(b). Mr. West asserts a claim under Rule 60(b)(3), alleging that HUD obtained the September 15, 2006, judgment by fraud by withholding adverse documentary evidence pertaining to HUD representative Turner Russell. He further notes that he requested the allegedly improperly withheld documents and his FOIA request is the subject of another case before this Court, *West v. Jackson*, No. 07-727. On March 10, 2008, the Court granted summary judgment in favor of HUD. *West v. Jackson*, No. 07-727, Mem. Op. (Mar. 10, 2008). The Court's ruling relied on HUD affidavits indicating both that HUD conducted a reasonable and adequate search for documents requested by Mr. West and that all documents located were released to Mr. West. *Id*. at 9-10. As required by FOIA law, the Court accorded HUD's declarations "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted).

In order to prevail in an action asserting fraud under Rule 60(b)(3), the moving party must establish fraud or misconduct, and resulting actual prejudice, by clear and convincing evidence. *Johnson v. Holway*, No. 03-2513, 2006 WL 3201877, at *1 (D.D.C. Nov. 6, 2006). The burden of proof is high because public policy supports protecting the finality of judgments. *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004). "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann*, 340 U.S. at 198. Mr. West has pointed to no evidence whatsoever in support of his claim of fraud. He merely speculates that documents exist that reveal fraud by HUD. Such speculation cannot rebut the presumption of good faith accorded to HUD's declarations. *See West v. Jackson*, No. 07-727, Mem. Op. at 9-10 (citing *SafeCard*, 926 F.2d at 1200) (Mar. 10, 2008). Moreover, Mr. West has not

alleged any intervening change in circumstances that would necessitate the Court's reconsideration of its September 15, 2006 judgment.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to amend or alter judgment under Federal Rule of Civil Procedure 60(b) [Dkt. #42] is **DENIED**.

**SO ORDERED**.

                                                    _____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE:  March 10, 2008